# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| RILEY GAINES, *et al.* )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>NATIONAL COLLEGIATE )<br>ATHLETIC ASSOCIATION, *et al.* )<br>)<br>Defendants. ) | Case No. 1:24-cv-01109-MHC |

## PLAINTIFFS' MOTION TO EXTEND TIME TO RESPOND TO THE MOTION FOR PERMISSIVE INTERVENTION OF THE NATIONAL WOMEN'S LAW CENTER

Plaintiffs, Riley Gaines, *et* al. (collectively "Plaintiffs") by counsel, move the Court to extend by thirty (30) days the time in which Plaintiffs may respond to the Motion for Permissive Intervention ("Motion for Permissive Intervention") filed by the National Women's Law Center ("NWLC") and state as follows:

1. The NWLC's Motion for Permissive Intervention was filed on May 6, 2024, and Plaintiffs' deadline to respond is currently May 20, 2024, which time has not expired.

2. The Court has recently granted the second 30-day extension of time for Defendants, National Collegiate Athletic Association (NCAA), and the University System of Georgia and the members of its Board of Regents, Georgia Tech University, the University of Georgia and Northern Georgia University

(collectively, the "Georgia Defendants") to answer or otherwise respond to the Complaint, which responses are due on June 5, 2024.

3. A primary factual thrust of NWLC's Motion for Permissive Intervention is "anticipatory" in that it asserts as "fact" what the NWLC now merely anticipates: that the NCAA and the Georgia Defendants allegedly may not vigorously defend the NCAA's transgender eligibility policies.

4. The NWLC contends that "the NCAA recently signaled it is reevaluating whether it will continue to permit transgender women and girls to participate *at all* in women's athletics," NWLC Memo of Law, Doc. 36-1, p. 8, citing a April 25, 2024, NCAA media release in which the NCAA stated, "[t]he Board of Governors discussed transgender student-athlete participation. The current policy remains under review," *Id.* at fn. 2 (quoting NCAA press release).

5. The NWLC interprets the foregoing NCAA statement as an indication the NCAA will cease supporting its current transgender eligibility policies and concludes therefore that the NCAA "is not in a position to adequately defend the inclusive policies or the rights of the transgender women at issue in this suit." *Id.* at 8-9.

6. Thus, the NWLC founded its motion for permissive intervention in part on a supposition about a future position the NWLC believes the NCAA Board of Governors may take.

2

7. However, because neither the NCAA, nor the Georgia Defendants, have yet filed their responses to the Complaint, whether they will vigorously defend the NCAA's transgender eligibility policies is not currently known and what the NCAA Board of Governors may do between now and June 5, 2024, when the NCAA files its response to the Complaint is speculative.

8. In about three weeks, however, it is likely that the factual record will be much more developed on these points because at that point all Defendants will have responded to the Complaint.

9. Although the NWLC's alleged basis for permissive intervention is factual and contends in part, that the NCAA will allegedly not vigorously defend its policies, the NCAA press release cited by the NWLC does not actually state that the NCAA will not defend its transgender eligibility policies and the NCAA's response to the Complaint remains to be seen.

10. Therefore, at present the NWLC's contention that the NCAA will not vigorously defend its policies is speculative and more clarity on this point is likely to be provided in the very near future when the NCAA's response to the Complaint is filed.

11. Thus, while the NWLC chose to base its Motion for Permissive Intervention on claims about what it infers may happen in the very near future, this approach is somewhat unfair to Plaintiffs in formulating a factual response,

particularly given the relevance of the NCAA's soon-to-be-filed response to the Complaint and the reasonable unwillingness of the Plaintiffs to speculate about what position(s) the NCAA will take in its response on June 5, 2024.

12. The absence of concrete factual support for one of the NWLC's foundational factual assertions, that the NCAA is allegedly about to change its policies, puts Plaintiffs in a position of being unable at this moment to respond to the NWLC's key claim that the NCAA is changing or is likely to change its policies.

13. Moreover, no position has been taken by the NWLC on the position(s) likely to be taken by the Georgia Defendants and these positions may also be relevant to the Motion for Permissive Intervention.

14. The approach of both the NCAA and the Georgia Defendants is likely to be substantially clarified on or before June 5, 2024, when their answers or responses to the Complaint are filed.

15. Accordingly, at that point, *i.e.*, after June 5, 2024, the Plaintiffs will be in a better position to evaluate and respond to the factual assertions made in the NWLC's Motion for Permissive Intervention.

16. Were the Plaintiffs required to respond to the NWLC's Motion for Permissive Intervention in advance of the filing of answers by the NCAA and the Georgia Defendants, it is substantially likely that after the responses to the

Complaint were filed Plaintiffs would need to ask to file a supplemental response to the NWLC's Motion which takes into consideration the answers filed by the NCAA and the Georgia Defendants.

17. Therefore, to conserve judicial resources by preventing unnecessary additional briefing and in order for the Plaintiffs to be able to adequately respond to the NWLC's factual claims regarding the positions the NCAA *will* take, as well as for the Plaintiffs to consider any relevant impact on the analysis of the positions taken by the Georgia Defendants, the Plaintiffs reasonably require an extension of time to respond to the NWLC's Motion for Permissive Intervention, and move the Court to extend by thirty (30) days the deadline for Plaintiffs to respond to NWLC's Motion for Permissive Intervention to June 19, 2024, which is fourteen (14) days after the answers or other responses of the NCAA and the Georgia Defendants are expected to be filed in this case.

18. The extension requested is in the interest of justice as it will allow Plaintiffs adequate time to prepare a full and complete response and permit the issues to be briefed for the Court as concisely as possible and is not interposed for purposes of delay.

19. Plaintiffs contacted counsel for the NWLC and the NWLC objects to the extension of time requested by Plaintiffs.

20.     Plaintiffs contacted counsel for the NCAA and the Georgia Defendants regarding the requested extension but have not heard back yet as to whether either Defendant will take a position on the Plaintiffs' request for a 30-day extension.

WHEREFORE, Plaintiffs respectfully request that the time in which they may respond to the NWLC's Motion for Permissive Intervention be extended to and including June 19, 2023, with NWLC's reply due on July 3, 2024.

*(Signature on following page)*

Respectfully submitted this 15th day of May, 2024.

/s/ *William Bock III*
William Bock III, Atty. No. 14777-49[1]
Kevin D. Koons, Atty. No. 27915-49[2]
Kroger Gardis & Regas, LLP
111 Monument Circle, Suite 900
Indianapolis, IN 46204
Tel: (317) 692-9000
Fax: (317) 264-6832
E-mail:   wbock@kgrlaw.com
Email:   kkoons@kgrlaw.com

/s/ *Bryan P. Tyson*
Bryan P. Tyson, Ga. Bar No. 515411
Thomas C. Rawlings, Ga. Bar No. 595795
Deborah A. Ausburn, Ga. Bar No. 028610
Taylor English Duma LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Tel: (770) 434-6868
Fax: (770) 434-7376
E-mail: btyson@taylorenglish.com
E-mail: trawlings@taylorenglish.com
E-mail: dausburn@taylorenglish.com

ATTORNEYS FOR PLAINTIFFS

---

[1] Pro Hac Vice.
[2] Pro Hac Vice.

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, counsel certifies that the foregoing was prepared in Times New Roman, 14-point font, in compliance with Local Rule 5.1C.

*/s/ Bryan P. Tyson*
Bryan P. Tyson
Georgia Bar No. 515411

Attorney for Plaintiffs