Case 1:24-cv-01109-MHC   Document 62-12   Filed 06/19/24   Page 1 of 7

# EXHIBIT 12

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RILEY GAINES, *et al.* | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:24-cv-01109-MHC |
| | ) |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, *et al.* | ) |
| | ) |
| Defendants. | ) |

## DECLARATION OF MAY MAILMAN

I, May Mailman, declare as follows:

1. I am a resident of the United States, an adult over the age of eighteen, and am competent to testify and have personal knowledge of the facts stated in this declaration.

2. I am the Director of Independent Women's Law Center (IWLC) and senior legal advisor of Independent Women's Network (IWN).

3. IWLC is a project of Independent Women's Forum, a nonprofit, nonpartisan 501(c)(3) organization founded by women to foster education and debate on legal, social, and economic policy issues. IWLC supports this mission by advocating—in the courts, in Congress, and before administrative agencies—for freedom of expression, equal opportunity, and individual liberty, especially on matters of concern to women.

4. IWN is a project of Independent Women's Voice in partnership with Independent Women's Forum. IWN, an association of women, provides members access to interesting articles, networking opportunities, and resources to fight for the causes they're passionate about.

5. IWLC and IWN are plaintiffs in *Alabama v. Cardona*, No. 7:24-cv-533-GMB (N.D. Ala.). In that litigation, IWLC and IWN argue in favor of preserving sex-based protections under Title IX, including on athletic teams and in locker rooms.

6. IWLC and IWN have also spent substantial time and resources defending the presently operative Title IX rule. IWLC intervened in *Pennsylvania v. Devos* to defend the rule, promulgated in 2020, *see* Minute Order, No. 1:20-cv-01468 (D.D.C. July 6, 2020), and the court upheld that rule as lawful, 480 F. Supp. 3d 47 (D.D.C. 2020). IWLC also helped defeat proposals to delay the rule's effective date. *See* IWLC & Speech First, Letter to Secretary DeVos and Assistant Secretary Marcus (Apr. 9, 2020), perma.cc/4ME3-43CS. And IWLC filed multiple comments in response to the Department's notice of proposed rulemaking to repeal the 2020 rule. *Comment Regarding Free Speech Concerns with Proposed Rule Redefining Unlawful Harassment under Title IX*, IWLC & IWF (Sept. 12, 2022), perma.cc/756B-UN6B; *Comment Regarding Lack of Due Process and Fundamental Fairness in Proposed Title IX Rule*, IWLC & IWF (Sept. 12, 2022), bit.ly/4dlfDvY;

*Comment Regarding the Separation of Powers and Constitutional Violations in the Department of Education's Proposed Title IX Rule*, IWLC & IWF (Sept. 12, 2022), bit.ly/3Ux9ohf; *Comment Regarding Parental Rights Affected by Proposed Title IX Rule*, IWLC & IWF (Sept. 12, 2022), bit.ly/3Uw6WHu; *Comment Regarding Implications of the Department of Education's Proposed Title IX Rule*, IWLC & IWF (May 15, 2023), perma.cc/H54T-SHVN.

7. IWN has a robust membership across the United States, including members who are students at colleges and universities. Many of these members are current athletes for their colleges.

8. IWN's members do not want to compete against biological males in their sports, as they believe that allowing males to compete in women's sports is unfair and unsafe.

9. Nor do they want to compete with biological males on their teams, as they or one or more of their female teammates would lose a roster spot, playing time, opportunities to compete, access to resources, and, in some cases, awards and potential scholarships. They believe that allowing males to take athletic opportunities, resources, and awards from female athletes is wrong and even discriminates against females in violation of Title IX.

10. IWN's members do not believe that biological males should be able to share traditionally female-only spaces with women, such as locker rooms and other

sensitive spaces. IWN's members believe such policies impinge on their privacy interests in using locker rooms away from the opposite sex and in shielding their bodies from the opposite sex. Individuals have a privacy interest when their nude or partially nude bodies are exposed to others, especially when persons of the opposite sex are present. Allowing males into female-only spaces puts women's safety at risk and has the potential to harm them mentally, emotionally, and psychologically.

11. IWN's members do not want to share locker rooms or other sensitive spaces with biological males, and they do not consent to such practices. IWN's members believe that a school that forces female athletes to undress in front of naked male athletes without their consent has committed unlawful sexual harassment in violation of Title IX.

12. Due to our interest in women's educational opportunities, IWLC and IWN have become aware of the Motion to Intervene filed by the National Women's Law Center (NWLC).

13. NWLC asserts a general interest in "the equality of women and girls" and "the proper interpretation of Title IX and the Equal Protection Clause." NWLC Memorandum, ECF No. 36-1, p. 17 of 32.

14. But just like NWLC, IWLC and IWN regularly litigate the proper interpretation of Title IX, contribute to public debate on Title IX, advocate for the equality and existence of women, testify before Congress and state legislative

bodies, and seek to influence the NCAA, the U.S. Department of Education and other regulatory bodies.[1]

15. IWLC and IWN have "deep subject-matter expertise" regarding Title IX and the Equal Protection Clause, *cf.* NWLC Memorandum, ECF No. 36-1, p. 20 of 32, and have shown dedication "to the advancement and protection of the legal rights of women and girls, and the right of all persons to be free from sex discrimination," *cf. id*. at 19 of 32.

16. Permitting NWLC's motion to intervene would improperly assign NWLC as the voice and resource on women's issues without basis, particularly given IWLC and IWN's advocacy in the same fields.

17. NWLC's claim to a common "defense" with the NCAA is its "substantial and longstanding interest in advocating for the equality of women and girls" and "strong interest in the proper interpretation of Title IX and the Equal Protection Clause." NWLC Memorandum, ECF No. 36-1, p. 17 of 32. That interest

---

[1] *See, e.g.*, May Mailman Testimony before the U.S. House Judiciary Committee (July 27, 2023), *available at* https://judiciary.house.gov/sites/evo-subsites/republicans-judiciary.house.gov/files/evo-media-document/mailman-testimony.pdf; Paula Scanlan Testimony before the U.S. House Judiciary Committee, *available at* https://judiciary.house.gov/sites/evo-subsites/republicans-judiciary.house.gov/files/evo-media-document/scanlan-testimony.pdf; Kim Russell Testimony before the U.S. House Oversight and Accountability Committee, *available at* https://oversight.house.gov/wp-content/uploads/2023/12/Testimony-Russell.pdf; *Independent Women's Forum Joins U.S. Senators For Take Back Title IX Roundtable On Capitol Hill*, Independent Women's Forum, https://www.iwf.org/2024/03/12/independent-womens-forum-joins-u-s-senators-for-take-back-title-ix-roundtable-on-capitol-hill/; *Title IX Resource Center*, Independent Women's Forum, https://www.iwf.org/title-ix-resource-center/; *Competition Report*, Independent Women's Forum, https://www.iwf.org/competition-report/.

(shared with IWLC and IWN), does not mean NWLC is capable of being a defendant in this, or any, Title IX case given that it does not take federal education funding or govern institutions that do.

18. If NWLC were granted leave to intervene in this case, it is likely that IWLC and IWN would also be interested in intervening in this case as a party.

19. The NWLC does not adequately represent IWLC or IWN's interests or the interests of the many women and girls these organizations represent. Nor does the NCAA or any other party represent IWLC or IWN's interests in these important issues.

20. Thank you for considering this testimony from IWLC and IWN.

I declare under the penalties of perjury under the laws of the United States of America that the foregoing representations are true and correct.

Executed on  13/06/24 , 2024.

*May Mailman*
May Mailman (Jun 13, 2024 08:56 EDT)
May Mailman

6