UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RILEY GAINES, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 1:24-cv-01109-MHC |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, *et al.*, | ) |
| Defendants. | ) |

## NCAA'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS

The National Collegiate Athletic Association ("the NCAA") does not oppose the relief that Plaintiffs seek in their proposed order: allowing Plaintiffs Swimmer A and Track Athlete A to proceed anonymously in public filings and proceedings. The NCAA previously agreed to that relief in communications with Plaintiffs *before* they filed their motion.

Federal Rule of Civil Procedure 10(a) sets the baseline that "the complaint must name all the parties." But a party may proceed anonymously "by establishing a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *In re Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020) (citation and internal quotation

marks omitted). "Parties may use fictitious names only in exceptional cases." *Id.* (citation and internal quotation marks omitted).

In deciding whether a case is an exceptional one, "a court should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id.* (citation and internal quotation marks omitted). Among the factors that a court may consider are "whether the party seeking anonymity (1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." *Id.* at 1247 n.5 (explaining that those factors "in reality" are not a "'first' step," but "are merely a few of the many factors that a court must consider"). The NCAA will defer to and abide by the Court's decision as to whether Plaintiffs have carried their burden to be relieved of the requirements of Rule 10(a).

Given that Plaintiffs' motion appears to request other relief not set forth in their proposed order and not otherwise discussed in their motion, the NCAA reserves all rights to oppose any proposed obligations or restrictions relating to pseudonyms that could hinder its defense of this litigation, including protective order terms that are logistically onerous, would infringe on work product protections, or would otherwise undermine the NCAA's ability to engage in discovery. The NCAA also

reserves the right to withdraw consent to pseudonyms and oppose any subsequent attempt by Plaintiffs to meet their burden to be relieved of the requirements of Rule 10(a). *See In re Chiquita Brands*, 965 F.3d at 1250 (burden falls on pseudonymous party after withdrawal of consent).

Respectfully submitted this 2nd day of July, 2024.

                ALSTON & BIRD LLP

                */s/ Cari K. Dawson*
                Cari K. Dawson
                Georgia Bar No. 213490
                cari.dawson@alston.com
                Christopher C. Marquardt
                Georgia Bar No. 471150
                chris.marquardt@alston.com
                John E. Stephenson, Jr.
                Georgia Bar No. 679825
                john.stephenson@alston.com

                One Atlantic Center
                1201 West Peachtree Street
                Atlanta, GA 30309
                Phone: (404) 881-7000
                Fax: (404) 881-7777

                *Counsel for Defendant National Collegiate Athletic Association*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, I hereby certify that this brief has been prepared in Times New Roman, 14-point font, one of the font and point selections approved by this Court in Local Rule 5.1C.

*/s/ Cari K. Dawson*
Cari K. Dawson

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of the filing to all counsel of record.

This 2nd day of July, 2024.

*/s/ Cari K. Dawson*
Cari K. Dawson