IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RILEY GAINES, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>NATIONAL COLLEGIATE<br>ATHLETIC ASSOCIATION, et al.,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO. 1:24-CV-1109-MHC |

### ORDER

Plaintiffs filed their Amended Complaint for Damages, Declaratory, Equitable, and Class Relief ("Am. Compl.") [Doc. 64] on June 26, 2024, alleging that the National Collegiate Athletic Association ("NCAA")'s Transgender Eligibility Policies and the implementation of those policies by one or more individuals or universities that comprise the University System of Georgia violate Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), and the Equal Protection Clause of the Fourteenth Amendment. See generally Am. Compl.

Presently before the Court is Plaintiffs' Motion for Leave to Proceed Under Pseudonyms ("Pseudonym Mot.") [Doc. 58], in which Plaintiffs Swimmer A and Track Athlete A (the "Doe Plaintiffs") seek permission to proceed under

pseudonyms throughout this lawsuit because they have reasonable fear of "backlash, stigma, and reprisals on the college campuses and communities where they study, work, and reside if it became publicly known that they were taking a position on this issue." Br. in Supp. of Pls.' Mot. to Proceed Under Pseudonyms ("Pseudonym Br.") [Doc. 58-1] at 1-2. Defendant NCAA and putative intervenor National Women's Law Center ("NWLC") have filed responses indicating that they do not oppose Plaintiffs' Motion. NCAA's Resp. to Pls.' Mot. [Doc. 66]; Proposed Intervenor-Defendant NWLC's Notice of Non-Opposition to Pls.' Mot. [Doc. 68]. Also before the Court is Plaintiffs' unopposed Motion for Leave to File Documents Under Seal ("Mot. to Seal") [Doc. 61].

## I. MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS

Federal Rule of Civil Procedure 10(a) requires that "[t]he title of the complaint must name all the parties." The Eleventh Circuit has found that this requirement "serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." Doe v. Frank, 951 F.2d 320, 322 (11th Cir. 1992) (citation omitted). Although this creates a "strong presumption in favor of parties proceeding in their own names . . . , the rule is not absolute." Plaintiff B v. Francis, 631 F.3d 1310, 1315 (11th Cir. 2011). A party may proceed anonymously by establishing "a

2

substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" Frank, 951 F.2d at 323 (quoting Doe v. Stegall, 653 F.2d 180, 186 (5th Cir. 1981)).

Among the circumstances under which a plaintiff may be allowed to proceed anonymously are those where the plaintiff "(1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." In re Chiquita Brands Int'l, Inc., 965 F.3d 1238, 1247 (11th Cir. 2020) (quoting Plaintiff B, 631 F.3d at 1316). Those circumstances, however, are "only the first step," and courts "should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." Id.; see also Frank, 951 F.2d at 324 ("Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity."); Doe v. Sheely, 781 F. App'x 972, 974 (11th Cir. 2019) ("This Court has said 'personal

3

embarrassment' alone is not enough for leave to proceed anonymously.") (citing Frank, 951 F.2d at 324).

After a review of the Amended Complaint and Plaintiffs' Motion and a consideration of all applicable factors, the Court finds that the allegations in this case concern matters of personal beliefs and positions that could subject the Doe Plaintiffs to stigmatization, ostracization, retaliation, and violence. Specifically, Plaintiffs take the viewpoint that transgender women "have inherent physical advantages" over cisgender women and should not be allowed to compete in single-gender athletic contests "as a matter of fairness." Pseudonym Br. at 11. Because this lawsuit involves personally held beliefs regarding gender identity, the Court finds that disclosure of the Doe Plaintiffs' identities would be tantamount to compelling them to "disclose information of utmost intimacy." In re Chiquita Brands, 965 F.3d at 1247; see also S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe, 599 F.2d 606, 712-13 (5th Cir. 1979)[1] ("Where the issues involved are matters of a sensitive and highly personal nature, such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued before October 1, 1981.

4

abandoned families, the normal practice of disclosing the parties' identities yields to a policy of protecting privacy in a very private matter.").

Furthermore, Plaintiffs have also offered declarations of Plaintiffs Riley Gaines and Lily Mullens, as well as members of faculty and administration at various universities, testifying to the retaliation, threats, and stigmatization they experienced as a result of voicing their opinions on the transgender-athlete controversy. See, e.g., Decl. of Riley Gaines (May 28, 2024) [Doc. 58-5] ¶ 17 (averring that she was trapped in a small office for three hours while protestors yelled profanities at her, including calling her transphobic). The Court finds that Plaintiffs have submitted sufficient evidence that the Doe Plaintiffs would likely face adverse reactions in their communities should they be required to disclose their identities at this time. While the Court is mindful that "personal embarrassment alone is not enough for leave to proceed anonymously," Sheely, 781 F. App'x at 974, "the Court recognizes the unique sensitivities that exist within the current political climate and social context," and finds that leave to proceed pseudonymously is appropriate in this case. Does 1-2 v. Hochul, No. 21-CV-5067 (AMD) (TAM), 2022 WL 836990, at *5 (E.D.N.Y. Mar. 18, 2022)

Finally, because Plaintiffs' Motion indicates that they agree to disclose their names to Defendants for purposes of the litigation pursuant to a protective order,

Pseudonym Br. at 22, the Court finds that allowing them to proceed anonymously at this time will not prejudice Defendants' ability to defend themselves in the litigation.[2]

Accordingly, Plaintiffs' Motion for Leave to Proceed Under Pseudonyms is **GRANTED**.

## II.   MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

Although this Court permits "the sealing of documents that contain information protected from disclosure by statute, personal information (such as Social Security numbers), trade secrets, or sensitive security data," the filing of documents under seal is generally disfavored as all documents filed with the Court are presumptively public. Standing Order Regarding Civil Litigation ("Standing Order") [Doc. 6] at 13-14. This is consistent with the United States Court of Appeals for the Eleventh Circuit's position that court records are presumptively public: "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992).

---

[2] In the event that Defendants, at some point in the litigation, believe that Plaintiffs should no longer be permitted to proceed solely under their initials, Defendants may file a motion requesting such relief at that time.

6

The Eleventh Circuit Court of Appeals has explained that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007) (internal punctuation omitted) (quoting Landmark Commc'ns, Inc. v. Va., 435 U.S. 829, 839 and Chi. Trib. Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001)). "The common-law right of access includes the right to inspect and copy public records and documents." Chi. Trib. Co., 263 F.3d at 1311 (citing Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978) (referencing specifically the right to inspect and copy "judicial records and documents.")). "Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." Romero, 480 F.3d at 1245. A substantive pretrial motion is "[a] motion that is presented to the court to invoke its powers or affect its decisions, whether or not characterized as dispositive, [and it] is subject to the public right of access." Id. at 1246 (quotation marks and citation omitted). The common-law right of access, however, is not absolute as it does not apply to all discovery materials. Id. at 1245; see also Chi. Trib. Co., 263 F.3d at 1311.

7

A party seeking to have material sealed can overcome the common law right of access by a showing of good cause where there exists "a sound basis or legitimate need to take judicial action." In re Alexander Grant & Co. Litig., 820 F.2d 352, 356 (11th Cir. 1987). Such good cause "is established by the moving party when disclosure will cause the party to suffer a clearly defined and serious injury." NXP B.V. v. Rsch. In Motion, Ltd., No. 6:12-CV-498-ORL-22TBS, 2013 WL 4402833, at *2 (M.D. Fla. Aug. 15, 2013). A good cause determination "requires balancing the asserted right of access against the other party's interest in keeping the information confidential." Romero, 480 F.3d at 1246 (internal punctuation omitted) (quoting Chi. Trib. Co., 263 F.3d at 1309); see also FED. R. CIV. P. 26(c)(1)(G) (authorizing the trial court to issue a protective order upon a showing of good cause "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."). Essentially, good cause exists where "[a] party's privacy or proprietary interest in information . . . overcomes the interest of the public in accessing the information." Romero, 480 F.3d at 1246.

The decision of whether good cause exists rests with the sound discretion of the district court judge, is based on the "nature and character of the information in question," and "should be informed by a sensitive appreciation of the

8

circumstances that led to the production of the particular document in question." Chi. Trib. Co., 263 F.3d at 1311, 1315 (quoting Nixon, 435 U.S. at 603) (internal punctuation omitted). Factors for the Court's consideration in making such a determination include

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Romero, 480 F.3d at 1246 (citation omitted).

Plaintiffs seek to file under seal the unredacted versions of the Declaration of Swimmer A [Doc. 60-1] and the Declaration of Track Athlete A [Doc. 60-2] to the extent that they contain the Doe Plaintiffs' personal identifying information (i.e., names), as well as "any other information that someone might use to determine their identities." Pls.' Br. in Supp. of Mot. to Seal [Doc. 61-1] at 2. Plaintiffs contend that, although they "desire to provide the Court with predicate facts" to support their Pseudonym Motion, the information provided in the declarations, including the Doe Plaintiffs' colleges, teams, coaches, teammates, athletic directors, and events that

9

occurred on their campuses "could potentially lead to the discovery of their identity if made publicly available." Id.[3]

For the reasons addressed above with respect to Plaintiffs' Pseudonym Motion, including the intimate nature of Plaintiffs' personally held beliefs and the fear of stigmatization, academic and professional retaliation, and violence, the Court finds that Plaintiffs have a legitimate privacy interest in protecting the information, and that this interest outweighs any common-law right of access the public may have in this information. Accordingly, the Court finds good cause exists to seal the unredacted versions of the Declarations of Swimmer A [Doc. 60-1] and Track Athlete A [Doc. 60-2].

## III.  CONCLUSION

Accordingly, it is hereby **ORDERED** that Plaintiffs' Motion for Leave to Proceed Under Pseudonyms [Doc. 58] and Motion for Leave to File Documents Under Seal [Doc. 61] are **GRANTED**. The Declaration of Swimmer A [Doc. 60-1] and Declaration of Track Athlete A [Doc. 60-2] shall remain under seal.

---

[3] Although Plaintiffs represent that they do not seek to seal the documents in their entirety, no redacted versions of the documents appear on the docket. Furthermore, the unredacted versions of the documents are not, in fact, filed under seal but have been provided to the Court directly. Neither Defendants nor the NWLC have indicated objection to this mode of filing.

10

Plaintiffs are **ORDERED** to file the redacted documents on the public docket within fourteen (14) days of this Order.[4]

The Court notes, however, that Plaintiffs have submitted a Proposed Order on Plaintiffs' Motion for Leave to Proceed Under Pseudonyms [Doc 70-1], which actually appears to be a proposed protective order for this case. In the Notice of Filing [Doc. 70], Plaintiffs represent that, although the Georgia Defendants do not oppose the entry of the proposed order, "the NCAA has not agreed to this form of a proposed order," and Counsel for the NCAA has indicated to this Court that they do, in fact, oppose the entry of the proposed protective order. Accordingly, the Court **DIRECTS** the parties, within twenty-one (21) days of the date of this Order, to meet and confer in good faith and submit a joint motion for a protective order that will govern the parties' disclosure and use of the identities of the Doe Plaintiffs. If the parties cannot come to an agreement as to the form of the

---

[4] It appears from Plaintiffs' Amended Complaint that Swimmer B is either no longer proceeding under a pseudonym or is no longer a Plaintiff in this case. The Clerk is **DIRECTED** to remove Swimmer B as a Plaintiff in this case.

protective order, they shall submit separate proposed orders within the same time period.

**IT IS SO ORDERED** this 12th day of July, 2024.

_____
MARK H. COHEN
United States District Judge

12