IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| RILEY GAINES, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, *et al.*,<br><br>*Defendants*,<br>and<br><br>NATIONAL WOMEN'S LAW CENTER,<br><br>[*Proposed*] *Intervenor-Defendant*. | No. 1:24-cv-01109-MHC<br><br>July 24, 2024 |

**[PROPOSED] INTERVENOR-DEFENDANT NATIONAL WOMEN'S LAW CENTER'S MOTION FOR LEAVE TO SUPPLEMENT MOTION TO <u>INTERVENE AS DEFENDANT</u>**

Proposed Intervenor-Defendant National Women's Law Center ("NWLC") respectfully moves this Court for leave to supplement its Motion to Intervene [Doc. 36] to file an updated motion to dismiss Plaintiffs' Amended Complaint [Doc. 64] pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(b)(7). In support of its motion, NWLC states the following:

1. On March 14, 2024, Plaintiffs filed a Complaint alleging that the National Collegiate Athletic Association (the "NCAA") and the Univ. System of Georgia, Georgia Tech, Univ. of N. Georgia, Angel Cabrera, Members of the Board of Regents of the Univ. System of Georgia, Doug Aldridge, Tom Bradbury, Richard Tim Evans, W. Allen Gudenrath, Erin Hames, Barbara Rivera Holmes, Samuel D. Holmes, C. Thomas Hopkins, Jr., M.D., James M. Hull, Cade Joiner, Patrick C. Jones, C. Everett Kennedy, III, Rachel B. Little, Lowery Houston May, Jose R. Perez, Neil L. Pruitt, Jr., Harold Reynolds, Sachin Shailendra, T. Dallas Smith, Mat Swift, James K. Syfan, III, Don L. Waters, John Does 1-50, Sarah-Elizabeth Langford, Univ. of Georgia (the "State Defendants") violated Title IX and the Equal Protection Clause of the Fourteenth Amendment by, *inter alia*, adopting policies that allow women who are transgender to participate in women's sports [Doc. 1].

2. On May 6, 2024, NWLC moved this Court for permissive intervention as a defendant in this action [Doc. 36]. NWLC contemporaneously submitted a proposed motion to dismiss as an exhibit [Doc. 36-3].

1

3. On May 15, 2024, Plaintiffs requested an extension of time to respond to NWLC's Motion to Intervene [Doc. 47].

4. On May 17, 2024, the Court granted Plaintiffs' request for an extension of time [Doc. 51]. In its Order, the Court stated:

> Before considering NWLC's proposed motion to dismiss, the Court must first determine whether to grant its Motion for Permissive Intervention. Assuming for the sake of argument that NWLC's motion is granted, the Court would permit it to file its proposed motion to dismiss and await responses before ruling on that motion and any other motions to dismiss filed by one or more Defendants which are ripe for decision [*id.* at 2].

The Court also extended Plaintiffs' deadline to respond to NWLC's Motion to Intervene to June 19, 2024 [*Id.*].

5. On June 5, 2024, Defendants filed motions to dismiss Plaintiffs' Complaint [Docs. 54–55].

6. On June 10, 2024, Plaintiffs filed a notice of opposition to Defendants' motions, and stated their intent to file an Amended Complaint as of right under Federal Rule of Civil Procedure 15 [Doc. 56]. That same day, the Court "construe[d] Plaintiffs' Notice of Opposition as a Motion to Extend the Time to respond to Defendants' motions," and extended Plaintiffs' deadline to respond to Defendants' motions to June 26, 2024 [Doc. 57].

7. On June 19, 2024, Plaintiffs filed their opposition to NWLC's Motion to Intervene [Doc. 62].

8. On June 26, 2024, Plaintiffs filed an Amended Complaint [Doc. 64].

9. On June 27, 2024, the Court extended Defendants' deadline to respond to Plaintiffs' Amended Complaint to July 24, 2024 [Doc. 65].

10. On July 3, 2024, NWLC filed a reply memorandum in further support of its Motion to Intervene [Doc. 69].

11. NWLC's Motion to Intervene is still pending. NWLC understands that, "before considering NWLC's proposed motion to dismiss, the Court must first determine whether to grant its Motion for Permissive Intervention" [Doc. 51].

12. To ensure that NWLC's intervention does not delay or otherwise hinder these proceedings, NWLC respectfully seeks leave to supplement its Motion to Intervene to include an updated motion to dismiss Plaintiffs' Amended Complaint.

13. Counsel for NWLC advised the parties' counsel of NWLC's intent to file this motion. Counsel for Plaintiffs stated that they oppose the filing of additional documents by NWLC while the Court is considering NWLC's Motion to Intervene; counsel for the NCAA stated that the NCAA has no objection; and counsel for the State Defendants stated that they do not consent to the motion but do not oppose it.

14. NWLC's proposed updated motion to dismiss and supporting memorandum are attached as Exhibit 3.

3

Dated: July 24, 2024

| | |
|---|---|
| Joshua A. Block*<br>Jennesa Calvo-Friedman*<br>AMERICAN CIVIL LIBERTIES<br>UNION FOUNDATION<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>Phone: (212) 549-2569<br>jblock@aclu.org<br>jcalvo-friedman@aclu.org<br><br>Patrick J. Hayden*<br>Katelyn Kang*<br>Valeria M. Pelet del Toro*<br>COOLEY LLP<br>55 Hudson Yards<br>New York, NY 10001-2157<br>Phone: (212) 479-6000<br>phayden@cooley.com<br>kkang@cooley.com<br>vpeletdeltoro@cooley.com<br><br>Elizabeth Reinhardt*<br>COOLEY LLP<br>1299 Pennsylvania Avenue, NW<br>Washington, DC 20004-2400<br>Phone: (202) 776-2353<br>ereinhardt@cooley.com | */s/ Nneka Ewulonu*<br>Nneka Ewulonu<br>Georgia Bar No. 373718<br>Cory Isaacson<br>Georgia Bar No. 983797<br>AMERICAN CIVIL LIBERTIES<br>UNION FOUNDATION OF<br>GEORGIA, INC.<br>P.O. Box 570738<br>Atlanta, GA 30357<br>Phone: (770) 303-8111<br>newulonu@acluga.org<br>cisaacson@acluga.org<br><br>Kathleen R. Hartnett*<br>Zoë Helstrom*<br>COOLEY LLP<br>3 Embarcadero Center, 20th Floor<br>San Francisco, CA 94111<br>Phone: (415) 693-2000<br>khartnett@cooley.com<br>zhelstrom@cooley.com<br><br>Celene Chen*<br>COOLEY LLP<br>500 Boylston Street, 14th Floor<br>Boston, MA 02116-3736<br>Phone: (617) 937-2305<br>celene.chen@cooley.com<br><br><br>*Counsel for Intervenor-Defendant*<br>**Pro hac vice* |

## RULE 7.1 CERTIFICATE OF COMPLIANCE WITH L.R. 5.1

Pursuant to Local Rule 7.1D, I hereby certify that this brief has been prepared in Times New Roman, 14-point font, one of the font and point selections approved by this Court in Local Rule 5.1C.

This 24th day of July, 2024.

                                                        */s/ Nneka Ewulonu*
                                                        Nneka Ewulonu

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of the filing to all counsel of record.

This 24th day of July, 2024.

*/s/ Nneka Ewulonu*
Nneka Ewulonu
