IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RILEY GAINES, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:24-cv-01109-MHC |
| ) | |
| NATIONAL COLLEGIATE ) | |
| ATHLETIC ASSOCIATION, *et al.* ) | |
| ) | |
| Defendants. ) | |

**PROTECTIVE ORDER**

The Court, having granted Plaintiffs' *Motion to Proceed Under Pseudonyms* (the "Motion") to allow the Pseudonym Plaintiffs' names to be redacted on the public docket, directed the Parties to meet and confer in good faith in an effort to submit a joint motion for protective order. Having been unable to come to an agreement, Plaintiffs and the NCAA submitted separate proposed orders for governing the Parties' disclosure and use of the Pseudonym Plaintiffs' identities. Having considered the Parties' submissions, and being duly advised in the premises, the Court hereby **ORDERS** as follows:

A.  <u>Scope</u>: Subject to any Court order, any Plaintiff proceeding under a pseudonym in this action ("Pseudonym Plaintiff") may proceed pseudonymously at this stage of the proceedings without prejudice or waiver to any Party's right or

ability to challenge such protections and request the Court readdress this issue at later stages of this action. Until further order from this Court, the parties will reference each Pseudonym Plaintiff exclusively by the pseudonym they are given in the Complaint or collectively as "Plaintiffs" in all public filings and in all public Court proceedings. The Pseudonym Plaintiffs may be referred to collectively as the "Doe Plaintiffs." As used in this Order, the "Identity" of a Pseudonym Plaintiff shall include all Identifying Information, as that term is defined in Paragraph F below concerning such Pseudonym Plaintiff.

Counsel for Plaintiffs shall provide to the respective counsel for the current Defendants in the Action the Pseudonym Plaintiffs' names, as well as the pseudonym each is given in the Complaint within seven (7) days following entry of this Order.

B. <u>Access to Identity of Pseudonym Plaintiffs</u>: Until and unless the Court orders otherwise, the Defendants (including Defendants' counsel), as well as their agents, employees, consultants, assigns and all persons who learn the Pseudonym Plaintiffs' Identities through any one of the foregoing shall keep the Identity of Pseudonym Plaintiffs confidential during and after the conclusion of this action.

    1. The Defendants may disclose Pseudonym Plaintiffs' Identities to the following:

        i. The Court and court personnel including court reporters, law clerks etc.;

  ii. Counsel for the parties and employees, agents, and representatives of counsel as needed to litigate any claims or defenses; provided, however, that counsel of record shall advise any such employee, agent, or representative of the obligations of this Order, admonish their compliance with this Order, and will be responsible for any of their violations of this Order;

  iii. Persons to whom disclosure is compelled by law, including (but not limited to) by subpoena, warrant, or court order after first having provided fourteen (14) days prior notice (including providing copies of all process, papers and pleadings served on the person(s) compelled) to all counsel of record for the Plaintiffs; and

  iv. Any mediator appointed by the Court or jointly selected by the parties.

2. Until and unless the Court orders otherwise, the Defendants may disclose Pseudonym Plaintiffs' Identities to the following individuals *only after* the individuals have read and signed the Acknowledgment and Agreement to Be Bound attached as **Exhibit A** to this Order and thereby agreed to be bound by this Order:

  i. The parties to this action, including any employees, agents, and representatives of the parties only as needed to litigate any claims or defenses;

  ii. Insurance claim adjusters, employees, agents, and representatives of the parties that are or may be required to pay any settlement or judgment in this action on behalf of the parties to this litigation; and

  iii. Persons to whom disclosure is necessary in order for Defendants to conduct their factual investigation of Plaintiffs'

3

claims and develop defenses to those claims, identify sources of and obtain relevant discovery, or otherwise prepare a good faith defense to this litigation, including potential fact witnesses or persons with potentially relevant knowledge and their counsel with whom Defendants' counsel communicates outside of formal discovery procedures, as part of their protected attorney work product, but only to the extent that Pseudonym Plaintiffs' Identities will assist the witness in recalling, relating, or explaining facts for purposes of interviews, depositions, and/or testimony;

3. Until and unless the Court orders otherwise, the Defendants may disclose Pseudonym Plaintiffs' Identities to the following individuals only after the individuals have read and signed the Acknowledgment and Agreement to Be Bound attached as **Exhibit A** to this Order and thereby agreed to be bound by this Order and a copy of the signed Acknowledgment and Agreement to Be Bound is transmitted to Counsel for Plaintiffs:

   i. Privately hired: court reporters, recorders, and videographers engaged for depositions who need to know pseudonym plaintiff names within the scope of their duties;

   ii. Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation, excluding agents and representatives of counsel covered by paragraph 1(ii) above and agents and representatives of the Parties covered by paragraph 2(i) above; and

   iii. Experts, consultants, or investigators retained specifically in connection with this litigation; provided, however, that

4

        Defendants need not provide Plaintiffs with a copy of Exhibit A signed by any such person unless and until such person is expected to testify at trial.

C. Before any Defendant serves a subpoena on a third party in a manner that will disclose the Identity of a Pseudonym Plaintiff, it must provide notice, including a copy of the proposed subpoena, to Plaintiffs' Counsel. Within 7 days of such notice, Plaintiffs' Counsel may object in writing to the disclosure of the Identity of the Pseudonym Plaintiff. If an objection is raised, counsel for the Defendant and Plaintiffs shall meet and confer in an effort to resolve the dispute. If they cannot resolve the dispute within 14 days of the notice, they shall present the dispute to the Court for resolution. Third parties who receive subpoenas disclosing a Pseudonym Plaintiff's Identity will be required to read and sign the Acknowledgment and Agreement to Be Bound attached as Exhibit A to this Order, and Defendant shall provide a signed copy thereof to Plaintiffs' Counsel.

D. <u>Exclusions from Permissible Disclosure</u>: Defendants agree that, without (i) a specific further order from the Court, (ii) the relevant Pseudonym Plaintiff's consent, or (iii) a failure to object pursuant to Paragraph C above, <u>no</u> disclosure of the Pseudonym Plaintiffs' Identities, shall be made to:

    1. Any intervening Defendants; and

    2. Any person that is known by the person disclosing to have previously threatened any Pseudonym Plaintiff.

E.  <u>Duration</u>: The provisions of this Order shall apply to any disclosure of Pseudonym Plaintiffs' Identities until and unless the Court orders otherwise, regardless of whether such disclosure may occur through written, electronic, or oral means. Any Party may petition the Court to terminate or modify the provisions of this protective order at later stages of this action.

F.  <u>Filing Documents</u>: Until and unless the Court orders otherwise, the Defendants shall seek leave of Court to seal from all public filings all Identifying Information of Pseudonym Plaintiffs that is not otherwise publicly available, including: (i) name and aliases; (ii) names of family members; (iii) date of birth; (iv) social security number or other government-issued identification numbers; (iv) current and prior residential addresses; (v) phone numbers; (vi) photographs; (vii) physical descriptors; (viii) medical records; (ix) social media or other online accounts; (x) employment history; (xi) other educational history; and (xii) other athletic history ("Identifying Information").

To the extent any party or non-party has questions or concerns about whether any forthcoming filing complies with the requirements of this Order, that party or non-party should confer with all parties and thereafter seek leave of Court prior to the filing being submitted.

G.  <u>Disputes</u>: If there are any disputes related to this section, the parties will

comply with the good faith meet-and-confer requirement in Fed. R. Civ. P. 37(a)(1) and the provisions set forth in Section II(I)(3) of the Court's Standing Order prior to seeking judicial intervention.

H.   Any documents (including briefs), tangible things or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion, or introduced at a hearing or during trial, may retain their protected confidential status only by order of the Court in accordance with the procedures outlined in Appendix H of the Local Rules of the Northern District of Georgia. Specifically, if a party seeks to use information designated as confidential under this protective order in filings before the Court, it is the burden of the designating party to show "good cause" to the Court why the confidential information should be filed under seal.

**IT SO ORDERED** this 5th day of September, 2024.

_____
Hon. Mark H. Cohen
U.S. District Court Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER FOR PSEUDONYM PLAINTIFFS

I, _____ [print or type full name] declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order as to the Identity of Pseudonym Plaintiffs issued by the United States District Court for the Northern District of Georgia on _____ [date] in the case of *Riley Gaines, et. al. v. National Collegiate Athletic Assn., et. al.,* 1:24-cv-01109-MHC. I agree to comply with, and to be bound by, all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I also understand that the failure to comply with this Order can result in civil liability, sanctions, an adverse inference or other penalty being imposed upon me.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of Georgia for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____
          [signature]