**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| RILEY GAINES, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:24-cv-01109-MHC |
| ) | |
| NATIONAL COLLEGIATE ) | |
| ATHLETIC ASSOCIATION, *et al.* ) | |
| ) | |
| Defendants. ) | |

## MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT FOR DAMAGES, DECLARATORY, EQUITABLE, AND CLASS RELIEF AND DEMAND FOR JURY TRIAL

Plaintiffs Riley Gaines, *et al.* (collectively, the "Plaintiffs"), by counsel, pursuant to Federal Rule of Civil Procedure 15(a)(2), move the Court for leave to file their Second Amended Complaint for Damages, Declaratory, Equitable, and Class Relief and Demand for Jury Trial ("Second Amended Complaint") and in support state as follows:

1. On March 14, 2024, Plaintiffs commenced this action by filing their Complaint for Damages, Declaratory, Equitable, and Class Relief and Demand for Jury Trial against the Defendants National Collegiate Athletic Association (NCAA), *et al* (collectively, the "Defendants").

2. Subsequently, on June 26, 2024, Plaintiffs filed their Amended Complaint (Amended Complaint). [Dkt. 64.]

3. No answer to Plaintiffs' Amended Complaint (or to their initial Complaint) has been filed by any Defendant.

4. No discovery has yet taken place, and no case management plan is in place in this case.

5. Motions to Dismiss the Amended Complaint have been filed by the NCAA and Georgia Defendants and Plaintiffs are, simultaneously with the filing of this Motion to Amend, filing their Combined Response to the Motions Dismiss.

6. In their Combined Response to the Motions to Dismiss Plaintiffs concede that sovereign immunity bars a handful of claims against certain Georgia Defendants; consequently, the proposed Second Amended Complaint attached hereto does not restate these claims.

7. No party is prejudiced by the Plaintiffs' withdrawal of these claims against the Georgia Defendants which will narrow the issues in the case (and remove the need for the Georgia Defendants to reply as to these matters).

8. In all other respects, the Second Amended Complaint is not being filed to address arguments raised in the pending Motions to Dismiss. Plaintiffs therefore request that the Court grant their Motion to Amend without finding that it moots the pending Motions to Dismiss (and supporting briefs) which Plaintiffs agree can be applied to the Second Amended Complaint without need for refiling of the Motions

to Dismiss and supporting briefs (by Defendants) and without need for refiling the Response to the Motions to Dismiss (by Plaintiffs).

9. Federal Rule of Civil Procedure 15(a)(2) provides that Plaintiffs are to be given leave to freely amend their Complaint when justice requires, and Defendants will not suffer substantial prejudice.

10. At this early stage in this case, amendment is required to substitute the Georgia Tech Athletic Association, Inc. ("GTAA") as a named Defendant, replacing a previously denominated "John Doe" Defendant.

11. Plaintiffs only recently discovered GTAA is a Georgia not-for-profit corporation that contracted with the NCAA to "host" the 2022 NCAA Division I Women's Swimming and Diving National Championships (the "2022 NCAA Championships").

12. Many public announcements by both Georgia Tech University and the NCAA regarding the 2022 NCAA Championships identified only the Georgia Institute of Technology a/k/a as Georgia Tech University or Georgia Tech as the "host" of the 2022 NCAA Championships. *See*, *e.g.*, "Tech Selected to Host 2022 NCAA Swimming National Championships," April 19, 2017, *available at*: https://news.gatech.edu/taxonomy/term/5152#:~:text=The%20NCAA%20has%20announced%20Georgia,Women's%20Swimming%20and%20Diving%20Championships ("The NCAA has announced Georgia Tech as the host site of the 2022 NCAA

3

Division I Men's and Women's Swimming and Diving Championships."); "2022 ACC & NCAA SWIMMING & DIVING CHAMPIONSHIPS Hosted by Georgia Tech at McAuley Aquatic Center," *available at*: https://ramblinwreck.com/2022-acc-ncaa-swimming-and-diving-championships/; "2022 NCAA Division I women's swimming and diving championships qualifying swimmers announced," March 2, 2022, *available at*: https://www.ncaa.com/news/swimming-women/article/2022-03-02/2022-ncaa-division-i-womens-swimming-and-diving-championships-qualifying, ("The NCAA Division I Men's and Women's Swimming and Diving Committee announced today the swimmers who qualified for the 2022 NCAA Division I women's swimming and diving championships. The championships will be held March 16-19 at the McAuley Aquatic Center in Atlanta. Georgia Tech will serve as the host.").

13. Thus, until recently it was Plaintiffs' reasonably and factually based understanding that Georgia Tech University and the NCAA were the only hosts of the 2022 NCAA Championships.

14. On August 27, 2024, five Plaintiffs who competed at the 2022 NCAA Championships testified, at a hearing of the Georgia Senate Special Committee on the Protection of Women's Sports (the "Georgia Senate Committee").

15. At that hearing the Georgia Senate Committee discussed documents recently obtained by the Committee from Georgia Tech University. Among these

4

documents from Georgia Tech University was an event hosting agreement for the 2022 NCAA Championships signed by GTAA.

16. The discovery of the document identifying GTAA as having signed the event hosting agreement with the NCAA led to further inquiry and to the subsequent discovery by counsel for the Plaintiffs that, pursuant to both the NCAA's and GTAA's bylaws, Georgia Tech University has ceded control of some, or all, of its athletics program to GTAA.

17. Therefore, Plaintiffs are seeking leave to add GTAA as a Defendant in this action promptly after their discovery of a role of GTAA in the 2022 NCAA Championships.

18. Amendment is also requested to add Brooke Slusser as a Plaintiff.

19. Brooke Slusser is a member of the putative class of women NCAA student-athletes with current eligibility who are subject to the harmful effects of the NCAA Transgender Eligibility Policies (TEP).

20. Similar to Track Athlete A, who will be competing against a male on a NCAA women's team during the 2024-25 school year and to six Plaintiffs from the Roanoke College women's swimming team who started last year with a male competitor on their women's swimming team, Slusser is an athlete dealing with known harms arising from a male competing on a NCAA women's team due to the TEP.

21. Brooke Slusser is an NCAA volleyball athlete who competes on, and is a co-captain of, the NCAA Division I San Jose State University (SJSU) women's volleyball team.

22. Slusser transferred from the University of Alabama, where she competed on the Alabama women's volleyball team, to SJSU in 2023 to play volleyball as a scholarship athlete at SJSU unaware that due to the NCAA TEP a male student-athlete was competing on the SJSU women's volleyball team.

23. Slusser competed for SJSU and roomed with SJSU women's volleyball team member Blaire Fleming for most of the 2023 season unaware that Fleming was a trans-identifying male who was able to compete on the SJSU women's team because of the NCAA TEP.

24. During the 2023 season Fleming was injured and this injury impacted Fleming's physical performance and diminished Fleming's playing time. Even so, Slusser recognized that Fleming was the strongest athlete she had ever seen on a women's team.

25. In April of 2024 (after the filing of the initial Complaint) an online news article identified Fleming as a biological male and this article led to Fleming acknowledging to Slusser that Fleming's sex is male.

26. Fleming has made a full recovery from last season's injury and now presents a significant physical risk to SJSU women's volleyball team members

6

during practice due to the speed and power with which Fleming spikes the volleyball, which was far harder than any female athlete against whom Slusser has ever played.

27. Slusser has observed that women on the SJSU team and women on teams against which SJSU plays are frequently unable to react quickly enough to the speed and force of Fleming's spikes to protect themselves from being hit in the head by the ball.

28. As a co-captain on the SJSU team Slusser recently approached the SJSU coach and administrators because she and her teammates recognized that Fleming was creating an unacceptable risk of injury to women on the SJSU team and on opposing teams.

29. However, Slusser was told by the SJSU coach and SJSU athletic department representatives that SJSU is required to follow the NCAA TEP and there is nothing SJSU can do to remove Fleming from the team or limit the speed with which Fleming is hitting the ball or otherwise reduce physical risks to women playing with Fleming.

30. Slusser was discouraged by SJSU coaches from publicly discussing Fleming's male sex or criticizing his participation on the team even though she has suffered physical injury in practices from Fleming's volleyball spikes and kills, witnessed Fleming injure female athletes from other Division I schools, and is aware

that SJSU recruited her and other women volleyball players without informing them that they would be practicing with and playing alongside a male.

31.     These allegations further establish the NCAA's Title IX and Fourteenth Amendment violations through its adoption and maintenance of the TEP.

32.     Recently, Slusser learned of this case against the NCAA and asked to join as a Plaintiff.

33.     These factual developments could not have been anticipated in Plaintiffs' Amended Complaint.

34.     Ms. Slusser's claims arise from violations caused by the NEP which is the same source as the discrimination experienced by other Plaintiffs with current NCAA eligibility.

35.     Adding Ms. Slusser to the lawsuit as a Plaintiff will allow an additional individual who has experienced direct discrimination under the TEP to present her evidence to the Court.

36.     For these reasons, Plaintiffs' motion to amend the Complaint to add Slusser to the lawsuit as a Plaintiff is timely and adding Ms. Slusser as a Plaintiff in the interests of justice.

37.     Additionally, as noted above, amendment of Plaintiffs' Complaint is required to dismiss parties who are already represented by Defendant Board of Regents of the University System of Georgia (the "Board of Regents"), namely the

University System of Georgia, Georgia Institute of Technology, the University of Georgia, and the University of North Georgia, which Plaintiffs agree do not have a separate legal entity status apart from the Board of Regents.

38.     These factual developments impact the allegations in the Amended Complaint and the claims being brought by Plaintiffs and require explanation in a revised complaint.

39.     The reasons amendment of Plaintiffs' Amended Complaint is required and why it complies with Federal Rule of Civil Procedure 15 are set forth more fully in Plaintiffs contemporaneously filed Brief in Support of Motion for Leave to File Second Amended Complaint.

40.     A copy of Plaintiffs proposed Second Amended Complaint is attached hereto as **<u>Exhibit A</u>**.

41.     A redline of Plaintiffs' Proposed Second Amended Complaint is attached hereto as **<u>Exhibit B</u>** to facilitate easily identifying the changes between the First Amended Complaint and the Second Amended Complaint.

WHEREFORE, Plaintiffs respectfully request that the Court grant them leave to file their Second Amended Complaint, which is attached to this Motion as **<u>Exhibit A</u>**, and deem it filed as of the date of this motion and for all other just and appropriate relief.

Respectfully submitted,

| | |
|---|---|
| */s/ William Bock III* | */s/ Bryan P. Tyson* |
| William Bock III, No. 14777-49[1] | Bryan P. Tyson, No. 515411 |
| Kevin D. Koons, No. 27915-49[2] | Thomas C. Rawlings, No. 595795 |
| Justin R. Olson, No. 31450-49[3] | Deborah A. Ausburn, No. 028610 |
| *Attorneys for Plaintiffs* | *Attorneys for Plaintiffs* |
| Kroger Gardis & Regas, LLP | Taylor English Duma LLP |
| 111 Monument Circle, Suite 900 | 1600 Parkwood Circle, Suite 200 |
| Indianapolis, IN 46204 | Atlanta, GA 30339 |
| Tel: (317) 692-9000 | Tel: (770) 434-6868 |
| Email: wbock@kgrlaw.com | Email: btyson@taylorenglish.com |
| Email: kkoons@kgrlaw.com | Email: trawlings@taylorenglish.com |
| Email: jolson@kgrlaw.com | Email: dausburn@taylorenglish.com |

---

[1] *Pro hac vice*
[2] *Pro hac vice*
[3] *Pro hac vice*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, counsel certifies that the foregoing was prepared in Times New Roman, 14-point font, in compliance with Local Rule 5.1C.

*/s/ William Bock III*
William Bock III
