IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RILEY GAINES, et al.,

    Plaintiffs,

v.

NATIONAL COLLEGIATE
ATHLETIC ASSOCIATION, et al.,

    Defendants.

CIVIL ACTION FILE

NO. 1:24-CV-1109-MHC

## ORDER

This matter comes before the Court on Plaintiffs' Motion for Leave to File Second Amended Complaint for Damages, Declaratory, Equitable, and Class Relief ("Mot. to Am.") [Doc. 88]. Plaintiffs seek leave to amend their Complaint in the following ways:

- to remove certain claims against certain State Defendants[1] that are barred by the Eleventh Amendment;

- to add the Georgia Tech Athletic Association, Inc. ("GTAA") as a named Defendant in the case;

---

[1] Defendants University System of Georgia, Georgia Institute of Technology, University of Georgia, University of North Georgia, Ángel Cabrerra, Doug Aldridge, Tom Bradbury, Richard "Tim" Evans, W. Allen Gudenrath, Erin Hames, Bárbara Rivera Holmes, Samuel D. Holmes, C. Thomas Hopkins, Jr., MD, James M. Hull, Cade Joiner, Patrick C. Jones, C. Everett Kennedy, III, Sarah-Elizabeth

- to add Brooke Slusser as a Plaintiff; and

- to remove parties "who are already represented by Defendant Board of Regents of the University of Georgia . . . , namely the University System of Georgia, Georgia Institute of Technology, the University of Georgia, and the University of North Georgia.

<u>See generally</u> Mot. to Am.; <u>see also</u> Proposed Second Am. Compl. [Doc. 88-1]. Plaintiffs' Motion also requests that this Court "grant their Motion to Amend without finding that it moots the pending Motions to Dismiss[.]" Mot. to Am. ¶ 8.

On October 21, 2024, the parties filed a Joint Motion Regarding Plaintiffs' Second Amended Complaint ("Joint Mot.") [Doc. 90], in which the parties represent that neither the National Collegiate Athletic Association ("NCAA") nor the State Defendants oppose Plaintiffs' motion for leave to amend, and that Plaintiffs "explicitly withdraw their request . . . that the Court grant their Motion to Amend without mooting the pending Motions to Dismiss." Joint Mot. ¶ 5(a), (b) (citing Mot. to Am. ¶ 8). The parties also seek an extension of time for Defendants to respond to the Second Amended Complaint until twenty-one (21) days after the Second Amended Complaint is served on GTAA. <u>Id.</u> ¶ 5(d).

---

Langford, Rachel B. Little, Lowery Houston May, Jose R. Perez, Neil L. Pruitt, Jr., Harold Reynolds, Sachin Shailendra, T. Dallas Smith, Mat Swift, James K. Syfan III, Don L. Waters, and John Does 26–50 are referred to collectively as the "State Defendants."

2

For good cause shown, it is hereby **ORDERED** that Plaintiffs' Motion for Leave to File Second Amended Complaint for Damages, Declaratory, Equitable, and Class Relief [Doc. 88] is **GRANTED IN PART AND DENIED IN PART**. The Motion is **DENIED** as to Plaintiffs' request that the Court not deny as moot Defendants' Motions to Dismiss. The Motion is otherwise **GRANTED**.

It is further **ORDERED** that the Parties' Joint Motion Regarding Plaintiffs' Second Amended Complaint [Doc. 90] is **GRANTED**. The Clerk is **DIRECTED** to docket Plaintiffs' Proposed Second Amended Complaint for Damages, Declaratory, Equitable, and Class Relief [Doc. 88-1 at 2-208] as the Second Amended Complaint.

It is further **ORDERED** that Defendant National Collegiate Athletic Association's and the State Defendants' Motions to Dismiss [Docs. 74 and 75] are **DENIED AS MOOT**.[2]

Finally, it is hereby **ORDERED** that the deadline for all Defendants to respond to Plaintiffs' Second Amended Complaint is extended through and

---

[2] "An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." Dresdner Bank, A.G. v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006) (internal punctuation and citation omitted); see also Gulf Coast Recycling, Inc. v. Johnson Controls, Inc., No. 8:07-CV-2143-T-30TBM, 2008 WL 434880, at *1 (M.D. Fla. Feb. 14, 2008) ("The filing of the amended complaint renders Defendants' earlier filed Motion to Dismiss moot.").

including twenty-one (21) days after Defendant Georgia Tech Athletic Association, Inc., is served with the Second Amended Complaint.

**IT IS SO ORDERED** this 21st day of October, 2024.

_____
MARK H. COHEN
United States District Judge