# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

RILEY GAINES, *et al.*,

<em>Plaintiffs</em>,

v.

NATIONAL COLLEGIATE ATHLETIC
ASSOCIATION, *et al.*,

<em>Defendants.</em>

No. 1:24-cv-01109-MHC

## MOTION OF NATIONAL WOMEN'S LAW CENTER FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE

The National Women's Law Center ("NWLC")[1] respectfully moves this Court for leave to file the accompanying amicus curiae brief in support of Defendants' motion to dismiss Plaintiffs' Second Amended Complaint. *See* Ex. 1.[2] In support of its motion, NWLC states the following:

1.    This Court possesses the "inherent authority" to grant leave to file an amicus brief. *Ga. Aquarium, Inc. v. Pritzker*, 135 F. Supp. 3d 1280, 1288 (N.D. Ga 2015) (citing *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006)). This Court has recognized that leave to file an amicus brief is appropriate when an amicus curiae has "demonstrated sufficient interest in [the] litigation." *DeJulio v. Georgia*, 127 F. Supp 2d 1274, 1284 (N.D. Ga. 2001), *aff'd*, 290 F.3d 1291 (11th Cir. 2002). Leave to file an amicus brief is also appropriate "where the parties 'contribute to the court's understanding of the matter in question' by proffering timely and useful information." *Pritzker*, 135 F. Supp. 3d at 1288 (quoting *Conservancy of Sw. Fla. v. U.S. Fish & Wildlife Serv.*, No. 2:10-cv-106, 2010 WL 2603276, at *1 (M.D. Fla. Sept. 9, 2010)).

2.    As explained herein, NWLC respectfully submits that it has a sufficient and unique interest in this litigation and will proffer timely and useful information

---

[1] No party's counsel or any other person except amicus and its counsel authored this brief or contributed money to fund its preparation or submission.

[2] Defendant National Collegiate Athletic Association and the State Defendants take no position on the filing of NWLC's amicus brief. Plaintiffs do not consent to its filing.

to contribute to this Court's understanding of the matters in dispute, such that its proposed amicus brief is appropriate and should be accepted for filing.[3]

3.     NWLC is a nonpartisan, nonprofit organization dedicated to the advancement and protection of the legal rights of women and girls, and the right of all persons to be free from sex discrimination. NWLC assists policymakers in enforcing Title IX's prohibition of and protections against sex discrimination, equips students with tools to advocate for their own rights to access equal educational opportunities, including the opportunity to play school sports, and litigates on behalf of students who have been harmed by sex discrimination. For decades, a cornerstone of NWLC's work has been enforcement of Title IX to ensure women and girls in athletics enjoy the full protection against sex discrimination promised by our laws, including through litigation. *See e.g.*, *Smith v. Nat'l Collegiate Athletic Ass'n*, 139 F.3d 180 (3d Cir. 1998), *vacated*, 525 U.S. 459 (1999); *Parker v. Franklin Cnty. Cmty. Sch. Corp.*, 667 F.3d 910 (7th Cir. 2012); *Cmtys. for Equity v. Mich. High Sch. Athletic Ass'n*, 178 F. Supp. 2d 805 (W.D. Mich. 2001), *aff'd*, 459 F.3d 676 (6th Cir. 2006); *Roberts v. Colo. State Bd. of Agric.*, 998 F.2d 824 (10th Cir. 1993); *Haffer v. Temple Univ. of the Commonwealth Sys. of Higher Educ.*, 678 F. Supp. 517 (E.D. Pa. 1987).

---

[3] *See* Doc. 97 (denying intervention, but recognizing NWLC's ability to seek "leave to participate in this case as amicus curiae" and "the potential value that its independent investigation into the matter may bring").

4.     The NWLC's interest in this litigation is informed by its over-fifty-year history in advocating for equal opportunities for women and girls—including women and girls who are transgender—in all aspects of educational life, including sports. No party in this litigation has expressed similar unequivocal support for protecting the inclusion of women and girls who are transgender in athletics. While Plaintiffs purport to speak on behalf of all women, they do not represent the interests of women who are transgender and want to continue participating in NCAA sports, nor the cisgender women who want to continue participating with them. Defendant Board of Regents of the University System of Georgia has adopted a resolution affirmatively endorsing *Plaintiffs'* position, calling for a ban of transgender athletes from collegiate competition.[4] And in response to increasing pressure against its policy allowing transgender women to participate in women's sports after one year of gender-affirming hormone therapy, Defendant NCAA has added new

---

[4]*See* Resolution, Univ. Sys. Ga., https://www.usg.edu/regents/assets/regents/documents/board_meetings/Resolution_re_Athletics_Participation.pdf (last visited November 15, 2024); Jeff Amy, *Georgia university leaders ask NCAA to ban transgender women from sports*, AP (Oct. 8, 2024, 7:21 PM EDT), https://apnews.com/article/georgia-universities-transgender-women-sports-ncaa-be0b8ba657ac39b025fffde6793178f3.

restrictions,[5] and has also represented that it is currently evaluating whether to permit transgender women and girls to participate *at all* in women's athletics.[6] NWLC's participation as amicus will thus assist this Court in adjudicating this dispute as informed by the interests of women and girls who are transgender as well as the many cisgender women in athletics who do not wish to be represented by Plaintiffs.

5.    Moreover, NWLC's amicus brief will leverage its deep subject-matter expertise with respect to advocating for women and girls who are transgender, Title IX in general, and the athletics regulations under Title IX in particular, to assist this Court in adjudicating this dispute. NWLC's accompanying brief analyzes relevant case law and federal regulations not otherwise explored in Defendants' prior motions to demonstrate how Plaintiffs fail to allege cognizable claims under Title IX, the Equal Protection Clause, and substantive due process, and how certain Plaintiffs' claims must be severed and dismissed for failure to join indispensable parties.

---

[5] Julie Kliegman & Jesse Dougherty, *Pressure mounts on NCAA to clarify stance on transgender athletes*, WASH. POST., Apr. 23, 2024, www.washingtonpost.com/sports/2024/04/23/ncaa-transgender-rule-changes/; Karleigh Webb, *NCAA caught between a lawsuit and a hard place on trans-athlete inclusion*, OUTSPORTS (Apr. 25, 2024, 3:38 PM), https://www.outsports.com/2024/4/25/24092572/ncaa-board-meeting-trans-athletes-riley-gaines-charlie-baker/.

[6] *Board of Governors revises penalties for campus sexual violence attestation*, NCAA (Apr. 25, 2024, 7:13 PM), https://www.ncaa.org/news/2024/4/25/media-center-board-of-governors-revises-penalties-for-campus-sexual-violence-attestation.aspx ("The Board of Governors discussed transgender student-athlete participation. The current policy remains under review.").

6.  NWLC's participation is timely. NWLC is filing this Motion and its proposed Amicus Brief on the deadline for Defendants' Motions to Dismiss. Plaintiffs thus will have full opportunity to respond to the Amicus Brief when they respond to the motions to dismiss.

7.  NWLC therefore respectfully seeks to participate in this case as amicus, and for the Court to allow NWLC to file the accompanying amicus brief.

8.  A Proposed Order is attached as Exhibit 2 for the Court's convenience.

## CONCLUSION

For the foregoing reasons, NWLC respectfully requests the Court's leave to file the accompanying amicus brief. If the Court grants such leave, NWLC requests that the brief be considered filed as of the date of this motion's filing.

Dated: November 15, 2024

Joshua A. Block*
Jennesa Calvo-Friedman*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 549-2569
jblock@aclu.org
jcalvo-friedman@aclu.org

Patrick J. Hayden*
Katelyn Kang*
Valeria M. Pelet del Toro*
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157

/s/ Nneka Ewulonu
Nneka Ewulonu
Georgia Bar No. 373718
Cory Isaacson
Georgia Bar No. 983797
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION OF
GEORGIA, INC.
P.O. Box 570738
Atlanta, GA 30357
Phone: (770) 303-8111
newulonu@acluga.org
cisaacson@acluga.org

Kathleen R. Hartnett*
Zoë Helstrom*
COOLEY LLP
3 Embarcadero Center, 20th Floor

Phone: (212) 479-6000
phayden@cooley.com
kkang@cooley.com
vpeletdeltoro@cooley.com

Elizabeth Reinhardt*
COOLEY LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004-2400
Phone: (202) 776-2353
ereinhardt@cooley.com

San Francisco, CA 94111
Phone: (415) 693-2000
khartnett@cooley.com
zhelstrom@cooley.com

Celene Chen*
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Phone: (617) 937-2305
celene.chen@cooley.com

*Counsel for National Women's Law Center*
*\*Pro hac vice*

## **<u>RULE 7.1 CERTIFICATE OF COMPLIANCE WITH L.R. 5.1</u>**

Pursuant to Local Rule 7.1(D), I hereby certify that this brief has been prepared in Times New Roman, 14-point font, one of the font and point selections approved by this Court in Local Rule 5.1(C).

This 15th day of November, 2024.

*<u>/s/ Nneka Ewulonu</u>*
Nneka Ewulonu

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of the filing to all counsel of record.

This 15th day of November, 2024.

*/s/ Nneka Ewulonu*
Nneka Ewulonu
