IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RILEY GAINES, *et al*.<br><br>    *Plaintiffs*,<br><br>v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, *et al.*,<br><br>    *Defendants*. | Civil Action No.<br>1:24-cv-01109-TRJ |

**STATE DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Josh Belinfante     047399
Vincent R. Russo     242628
Edward A. Bedard     926148
Javier Pico Prats     664717
Anna Edmondson     289667
ROBBINS ALLOY BELINFANTE
  LITTLEFIELD, LLC
500 14th St. NW
Atlanta, GA 30318
T: (678) 701-9381
E: jbelinfante@robbinsfirm.com
   vrusso@robbinsfirm.com
   ebedard@robbinsfirm.com
   jpicoprats@robbinsfirm.com
   aedmondson@robbinsfirm.com

Scott D. Schneider*
SCHNEIDER EDUCATION
  AND EMPLOYMENT
  LAW PLLC
4301 W. Wiliam Cannon Drive
Suite B-150, PMB 105
Austin, Texas 787449
T: (504) 214-4962
E: scott@eduemplaw.com

*Counsel for State Defendants*

This Notice of Supplemental Authority (the "Notice") is filed on behalf of the State Defendants, the Board of Regents of the University System of Georgia ("Board of Regents"), University System of Georgia, Georgia Institute of Technology ("Georgia Tech"), Georgia Tech Athletic Association, Inc. ("GTAA"), University of Georgia, University of North Georgia, Georgia Institute of Technology President Ángel Cabrera, 23 other current and former members of the Board of Regents (collectively, the "State Defendants"), and John Does 27-50.[1]

This Notice serves to inform this Court and the Plaintiffs of the "Riley Gaines Act of 2025," which passed the Georgia General Assembly during the 2025 legislative session as Senate Bill 1 (the "Act").[2] The Act became effective law on July 1, 2025. As its name suggests, the Act is relevant to Plaintiffs' claims in this lawsuit and their requests for prospective, injunctive relief as set forth in the Corrected Second Amended Complaint (the "SAC"). Indeed, the Act moots them. Consequently, this Court now lacks subject matter jurisdiction to grant Plaintiffs' requests for prospective, injunctive relief. De La Teja v. United States, 321 F.3d 1357, 1361-62 (11th Cir. 2003).

---

[1] The Corrected Second Amended Complaint describes "John Does 27-50," which it identifies as "additional members" of the Board of Regents, as well as their agents or employees. (Doc. 92 at 30 ¶ 119.)

[2] A true and accurate copy of the Act as passed is attached as "Exhibit 1."

– 2 –

## The Act and Its Consequences to Plaintiffs' Claims

The relevant portions of the Act govern all institutions under the control and management of the Board of Regents.  See Picou v. Nat'l Collegiate Athletic Ass'n, 1:20-CV-4697-MHC, 2021 WL 3400593, at *1 (N.D. Ga. Feb. 22, 2021) (citing Ga. Const. Art. VIII, § IV, ¶ 1(b), O.C.G.A. § 20-3-51).[3]  It addresses the same issues raised in the SAC: women's division collegiate athletics, sponsored competitions, and facilities made available at competitions hosted by institutions governed by the Board of Regents.  The Act effectively deprives this Court of the "ability to give the plaintiff[s] meaningful relief, [so] the case is moot and must be dismissed.  Indeed, dismissal is required because mootness is jurisdictional."  Al Najjar v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir. 2001).

The SAC.  The harms alleged in the SAC stem from what the Act would define as a "male" being permitted, in 2022 and potentially in the future, to (1) compete in women's division collegiate athletic events; and (2) access what the Act defines as "multiple occupancy restroom[s and] changing area[s]."  See generally Doc. 94 at 174-201.  Among other things, Plaintiffs seek prospective injunctive relief against

---

[3] As the State Defendants have previously argued, this authority also demonstrates that the SAC still names improper parties, including but not limited to the "University System of Georgia," which is not a separate entity from the Board of Regents.

the State Defendants for their alleged injuries.  Id.  As shown, each of these alleged harms are specifically addressed and prospectively prohibited by the Act.[4]

The Act.  Section 5 of the Act adds two new Code sections to Article 1 of Chapter 3 of Title 20 of the Official Code of Georgia, which addresses postsecondary education.  New Code Section 20-3-15 provides for definitions, and the substantive portions of the Act are codified in new Code Section 20-3-16.  The definitions establish that the substantive portions of the Act apply to any institution governed by the Board of Regents, which for purposes relevant here, are defined as a "covered entity".  O.C.G.A. §§ 20-3-15(2) (defining "covered entity"), 20-3-15(4)(A) (defining "Georgia state school"), 20-13-15(5) (defining "governing body").  New Code Section 20-3-16 prevents a "covered entity [from] host[ing], sponsor[ing], or participat[ing] in any intercollegiate competition in this state" where a "male" is permitted to participate "on any team that is designated as female," or where a "male" is permitted to use restrooms or sleeping quarters "designated for use by females in conjunction with such competition."[5]  O.C.G.A. § 20-3-16(a)(4).  The

---

[4] The State Defendants note that the NCAA has also announced a new transgender student-athlete participation policy.  See https://www.ncaa.org/news/2025/2/6/media-center-ncaa-announces-transgender-student-athlete-participation-policy-change.aspx.

[5] The Act's definitions distinguish males from females based on certain biological criteria.  O.C.G.A. §§ 20-3-15(3) and (6). The new statutory definitions are consistent with those adopted in the SAC. (Doc. 94 at 1-2 n.2-3.) No court of competent jurisdiction has had time to interpret these or any

– 3 –

Act became effective on July 1 of this year.

<span style="text-decoration: underline">Mootness</span>. Mootness is a "threshold question … Plainly, if a suit is moot, it cannot present an Article III case or controversy and the federal courts lack subject matter to entertain it." <span style="text-decoration: underline">Coral Springs St. Sys., Inc. v. City of Sunrise</span>, 371 F.3d 1320, 1327-28 (11th Cir. 2004).  A "change in the law" can render a case moot. <span style="text-decoration: underline">Id.</span> at 1328.  Such is the case here.  The Act plainly addresses Plaintiffs' allegations of future injuries, and it is even named after one of them.  While the passage of the Act does not speak to questions of liability, the availability of money damages against the State Defendants, or the merits of Plaintiffs' theories generally, it does moot any claim they may have for prospective, injunctive relief.[6]  This deprives this Court of subject matter jurisdiction, which is an issue that should be considered "at the earliest possible stage in the proceedings." <span style="text-decoration: underline">University of So. Ala. v. Am. Tobacco Co.</span>, 168 F.3d 405, 410 (11th Cir. 1999).

---

other provisions of the Act.  The Act requires the relevant "governing bod[ies]" to adopt policies to conform to the Act's requirements. O.C.G.A. § 20-13-16(a).

[6] The State Defendants' undersigned counsel informed Plaintiffs' counsel that it would file this Notice before doing so.  At the time of filing, the State Defendants do not know if Plaintiffs' counsel agrees or disagrees with the State Defendants' description of the Act or the ramifications it has for this litigation.

– 4 –

Respectfully submitted, this 3rd day of July, 2025.

/s/ Josh Belinfante
| | |
|---|---|
| Josh Belinfante | 047399 |
| Vincent R. Russo | 242628 |
| Edward A. Bedard | 926148 |
| Javier Pico Prats | 664717 |
| Anna Edmondson | 289667 |

ROBBINS ALLOY BELINFANTE
 LITTLEFIELD, LLC
500 14th St. NW
Atlanta, GA 30318
T: (678) 701-9381
E: jbelinfante@robbinsfirm.com
   vrusso@robbinsfirm.com
   ebedard@robbinsfirm.com
   jpicoprats@robbinsfirm.com
   aedmondson@robbinsfirm.com

Scott D. Schneider*
SCHNEIDER EDUCATION AND
EMPLOYMENT LAW PLLC
4301 W. William Cannon Dr.
Suite B-150, PMB 105
Austin, Texas 78749
T: (504) 214-4962
E: scott@eduemplaw.com

*Counsel for State Defendants*

## LOCAL RULE 7.1(D) CERTIFICATION

I certify that this State Defendants' Notice of Supplemental Authority has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1. Specifically, this document has been prepared using 14-pt Times New Roman font and type.

*/s/ Josh Belinfante*
Josh Belinfante
