IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RILEY GAINES, *et al*. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:24-cv-01109-TRJ |
| | ) |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, *et al*. | ) |
| | ) |
| Defendants. | ) |

**UNOPPOSED MOTION TO TERMINATE PSEUDONYM PLAINTIFF PROTECTIVE ORDER AS TO TRACK ATHLETE A ONLY**

Pursuant to Paragraph E of the Protective Order governing the Parties' disclosure and use of the Pseudonym Plaintiffs' identities [Doc. 84] ("Pseudonym Plaintiff Protective Order"), Plaintiffs respectfully move the Court to terminate the Pseudonym Plaintiff Protective Order as to Track Athlete A only. In support of this Motion, Plaintiffs state the following:

1. On July 12, 2024, this Court granted Plaintiffs' Motion for Leave to Proceed under Pseudonyms for Track Athlete A and Swimmer A (collectively "Doe Plaintiffs" or "Pseudonym Plaintiffs"). [Doc. 71].

2. The Court granted this Motion for Leave to Proceed Under Pseudonyms based upon its findings that "the allegations in this case concern matters of personal beliefs and positions that could subject the Doe Plaintiffs to stigmatization, ostracization, retaliation, and violence," [*id.* at 4], and that "Doe Plaintiffs would

likely face adverse reactions in their communities should they be required to disclose their identities at this time." [*Id.* at 5].

3. On September 5, 2025, the Court issued the "Pseudonym Plaintiff Protective Order." [Doc. 84].

4. In relevant part, the Pseudonym Plaintiff Protective Order states that "[u]ntil further order from this Court, the parties will reference each Pseudonym Plaintiff exclusively by the pseudonym they are given in the Complaint or collectively as 'Plaintiffs' in all public filings and in all public Court proceedings." [*Id.* at 2].

5. The Pseudonym Plaintiff Protective Order also contains detailed restrictions on the Defendants' use of, and disclosure of, other identifying information about the Pseudonym Plaintiffs.

6. The Pseudonym Plaintiff Protective Order also provides "Any Party may petition the Court to terminate or modify the provisions of this protective order at later stages of this action." [*Id.* at 6].

7. Track Athlete A now seeks to terminate the provisions of the Pseudonym Plaintiff Protective Order as they apply to her and proceed as a named party without the protections of pseudonym status.

8. Track Athlete A has graduated from college and is no longer living or competing within the same community in which she lived at the time she filed her

Motion for Leave to Proceed under Pseudonyms and, thus, believes she will not be subject to the same degree of harm that she described in her declaration in support of the Motion for Leave to Proceed under Pseudonym if her status as a Plaintiff in this lawsuit is made public. [*See* Doc. 60-2; Doc. 72-2].

9. Nothing in this Motion should be construed to request any modification or termination of any provision of the Protective Order with respect to Swimmer A.

10. In connection with terminating the pseudonymous status of Track Athlete A Plaintiffs request that: (a) the Court unseal Track Athlete A's declaration filed at Doc. 60-2 and 72-2 and permit the filing of the unredacted version of that declaration, and (b) the Court unseal Track Athlete A's declaration being filed contemporaneously with this Motion as an Exhibit to Plaintiffs' Supplemental Brief and permit the filing of the unredacted version of that declaration.

11. Plaintiffs further request that the Court authorize updating the party information on the public docket to indicate Track Athlete A's name.

12. In advance of filing this Motion counsel for Plaintiffs contacted counsel for the Defendants to determine their positions on the Motion and counsel for Plaintiffs can represent that Defendants do not oppose the termination of Track Athlete A's pseudonymous status.

13. Counsel for the parties recognize that an order by the Court terminating Track Athlete A's pseudonymous status may result in the need to address additional

logistical details related to the public records of the Court. Therefore, after filing this Motion to Terminate Pseudonym Plaintiff Protective Order as to Track Athlete A Only, Counsel for Plaintiffs will email the Courtroom Deputy Clerk (with all counsel copied) to ascertain any preferences the Court may have in addressing further logistics in the event the Court grants this Motion to Terminate Pseudonym Plaintiff Protective Order as to Track Athlete A Only.

WHEREFORE, Plaintiffs respectfully request that the Court terminate all protections for Track Athlete A in the Protective Order [Doc. 84], leave in place all protections for Swimmer A in the Protective Order, and request all additional relief that is just and proper.

Respectfully submitted,

| | |
|---|---|
| */s/ William Bock III* | */s/ Bryan P. Tyson* |
| William Bock III, IN Atty. No. 14777-49[1] | Bryan P. Tyson, Ga. Bar No. 515411 |
| Kevin D. Koons, IN Atty. No. 27915-49[2] | Clark Hill |
| Justin R. Olson, IN Atty. No. 31450-49[3] | 800 Battery Ave SE., Suite 100 |
| Kroger Gardis & Regas, LLP | Atlanta, GA 30339 |
| 111 Monument Circle, Suite 900 | Tel: (678) 370-4377 |
| Indianapolis, IN 46204 | Fax: (678) 370-4358 |
| Tel: (317) 692-9000 | Email: btyson@clarkhill.com |
| Fax: (317) 264-6832 | |
| E-mail:   wbock@kgrlaw.com | |
| Email:    kkoons@kgrlaw.com | |
| E-mail:   jolson@kgrlaw.com | |

*ATTORNEYS FOR PLAINTIFFS*

---

[1] *Pro hac vice*
[2] *Pro hac vice*
[3] *Pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Christopher C. Marquardt
Cari K. Dawson
John E. Stephenson
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309
chris.marquardt@alston.com
cari.dawson@alston.com
john.stephenson@alston.com

Scott D. Schneider
SCHNEIDER EDUCATION AND
EMPLOYMENT LAW PLLC
4301 W. William Cannon Drive
Suite B-150, PMB 105
Austin, TX 78749
scott@eduemplaw.com

Josh B. Belinfante
Vincent R. Russo
Edward A. Bedard
Anna E. Edmondson
Javier I. Pico Prats
ROBBINS ALLOY BELINFANTE
LITTLEFIELD, LLC
500 14th Street NW
Atlanta, GA 30318
jbelinfante@robbinsfirm.com
vrusso@robbinsfirm.com
ebedard@robbinsfirm.com
aedmondson@robbinsfirm.com
jpicoprats@tobbinsfirm.com

/s/ William Bock III
William Bock III, Atty. No. 14777-49[4]

/s/ Bryan P. Tyson
Bryan P. Tyson, Ga. Bar No. 515411

---

[4] *Pro Hac Vice.*

5

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, counsel certifies that the foregoing was prepared in Times New Roman, 14-point font, in compliance with Local Rule 5.1C.

*/s/ William Bock III*
William Bock III

*ATTORNEYS FOR PLAINTIFFS*