## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| RILEY GAINES, *et al*. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:24-cv-01109-MHC |
| | ) | |
| NATIONAL COLLEGIATE | ) | |
| ATHLETIC ASSOCIATION, *et al*. | ) | |
| | ) | |
| Defendants. | ) | |

## NATIONAL COLLEGIATE ATHLETIC ASSOCIATION'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant National Collegiate Athletic Association ("NCAA"), by and through its undersigned counsel, hereby responds to the allegations of Plaintiffs' Corrected Second Amended Complaint (ECF No. 94) and asserts its affirmative defenses. Unless expressly admitted, NCAA denies each and every allegation in the Second Amended Complaint, including any allegations in the preamble, unnumbered and numbered paragraphs, titles, headings, footnotes, and characterizations of documents. Headings and titles are included in this Answer only for the purposes of organization and reference.

NCAA notes that throughout the Complaint, Plaintiffs refer to "Transgender Eligibility Policies" without defining that term. The Transgender Student-Athlete Participation Policy that was in effect at the time the Complaint was filed is no longer

in effect.  However, NCAA construes the phrase "Transgender Eligibility Policies" herein as referring to the Transgender Student-Athlete Participation Policy in effect at the time the Complaint was filed, because that is the policy at issue in this action.

## INTRODUCTION

1.     NCAA admits that Plaintiffs brought this action under Title IX of the Education Amendments of 1972, (Pub. L. 88-352), codified at 20 U.S.C. § 1681(a) ("Title IX"), and the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.  NCAA denies that Plaintiffs have a claim under either Title IX or the Fourteenth Amendment, and the Court has already dismissed Plaintiffs' Fourteenth Amendment claims.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

2.     NCAA admits that the quoted language appears in Section 901(a) of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a).  Except as expressly admitted, NCAA denies the allegations in this paragraph.

3.     NCAA denies the allegations in this paragraph.

4.     NCAA admits that its Board of Governors voted to adopt the NCAA's Transgender Student-Athlete Participation Policy that was in effect at the time the Second Amended Complaint was filed.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

5.     NCAA denies the allegations in this paragraph.

### The NCAA Transgender Eligibility Policies Are
### Discriminatory on Their Face

6.    NCAA denies the allegations in this paragraph, including denying that Appendix B constitutes the Transgender Student-Athlete Participation Policy in effect at the time the Second Amended Complaint was filed.

7.    NCAA denies the allegations in this paragraph.

8.    NCAA admits that the Transgender Student-Athlete Participation Policy in effect at the time the Second Amended Complaint was filed was applicable in NCAA Divisions I, II, and III.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

9.    NCAA admits that the NCAA's Transgender Student-Athlete Participation Policy that was in effect at the time the Second Amended Complaint was filed provided for sport-specific testosterone thresholds that would apply in certain academic years and seasons.  In response to the allegation that 10 nanomoles per liter (nmol/L) is five times (5x) greater the highest level of testosterone any woman produces without doping, NCAA states that these allegations purport to summarize scientific opinion and ostensibly constitutes premature expert testimony.  NCAA states that it lacks sufficient independent knowledge or information sufficient to admit or deny these expert opinions, and on that basis, denies the allegations.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

10.    NCAA admits that the NCAA's Transgender Student-Athlete

Participation Policy that was in effect at the time the Second Amended Complaint was filed provided for sport-specific testosterone thresholds that would apply in certain academic years and seasons. In response to the allegation that in every single NCAA women's sport the NCAA's testosterone threshold applicable to males who seek to compete against women was higher than the highest testosterone level women can produce without doping, NCAA states that these allegations purport to summarize scientific opinion and ostensibly constitutes premature expert testimony. NCAA states that it lacks sufficient independent knowledge or information sufficient to admit or deny these expert opinions, and on that basis, denies the allegations. Except as expressly admitted, NCAA denies the allegations in this paragraph.

11. NCAA admits that the NCAA's Transgender Student-Athlete Participation Policy that was in effect at the time the Second Amended Complaint was filed provided for sport-specific testosterone thresholds that would apply in certain academic years and seasons. In response to the allegation that every single testosterone threshold applied by the NCAA was higher than the highest testosterone level women can produce without doping, NCAA states that these allegations purport to summarize scientific opinion and ostensibly constitutes premature expert testimony. NCAA states that it lacks sufficient independent knowledge or information sufficient to admit or deny these expert opinions, and on that basis, denies the allegations. Except as expressly admitted, NCAA denies the allegations

in this paragraph.

12.    The allegations in this paragraph are legal conclusions that do not require a response.    To the extent a response is required, NCAA denies the allegations in this paragraph.

13.    NCAA denies the allegations in this paragraph.

14.    The allegations in this paragraph are legal conclusions that do not require a response.  To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis, denies those allegations.

15.    The allegations in this paragraph are legal conclusions that do not require a response.  To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis, denies those allegations.

16.    The allegations in this paragraph are legal conclusions and legal argument that do not require a response.  To the extent a response is required, NCAA denies the allegations in this paragraph.

17.    The allegations in this paragraph are legal conclusions and legal argument that do not require a response.  To the extent a response is required, NCAA denies the allegations in this paragraph.

18.    The allegations in this paragraph are legal conclusions and legal

argument that do not require a response. To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis, denies those allegations.

19. The allegations in this paragraph are legal conclusions and legal argument that do not require a response. To the extent a response is required, NCAA denies the allegations in this paragraph.

20. The allegations in this paragraph are legal conclusions and legal argument that do not require a response. To the extent a response is required, NCAA denies the allegations in this paragraph.

**The NCAA Transgender Eligibility Policies Fail to Effectively Accommodate the Physical Abilities of Women and Give Women Equal Competitive Opportunities in Comparison to Men**

21. NCAA denies the allegations in this paragraph.

22. The allegations in this paragraph are legal conclusions that do not require a response. To the extent a response is required, NCAA admits that the quoted language appears in 34 C.F.R. § 106.41(c). Except as expressly admitted, NCAA denies the allegations in this paragraph.

23. The allegations in this paragraph are legal conclusions that do not require a response. To the extent a response is required, NCAA admits that the quoted language appears in 34 C.F.R. § 106.41(c). Except as expressly admitted, NCAA denies the allegations in this paragraph.

24.     The allegations in this paragraph are legal conclusions that do not require a response.  To the extent a response is required, NCAA admits that the quoted language appears in 44 Fed. Reg. 71,413-414, 71,417-418 (1979)).  Except as expressly admitted, NCAA denies the allegations in this paragraph.

25.     The allegations in this paragraph are legal conclusions that do not require a response.  To the extent a response is required, NCAA admits that the quoted language appears in 44 Fed. Reg. 71,414, 71,416-17 (1979)) and 34 C.F.R. § 106.41(c).  Except as expressly admitted, NCAA denies the allegations in this paragraph.

26.     NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

27.     NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

28.     The allegations in this paragraph, including all subparagraphs, are legal conclusions that do not require a response.  To the extent a response is required, NCAA denies the allegations in this paragraph.

29.     The allegations in this paragraph, including all subparagraphs, are legal conclusions that do not require a response.  To the extent a response is required, NCAA denies the allegations in this paragraph.

30.     The allegations in this paragraph are legal conclusions that do not

require a response. To the extent a response is required, NCAA denies the allegations in this paragraph.

31. The allegations in this paragraph are legal conclusions that do not require a response. To the extent a response is required, NCAA admits that the quoted language appears in 34 CFR § 106.33. Except as expressly admitted, NCAA denies the allegations in this paragraph.

32. The allegations in this paragraph are legal conclusions that do not require a response. To the extent a response is required, NCAA denies the allegations in this paragraph.

33. The allegations in this paragraph are legal conclusions that do not require a response. To the extent a response is required, NCAA denies the allegations in this paragraph.

34. The allegations in this paragraph purport to summarize scientific opinion and ostensibly constitutes premature expert testimony. The NCAA states that it lacks sufficient independent knowledge or information sufficient to admit or deny these expert opinions, and on that basis, denies those allegations.

35. The allegations in this paragraph purport to summarize scientific opinion and ostensibly constitutes premature expert testimony. The NCAA states that it lacks sufficient independent knowledge or information sufficient to admit or deny these expert opinions, and on that basis, denies those allegations.

36.     The allegations in this paragraph are legal conclusions that do not require a response.  To the extent a response is required, NCAA denies the allegations in this paragraph.

37.     The allegations in this paragraph, including all subparagraphs, are legal conclusions and legal argument that do not require a response.  To the extent a response is required, NCAA denies the allegations in this paragraph.

**The NCAA Purports to Interpret Title IX for Its Members**

38.     NCAA denies the allegations in this paragraph.

39.     NCAA admits that its Office of Inclusion published a resource titled "NCAA Inclusion of Transgender Student-Athletes" dated August 2011. Except as expressly admitted, NCAA denies the allegations in this paragraph.

40.     NCAA admits the quoted language is attributed to the document titled "NCAA Inclusion of Transgender Student-Athletes," which document speaks for itself.  NCAA denies that the full context of the quoted language supports the allegations of the Second Amended Complaint.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

41.     NCAA admits the quoted language is attributed to the document titled "NCAA Inclusion of Transgender Student-Athletes," which document speaks for itself.  NCAA denies that the full context of the quoted language supports the allegations of the Second Amended Complaint.  Except as expressly admitted,

NCAA denies the allegations in this paragraph.

42.    NCAA denies the allegations in this paragraph.

43.    NCAA admits the quoted language is attributed to the document titled "NCAA Board of Governors Statement on Transgender Participation," dated April 21, 2021, which document speaks for itself. NCAA denies that the full context of the quoted language supports the allegations of the Second Amended Complaint. Except as expressly admitted, NCAA denies the allegations in this paragraph.

44.    NCAA admits the document titled "On The Team: Equal Opportunity for Transgender Student Athletes," is available on the NCAA's website at the link provided in footnote 8. Except as expressly admitted, NCAA denies the allegations in this paragraph.

45.    NCAA admits the quoted language is attributed to the document "On The Team: Equal Opportunity for Transgender Student Athletes," which document speaks for itself. NCAA denies that the full context of the quoted language supports the allegations of the Second Amended Complaint. Except as expressly admitted, NCAA denies the allegations in this paragraph.

46.    NCAA denies the allegations in this paragraph.

47.    The allegations in this paragraph are legal conclusions that do not require a response. To the extent a response is required, NCAA admits that the United States Department of Education issued a proposed rule on April 13, 2023,

titled "Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance: Sex-Related Eligibility Criteria for Male and Female Athletic Teams." Except as expressly admitted, NCAA denies the allegations in this paragraph.

48.    NCAA denies the allegations in this paragraph.

49.    The allegations in this paragraph are legal conclusions and legal argument that do not require a response. To the extent a response is required, NCAA denies the allegations in this paragraph.

50.    The allegations in this paragraph are legal conclusions and legal argument that do not require a response. To the extent a response is required, NCAA denies the allegations in this paragraph.

51.    The allegations in this paragraph are legal conclusions and legal argument that do not require a response. To the extent a response is required, NCAA denies the allegations in this paragraph.

52.    The allegations in this paragraph are legal conclusions that do not require a response. To the extent a response is required, NCAA denies the allegations in this paragraph.

## JURISDICTION & VENUE

53.    The allegations in this paragraph are legal conclusions that do not require a response. To the extent a response is required, NCAA admits the

allegations in this paragraph.

54.    The allegations in this paragraph are legal conclusions that do not require a response.  To the extent a response is required, NCAA denies that Plaintiffs are entitled to declaratory or injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

55.    The allegations in this paragraph are legal conclusions that do not require a response.   To the extent a response is required, NCAA admits the allegations in this paragraph.

## THE PARTIES

### PLAINTIFFS WHO COMPETED AT 2022 NCAA SWIMMING AND DIVING CHAMPIONSHIPS

56.    NCAA admits that Swimmer A competed in the 2022 NCAA Championships.   Except as expressly admitted, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

57.    NCAA admits that Plaintiff Kylee Alons was on the North Carolina State University Swimming and Diving team, is an All-American swimmer, and competed at the 2022 NCAA Championships.  Except as expressly admitted, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

58.    NCAA admits that Grace Countie was on the University of North

Carolina Swimming and Diving Team, is an All-American swimmer, and competed in the 2022 NCAA Championships. Except as expressly admitted, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

59.    NCAA admits that Riley Gaines was on the University of Kentucky Swimming and Diving Team, is an All-American Swimmer, and competed in the 2022 NCAA Championships. Except as expressly admitted, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

60.    NCAA admits that Reka Gyorgy was on the Virginia Tech University Swimming and Diving Team, is an All-American swimmer, and competed in the 2022 NCAA Championships. Except as expressly admitted, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

61.    NCAA admits that Kaitlyn Wheeler was on the University of Kentucky Swimming and Diving Team, is an All-American swimmer, and competed in the 2022 NCAA Championships. Except as expressly admitted, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

## PLAINTIFFS CURRENTLY COMPETING AT NCAA DIVISION I INSTITUTIONS

62.    NCAA admits that Ainsley Erzen was on the University of Arkansas Soccer Team and the Track and Field Team.  Except as expressly admitted, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

63.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

64.    NCAA admits that Ellis Fox was on the Texas A&M University Swimming and Diving Team.  Except as expressly admitted, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

65.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.  To the extent a response is required, NCAA admits that Brooke Slusser was on the San Jose State University Volleyball team and the University of Alabama Volleyball team. Except as expressly admitted, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

## PLAINTIFF CURRENTLY COMPETING AT NCAA DIVISION II INSTITUTION

66.    NCAA admits that Nanea Merryman is on the Cedarville University Volleyball team.    Except as expressly admitted, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

## PLAINTIFFS CURRENTLY COMPETING AT NCAA DIVISION III INSTITUTIONS

67.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    On that basis, NCAA denies the allegations in this paragraph.

68.    NCAA admits that Elizabeth "Carter" Satterfield is on the Roanoke College Swim team.    Except as expressly admitted, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

69.    NCAA admits that Kaitlin "Katie" Blankinship is on the Roanoke College Swim team.    Except as expressly admitted, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

70.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is

required.  On that basis, NCAA denies the allegations in this paragraph.

71.    NCAA admits that Kate Pearson is on the Roanoke College Swim team. Except as expressly admitted, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

72.    NCAA admits that Julianna Morrow is on the Roanoke College Swim team. Except as expressly admitted, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

73.    NCAA admits that Halle Schart is on the Roanoke College Swim team. Except as expressly admitted, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

74.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

75.    NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

76.    NCAA denies the allegations in this paragraph.

77.    NCAA denies the allegations in this paragraph.

78.    NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

79.    NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

## NATIONAL COLLEGIATE ATHLETIC ASSOCIATION

80.    NCAA admits that it is an unincorporated association with headquarters and principal place of business in Indianapolis, Indiana at 700 West Washington Street, Indianapolis, Indiana 46202.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

## GEORGIA DEFENDANTS

81.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

82.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

83.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

84.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136),

the allegations in this paragraph relate to a dismissed party and no response is required. On that basis, NCAA denies the allegations in this paragraph.

85. Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required. On that basis, NCAA denies the allegations in this paragraph.

86. Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required. On that basis, NCAA denies the allegations in this paragraph.

87. Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required. On that basis, NCAA denies the allegations in this paragraph.

88. Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required. On that basis, NCAA denies the allegations in this paragraph.

89. Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required. On that basis, NCAA denies the allegations in this paragraph.

90. Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required. On that basis, NCAA denies the allegations in this paragraph.

91.     Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

92.     Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

93.     Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

94.     Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

95.     Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

96.     Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

97.     Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is

required.  On that basis, NCAA denies the allegations in this paragraph.

98.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

99.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

100.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

101.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

102.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

103.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

104.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136),

the allegations in this paragraph relate to a dismissed party and no response is required. On that basis, NCAA denies the allegations in this paragraph.

105. Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required. On that basis, NCAA denies the allegations in this paragraph.

106. Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required. On that basis, NCAA denies the allegations in this paragraph.

107. Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required. On that basis, NCAA denies the allegations in this paragraph.

108. Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required. On that basis, NCAA denies the allegations in this paragraph.

109. Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required. On that basis, NCAA denies the allegations in this paragraph.

110. Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required. On that basis, NCAA denies the allegations in this paragraph.

111.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

112.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

113.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

114.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

115.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

116.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

117.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is

required.  On that basis, NCAA denies the allegations in this paragraph.

118.   Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

119.   Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

120.   Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

121.   Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

## **GENERAL FACTUAL ALLEGATIONS**

### **GENERAL PRACTICES OF THE GEORGIA DEFENDANTS**

122.   Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

123.   Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is

required.  On that basis, NCAA denies the allegations in this paragraph.

124.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

125.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

126.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

127.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

## ORGANIZATION AND PRACTICES OF THE NCAA

128.    NCAA admits that it is an unincorporated association and that its members include colleges, universities, and athletic conferences.   Except as expressly admitted, NCAA denies the allegations in this paragraph.

129.    NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

130.    The allegations in this paragraph are legal conclusions that do not

require a response.  To the extent a response is required, NCAA states that it was formed prior to the existence of Title IX, and on that basis, denies those allegations.

131.   NCAA denies the allegations in this paragraph.

132.   NCAA admits the quoted language is attributed to the Constitution adopted by the NCAA member schools and conferences, which document speaks for itself.  NCAA denies that the full context of the quoted language supports the allegations of the Second Amended Complaint.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

### NCAA's Role in Controlling College Sports for its Members

133.   NCAA admits that it is a voluntary, membership association composed of colleges, universities and athletic conferences across the country that administers intercollegiate college athletics for its members.  The nearly 1,100 member schools promulgate their own rules and operating guidelines through an established legislative and governance process.  NCAA further admits that the legislation adopted by member institutions typically sets forth the requirements and expectations of member schools and conferences.  Except as expressly admitted, NCAA denies the allegations in this paragraph and all of its sub-parts.

134.   NCAA admits the quoted language is attributed to the Constitution adopted by the NCAA member schools and conferences, which document speaks for itself.  NCAA denies that the full context of the quoted language supports the

allegations of the Second Amended Complaint.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

135.   NCAA admits that this paragraph contains some partial quotes from the Constitution adopted by the NCAA member schools and conferences and the NCAA website.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

136.   NCAA admits the quoted language is attributed to the Constitution adopted by the NCAA member schools and conferences, which document speaks for itself.  NCAA denies that the full context of the quoted language supports the allegations of the Second Amended Complaint.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

137.   NCAA denies the allegations in this paragraph and all of its sub-parts.

138.   NCAA denies the allegations in this paragraph.

139.   NCAA admits that Article 2.C.4 of Constitution adopted by the NCAA member schools and conferences provides that conferences: (a) "[m]ust adhere to the principles and provisions in this Constitution and those established by their division, including in the conduct of athletics events"; (b) "[m]ust provide to student-athletes any conference policies for its licensing, marketing, sponsorship, advertising, and other commercial agreements that may involve use of a student-athlete's name, image or likeness"; and (c) "[s]hall comply completely and promptly

with the rules and regulations governing the division enforcement process and shall cooperate fully in that process as a condition of membership in the Association." Except as expressly admitted, NCAA denies the allegations in this paragraph and all of its sub-parts.

140.    NCAA admits that it has a Board of Governors and that there are divisions, as set forth in the Constitution adopted by the NCAA member schools and conferences, which document speaks for itself.    Except as expressly admitted, NCAA denies the allegations in this paragraph.

141.    NCAA admits that the NCAA Board of Governors employs the NCAA President and that the NCAA Board of Governors, annually, in consultation with the governing boards of the three divisions, evaluates the NCAA President.    Except as expressly admitted, NCAA denies the allegations in this paragraph.

142.    NCAA admits that the Constitution adopted by the NCAA member schools and conferences, which document speaks for itself, states that the NCAA President undertakes "other actions necessary to accomplish the purposes of the Association as determined by the Board of Governors and divisional leadership bodies."    NCAA denies that the full context of the quoted language supports the allegations of the Second Amended Complaint.    Except as expressly admitted, NCAA denies the allegations in this paragraph.

143.    NCAA admits that a duty and responsibility of the NCAA Board of

Governors is to monitor adherence by the divisions to the principles in Article I of the Constitution adopted by the NCAA member schools and conferences.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

144.   NCAA denies the allegations in this paragraph.

145.   NCAA denies the allegations in this paragraph and all of its sub-parts.

146.   NCAA denies the allegations in this paragraph.

147.   NCAA denies the allegations in this paragraph and all of its sub-parts.

148.   NCAA admits that it receives revenue from television and marketing rights and ticket sales for championships, which NCAA, a nonprofit organization, distributes in several ways.   Except as expressly admitted, NCAA denies the allegations in this paragraph.

149.   NCAA denies the allegations in this paragraph as stated. In further response, NCAA states that its membership, through its governance structure, is responsible for determining the NCAA's budget.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

150.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

151.   NCAA admits that it makes certain revenue distributions to its membership.  Except as expressly admitted, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis,

denies those allegations.

152.   NCAA admits that it makes certain revenue distributions to its membership.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

153.   NCAA denies the allegations in this paragraph as written. In further response, NCAA denies that it has distributed more than $600,000,000 annually to its members during each year of its existence.

154.   NCAA admits that its membership has created a Division I Basketball Performance Fund and Division I Equal Conference Fund, which in part distributes revenue to conferences that meet the athletic and academic standards to play in the men's basketball tournament and to conferences and independent schools based on their performance in the men's basketball tournament.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

155.   NCAA admits that it provides divisions and conferences with funds for certain grants and initiatives.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

156.   NCAA denies the allegations in this paragraph.

157.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

### NCAA Role in Supporting Mental and Physical Health, Safety and Performance of Student-Athletes in Collegiate Sport

158.   NCAA admits that the Constitution adopted by the NCAA member schools and conferences states: "[w]hen requested by a Board of Governors recognized committee, the Committee on Competitive Safeguards and Medical Aspects of Sports or a division, develop and promulgate guidance, rules and policies based on consensus of the medical, scientific, sports medicine and sport governing communities, as appropriate, for student-athlete physical and mental health, safety and performance."  It further admits that its member schools and conferences have formed rules committees for certain NCAA sports.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

159.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

160.   NCAA admits sport-related concussion is an inherent risk in all contact and collision sport and that it has a long history, in collaboration with multiple key stakeholders, of evaluating the impact of concussions and repetitive head impacts, as well as promoting research and making educational resources available to its member schools on the potential effects of head injuries in sports.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

161.   NCAA admits that it supports and promotes healthy and safe

intercollegiate athletics, including national championships. Except as expressly admitted, NCAA denies the allegations in this paragraph.

162. NCAA admits that Constitution adopted by the NCAA member schools and conferences states, in part: "All members of the NCAA must . . . Establish an administrative structure that provides independent medical care for student-athletes, affirms the autonomous authority of primary athletics health care providers, and implements NCAA guidance, rules and policies based on consensus of the medical, scientific, sports medicine, and sport governing communities." Except as expressly admitted, NCAA denies the allegations in this paragraph.

163. NCAA admits the NCAA Sports Science Institute's mission is to promote and develop safety, excellence and wellness in college student-athletes, and to foster lifelong physical and mental development. Except as expressly admitted, NCAA denies the allegations in this paragraph.

164. NCAA admits that it provided funding for a grant to the National Sport Concussion Outcomes Study Consortium. Except as expressly admitted, NCAA denies the allegations in this paragraph.

165. NCAA admits that starting in 2014, the DoD and NCAA began to provide funding to the Concussion Assessment, Research and Education Consortium, which was created to advance certain research activities for the purpose of addressing concussion and repetitive head impact exposure. Except as expressly

admitted, NCAA denies the allegations in this paragraph.

166. NCAA admits that the partially quoted language is attributed to President Obama. NCAA denies that the full context of the quoted language supports the allegations of the Second Amended Complaint. Except as expressly admitted, NCAA denies the allegations in this paragraph.

167. NCAA admits the quoted language is available on the NCAA webpage, *Concussion Data and Research*, which document speaks for itself. NCAA denies that the full context of the quoted language supports the allegations of the Second Amended Complaint. Except as expressly admitted, NCAA denies the allegations in this paragraph.

168. NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

169. NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

170. NCAA admits that the following quoted language is attributed to the NCAA's former Chief Medical Officer Dr. Brian Hainline: "We are confident this award from MTEC, coupled with additional funding from the NCAA and DoD, will provide us the support to develop an array of interventions that might mitigate possible long-term effects of concussion or HIE." NCAA denies that the full context of the quoted language supports the allegations of the Second Amended Complaint,

and further denies that it has received any funding from the DoD or the MTEC as part of that initiative.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

171.   NCAA admits the quoted language is attributed to an NCAA webpage, which document speaks for itself, and further admits that the NCAA provides funds to this initiative.  NCAA denies that the full context of the quoted language supports the allegations of the Second Amended Complaint, and further denies that it has received any federal funding as part of that initiative.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

172.   NCAA admits that the NCAA Sport Science Institute and the U.S. Department of Defense have co-hosted multiple Grand Alliance Concussion Conferences.  NCAA denies that it has received any federal funding as part of that initiative.   Except as expressly admitted, NCAA denies the allegations in this paragraph.

173.   NCAA admits the quoted language is attributed to U.S. Army Medical Research and Development Command, *Research Supporting a Lifetime of Brain Injury*, which document speaks for itself.  NCAA denies that the full context of the quoted language supports the allegations of the Second Amended Complaint. Except as expressly admitted, NCAA denies the allegations in this paragraph.

174.   NCAA admits that its website references the NCAA-DOD Grand

Alliance and funds contributed to the Concussion Assessment, Research and Education Consortium by the Department of Defense and the NCAA, respectively. NCAA denies that it has received any federal funding as part of that initiative. Except as expressly admitted, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

175.   NCAA denies the allegations in this paragraph.

176.   NCAA denies the allegations in this paragraph.

## THE ASSOCIATION-WIDE NATURE OF THE NCAA'S TRANSGENDER ELIGIBILITY POLICIES

177.   NCAA admits that its Board of Governors decided to implement the NCAA's Transgender Student-Athlete Participation Policy in effect at the time the Second Amended Complaint was filed. Except as expressly admitted, NCAA denies the allegations in this paragraph.

178.   NCAA admits that its Board of Governors decided to implement the NCAA's Transgender Student-Athlete Participation Policy in effect at the time the Second Amended Complaint was filed. Except as expressly admitted, NCAA denies the allegations in this paragraph.

179. NCAA admits that the NCAA's Transgender Student-Athlete Participation Policy in effect at the time the Second Amended Complaint applied to

NCAA competition during the time it was in effect.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

180.  NCAA admits that the NCAA's Transgender Student-Athlete Participation Policy in effect at the time the Second Amended Complaint applied to NCAA Championships competition during the time it was in effect.  NCAA further admits that it oversees NCAA Championships.   Except as expressly admitted, NCAA denies the allegations in this paragraph.

181.  NCAA admits that the Constitution adopted by its member schools and conferences states the Association "is committed to diversity, equity and inclusion." Except as expressly admitted, NCAA denies the allegations in this paragraph.

182.  NCAA admits that the Constitution adopted by its member schools and conferences states the Association supports and promotes "healthy and safe intercollegiate athletics," and that "[w]hen requested by a Board of Governors recognized committee, the Committee on Competitive Safeguards and Medical Aspects of Sports or a division, develop and promulgate guidance, rules and policies based on consensus of the medical, scientific, sports medicine and sport governing communities, as appropriate, for student-athlete physical and mental health, safety and performance."  Except as expressly admitted, NCAA denies the allegations in this paragraph.

183.  NCAA admits that the NCAA's Transgender Student-Athlete

Participation Policy in effect at the time the Second Amended Complaint was filed applied to NCAA competition while it was in effect.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

184.  NCAA admits that the NCAA's Transgender Student-Athlete Participation Policy in effect at the time the Second Amended Complaint was filed applied to NCAA competition while it was in effect.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

185.  NCAA admits that the NCAA's Transgender Student-Athlete Participation Policy in effect at the time the Second Amended Complaint was filed applied to NCAA competition, including NCAA Championships, while it was in effect.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

186.  NCAA denies the allegations in this paragraph.

## NCAA'S RECENT HISTORY OF DISCRIMINATION TOWARDS WOMEN

187.  NCAA denies the allegations in this paragraph.

188.  NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

189.  NCAA denies the allegations in this paragraph.

190.  NCAA admits that in 2021, it retained the law firm Kaplan Hecker & Fink LLP ("Kaplan") to conduct an external review of NCAA championships and

that Kaplan issued two reports, which speak for themselves.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

191.  NCAA admits the quoted language is attributed to a 2021 report from Kaplan Hecker & Fink LLP, which document speaks for itself.  NCAA denies that the full context of the quoted language supports the allegations of the Second Amended Complaint.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

192.  NCAA admits that a paragraph of a 2021 report from Kaplan Hecker & Fink LLP states that, "Despite the numerous NCAA championships in which resources are allocated equitably or even equally, spending per Division I and NC championship participant (excluding basketball) in 2018-19 was $4,285 on the men's side compared to $2,588 on the women's—a difference of $1,697 per student-athlete.  Of course, a calculation of average spending per student-athlete does not explain the potential reasons for these differences (*e.g.*, fan attendance), but it can still serve as one useful benchmark in examining gender equity in the allocation of resources between men's and women's championships."  Except as expressly admitted, NCAA denies the allegations in this paragraph.

193.  NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

194.  NCAA lacks knowledge or information sufficient to form a belief as to

the allegations in this paragraph, and on that basis, denies those allegations.

195.    NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

196.    NCAA admits the quoted language is attributed to a letter dated March 14, 2022, from then-U.S. House Representatives Carolyn Maloney, Jackie Speier, and Mikie Sherrill, which document speaks for itself.  NCAA denies that the full context of the quoted language supports the allegations of the Second Amended Complaint.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

## NCAA'S DEVELOPMENT AND IMPLEMENTATION OF TRANSGENDER ELIGIBILITY POLICIES
### The 2010 NCAA Policy on Transgender Student-Athlete Participation

197.    NCAA admits that Appendix C is a copy of the 2010 NCAA Policy on Transgender Student-Athlete Participation.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

198.    NCAA admits that the 2010 NCAA Policy on Transgender Student-Athlete Participation states, in part, that: "A trans female (MTF) student-athlete being treated with testosterone suppression medication for gender dysphoria for the purposes of NCAA competition may continue to compete on a men's team but may not compete on a women's team without changing it to a mixed team status until completing one calendar year of testosterone suppression treatment."  NCAA denies

that the full context of the quoted language supports the allegations of the Second Amended Complaint.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

199.   NCAA admits that the 2010 NCAA Policy on Transgender Student-Athlete Participation did not specify testosterone levels.   Except as expressly admitted, NCAA denies the allegations in this paragraph.

200.   NCAA admits that the 2010 NCAA Policy on Transgender Student-Athlete Participation did not describe an independent testing or monitoring of hormone levels, but notes that NCAA members are required to hold themselves accountable to comply with rules approved by the membership.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

201.   NCAA admits that the 2010 NCAA Policy on Transgender Student-Athlete Participation did not include language requiring evaluation of any competitive advantage of male athletes competing on a women's team or require any evaluation of increased risk of injury to women student-athletes.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

202.   NCAA denies the allegations in this paragraph.

203.   NCAA admits that the quoted language is attributed to the NCAA's Transgender Student-Athlete Participation Policy in effect at the time the Second Amended Complaint was filed, which document speaks for itself.  NCAA denies

that the full context of the quoted language supports the allegations of the Second Amended Complaint. Except as expressly admitted, NCAA denies the allegations in this paragraph.

204. NCAA admits that the Transgender Student-Athlete Participation Policy that was in effect at the time the Second Amended Complaint was filed provided for sport-specific testosterone thresholds and that Phase Two of the policy required meeting the sport standard for documented testosterone levels at three points in time. Except as expressly admitted, NCAA denies the allegations in this paragraph.

### Origin of the 2010 NCAA Policy on Transgender Student-Athlete Participation

205. NCAA denies the allegations in this paragraph.

206. NCAA denies the allegations in this paragraph.

207. NCAA denies the allegations in this paragraph.

208. NCAA denies the allegations in this paragraph.

209. NCAA admits the quoted language is attributed to "On The Team: Equal Opportunity for Transgender Student Athletes," which document speaks for itself. NCAA denies that the full context of the quoted language supports the allegations of the Second Amended Complaint. Except as expressly admitted, NCAA lacks knowledge or information sufficient to form a belief as to the

allegations in this paragraph, and on that basis, denies those allegations.

210.   The NCAA admits that in 2009, representatives from the NCAA attended a "think tank" sponsored by National Center on Lesbian Rights and Women Sports Foundation. Except as expressly admitted, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

211.   NCAA responds that the report entitled "On The Team: Equal Opportunity for Transgender Student Athletes" speaks for itself, and on that basis, denies the allegations in this paragraph.

212.   NCAA admits that in April 2011, the NCAA Executive Committee heard a presentation regarding transgender student-athletes and reported that it "noted the NCAA's effort to better educate institutions about accommodating the interests of student-athletes who are transitioning and to develop Association-wide policies regarding transgender student-athlete participation in college sports." Except as expressly admitted, NCAA denies the allegations in this paragraph.

213.   NCAA admits the allegations in this paragraph.

214.   NCAA admits that in August 2011, the NCAA Executive Committee approved the 2010 NCAA Policy on Transgender Student-Athlete Participation following receipt of various input and discussion.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

215.   NCAA denies the allegations in this paragraph.

**April 27, 2016, NCAA Adopts Championship Bid Policy and Questionnaire**

216.   NCAA admits that on April 27, 2016, its Board of Governors adopted requirements for sites hosting or bidding on NCAA events in all divisions.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

217.   NCAA denies the allegations in this paragraph.

218.   NCAA admits the quoted language is attributed to the "NCAA Championships – Anti-Discrimination Policy," which document speaks for itself. NCAA denies that the full context of the quoted language supports the allegations of the Second Amended Complaint.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

219.   NCAA admits the quoted language is attributed to the "NCAA Championships – Anti-Discrimination Policy," which document speaks for itself. NCAA denies that the full context of the quoted language supports the allegations of the Second Amended Complaint.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

220.   NCAA admits the quoted language is attributed to the "NCAA Championships – Anti-Discrimination Policy," which document speaks for itself. NCAA denies that the full context of the quoted language supports the allegations of the Second Amended Complaint.  Except as expressly admitted, NCAA denies

the allegations in this paragraph.

221.    NCAA admits Appendix D is a copy of a version of the "NCAA Event – Non-Discrimination Policy", which was used for a certain time beginning in 2016. Except as expressly admitted, NCAA denies the allegations in this paragraph.

222.    NCAA admits that the Committee to Promote Cultural Diversity and Equity is referenced in the "NCAA Championships – Anti-Discrimination Policy," which document speaks for itself.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

223.    NCAA admits the quoted language is attributed to the "NCAA Event – Non-Discrimination Policy", which document speaks for itself.  NCAA denies that the full context of the quoted language supports the allegations of the Second Amended Complaint.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

224.    NCAA denies the allegations in this paragraph.

225.    NCAA denies the allegations in this paragraph.

226.    NCAA admits the allegations in this paragraph quote from the "NCAA Event – Non-Discrimination Policy", which document speaks for itself.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

227.    NCAA admits that it discontinued the use of the Bid Questionnaire on April 26, 2022.  Except as expressly admitted, NCAA denies the allegations in this

paragraph.

228.    NCAA denies the allegations in this paragraph.

## June 11, 2020, NCAA Board of Governors Statement
## on Idaho Sports Bill

229.    NCAA admits that on June 11, 2020, its Board of Governors released a statement regarding Idaho's House Bill 500, which speaks for itself.    Except as expressly admitted, NCAA denies the allegations in this paragraph.

230.    NCAA admits that the quoted language is attributed to its Board of Governors' June 11, 2020 statement, which speaks for itself.    NCAA denies that the full context of the quoted language supports the allegations of the Second Amended Complaint.    Except as expressly admitted, NCAA denies the allegations in this paragraph.

231.    NCAA admits that the quoted language is attributed to its Board of Governors' June 11, 2020 statement, which speaks for itself.    NCAA denies that the full context of the quoted language supports the allegations of the Second Amended Complaint.    Except as expressly admitted, NCAA denies the allegations in this paragraph.

## April 12, 2021, NCAA Board of Governors Statement

232.    NCAA admits that on April 12, 2021, its Board of Governors released a statement regarding transgender participation.    Except as expressly admitted,

NCAA denies the allegations in this paragraph.

233.    NCAA admits that the quoted language is attributed to its Board of Governors' April 12, 2021 statement, which speaks for itself.  NCAA denies that the full context of the quoted language supports the allegations of the Second Amended Complaint.    Except as expressly admitted, NCAA denies the allegations in this paragraph.

234.    NCAA admits that its Board of Governors' April 12, 2021 statement includes a hyperlink to a document titled "NCAA Inclusion of Transgender Student-Athletes."    Except as expressly admitted, NCAA denies the allegations in this paragraph.

### August 3, 2021, NCAA Board of Governors Meeting

235.    NCAA admits that the quoted language is attributed to a Report of the NCAA Board of Governors August 3, 2021, Videoconference, which document speaks for itself.  NCAA denies that the full context of the quoted language supports the allegations of the Second Amended Complaint.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

236.    NCAA admits that the quoted language in the Report of the NCAA Board of Governors August 3, 2021, Videoconference webpage includes a hyperlink to the document titled NCAA Inclusion of Transgender Student-Athletes.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

237.   NCAA admits that at the August 3, 2021, videoconference, the board received an update on outcomes of the October 2020 NCAA Gender Identity and Student-Athlete Participation Summit.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

238.   NCAA admits that the quoted language is attributed to a document titled "Report of the NCAA Goard of Governors August 2, 2021, Videoconference", which document speaks for itself.  NCAA denies that the full context of the quoted language supports the allegations of the Second Amended Complaint.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

## Fall 2022, Lia Thomas' Participation in Collegiate Women's Swimming Draws National Interest

239.   NCAA admits that Lia Thomas was rostered as a member of the University of Pennsylvania's women's swimming team during the 2021-2022 season and was previously rostered as a member of the University of Pennsylvania's men's swimming team during the 2017-2019, 2018-2019, and 2019-2020 seasons. Except as expressly admitted, NCAA denies the allegations in this paragraph.

240.   NCAA admits that Lia Thomas's competitive performances resulted in national attention on its Transgender Student-Athlete Participation Policy that was in effect at the time the Second Amended Complaint was filed.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

**January 6, 2022, Ivy League Declaration of Public Support for NCAA Transgender Eligibility Policies**

241.   NCAA admits that the quoted language is attributed to a January 6, 2022 statement issued by the Ivy League, which document speaks for itself.  NCAA denies that the full context of the quoted language supports the allegations of the Second Amended Complaint.   Except as expressly admitted, NCAA denies the allegations in this paragraph.

**January 19, 2022, NCAA Board of Governors Announces NCAA Will Follow Transgender Eligibility Rules of U.S. Governing Bodies of Olympic Sports**

242.   NCAA admits that on January 19, 2022, the NCAA's Board of Governors voted to update the NCAA's Transgender Student-Athlete Participation Policy to provide for a sport-by-sport approach.   Except as expressly admitted, NCAA denies the allegations in this paragraph.

243.   NCAA admits that an announcement related to the Board of Governors' January 19, 2022, decision to update the NCAA's Transgender Student-Athlete Participation Policy stated that, "Like the Olympics, the updated NCAA policy calls for transgender participation for each sport to be determined by the policy for the national governing body of that sport."  Except as expressly admitted, NCAA denies the allegations in this paragraph.

244.   NCAA admits that the quoted language is attributed to a January 19, 2022 press release, which document speaks for itself.  Except as expressly admitted,

NCAA denies the allegations in this paragraph.

245.    NCAA admits that the NCAA's Transgender Student-Athlete Participation Policy that was in effect at the time the Second Amended Complaint was a sport-by-sport approach, which called for transgender student-athlete participation for each sport to be determined by the policy for the national governing body of that sport.  If there is no NGB policy for a sport, it would then be determined by the policy for that sport's international federation.  If there is no international federation policy, it would be determined by policy criteria previously established by the International Olympic Committee.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

246.    NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

247.    NCAA denies the allegations in this paragraph.

### February 1, 2022, USA Swimming Adopts Transgender Eligibility Rules

248.    NCAA denies the allegations in this paragraph.

249.    NCAA admits that on February 1, 2022, USA Swimming released an "Athlete Inclusion, Competitive Equity, and Eligibility Policy", which speaks for itself. Except as expressly admitted, NCAA denies the allegations in this paragraph.

250.    NCAA admits that on February 1, 2022, USA Swimming released an

"Athlete Inclusion, Competitive Equity, and Eligibility Policy", which speaks for itself. Except as expressly admitted, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

251. NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

**February 10, 2022, NCAA Declines to Apply USA Swimming Rules**

252. NCAA admits that the partially quoted language appears in an announcement regarding the Board of Governors' January 19, 2022 decision to update the NCAA's Transgender Student-Athlete Participation Policy. Except as expressly admitted, NCAA denies the allegations in this paragraph.

253. NCAA admits the partially quoted language is attributed to a February 10, 2022 publication, which speaks for itself. NCAA denies that the full context of the quoted language supports the allegations of the Second Amended Complaint. Except as expressly admitted, NCAA denies the allegations in this paragraph.

254. NCAA denies the allegations in this paragraph.

255. NCAA denies the allegations in this paragraph.

256. NCAA denies the allegations in this paragraph.

257. NCAA admits that Lia Thomas participated in the 2022 NCAA Division I Women's Swimming and Diving National Championships. Except as

expressly admitted, NCAA denies the allegations in this paragraph.

## THE NCAA'S CURRENT TRANSGENDER ELIGIBILITY POLICIES

258.   NCAA admits the partially quoted language is attributed to a statement made by then-NCAA President Mark Emmert, which speaks for itself.   NCAA denies that the full context of the quoted language supports the allegations of the Second Amended Complaint.   Except as expressly admitted, NCAA denies the allegations in this paragraph.

259.   NCAA admits that the Transgender Student-Athlete Participation Policy that was in effect at the time the Second Amended Complaint had three phases for implementation.   Except as expressly admitted, NCAA denies the allegations in this paragraph.

260.   NCAA denies the allegations in this paragraph.

261.   NCAA denies the allegations in this paragraph.

262.   NCAA denies the allegations in this paragraph.

263.   NCAA admits that the Transgender Student-Athlete Participation Policy that was in effect at the time the Second Amended Complaint had three phases for implementation.   Except as expressly admitted, NCAA denies the allegations in this paragraph.

264.   NCAA admits that on January 11, 2023, its Board of Governors voted to extend Phase Two of the NCAA's Transgender Student-Athlete Participation

Policy in effect at that time through the 2023-24 academic year with Phase Three to be effective in the 2024-25 academic year.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

265.   NCAA denies the allegations in this paragraph.

266.   NCAA admits that as of February 6, 2025, it changed its Participation Policy for Transgender Student-Athletes.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

267.  NCAA admits that the quoted language appears in the NCAA's Transgender Student-Athlete Participation Policy that was in effect at the time the Second Amended Complaint was filed.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

268.  NCAA admits that the NCAA's Transgender Student-Athlete Participation Policy that was in effect at the time the Second Amended Complaint was filed provided for sport-specific testosterone thresholds that would apply in certain academic years and seasons, required documentation of at least one calendar year of testosterone suppression treatment, and required documentation of testosterone levels at three points in time, for transgender student-athletes to participate in NCAA competition on a women's team.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

269.   NCAA denies the allegations in this paragraph.

## DISCRIMINATORY IMPACTS OF THE NCAA'S CURRENT TRANSGENDER ELIGIBILITY POLICIES

### The Premise of the NCAA's Transgender Eligibility Policies—that Men Can Equally, Fairly, and Lawfully Compete in Women's Sports Through Testosterone Suppression—is Flawed

### The Male-Female Sport Performance Gap

270.    The allegations in this paragraph are legal conclusions that do not require a response.  To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

271.    The allegations in this paragraph purport to summarize scientific opinion and ostensibly constitute premature expert testimony.  The NCAA states that it lacks sufficient independent knowledge or information sufficient to admit or deny these expert opinions, and on that basis, denies those allegations.

272.    NCAA admits the quoted language is attributed to Hilton, E.N., Lundberg, T.R., "Transgender Women in the Female Category of Sport: Perspectives on Testosterone Suppression and Performance Advantage," *Sports Medicine* (2021) 51:199-214, p. 199, which document speaks for itself.  Except as expressly admitted, the allegations in this paragraph purport to summarize scientific opinion and ostensibly constitute premature expert testimony.  The NCAA states that it lacks sufficient independent knowledge or information sufficient to admit or deny these expert opinions, and on that basis, denies those allegations.

273.   NCAA admits this paragraph and chart is attributed to Hilton, E.N., Lundberg, T.R., "Transgender Women in the Female Category of Sport: Perspectives on Testosterone Suppression and Performance Advantage," *Sports Medicine* (2021) 51:199-214, p. 199, which document speaks for itself.  Except as expressly admitted, the allegations in this paragraph purport to summarize scientific opinion and ostensibly constitute premature expert testimony.  The NCAA states that it lacks sufficient independent knowledge or information sufficient to admit or deny these expert opinions, and on that basis, denies those allegations.

274.   The allegations in this paragraph purport to summarize scientific opinion and ostensibly constitute premature expert testimony.  The NCAA states that it lacks sufficient independent knowledge or information sufficient to admit or deny these expert opinions, and on that basis, denies those allegations.

275.   The allegations in this paragraph purport to summarize scientific opinion and ostensibly constitute premature expert testimony.  The NCAA states that it lacks sufficient independent knowledge or information sufficient to admit or deny these expert opinions, and on that basis, denies those allegations.

276.   The allegations in this paragraph purport to summarize scientific opinion and ostensibly constitute premature expert testimony.  The NCAA states that it lacks sufficient independent knowledge or information sufficient to admit or deny these expert opinions, and on that basis, denies those allegations.

277.   NCAA admits the quoted language is attributed to Handelsman, D.J., Hirschberg, A.L., Bermon, S., "Circulating Testosterone as the Hormonal Basis of Sex Differences in Athletic Performance," *Endocr. Rev.* 2018 Oct; 39(5): 803-829, which document speaks for itself.  Except as expressly admitted, the allegations in this paragraph purport to summarize scientific opinion and ostensibly constitute premature expert testimony.  The NCAA states that it lacks sufficient independent knowledge or information sufficient to admit or deny these expert opinions, and on that basis, denies those allegations.

278.   NCAA admits the quoted language is attributed to Handelsman, D.J., Hirschberg, A.L., Bermon, S., "Circulating Testosterone as the Hormonal Basis of Sex Differences in Athletic Performance," *Endocr. Rev.* 2018 Oct; 39(5): 803-829, which document speaks for itself.  Except as expressly admitted, the allegations in this paragraph purport to summarize scientific opinion and ostensibly constitute premature expert testimony.  The NCAA states that it lacks sufficient independent knowledge or information sufficient to admit or deny these expert opinions, and on that basis, denies those allegations.

279.   NCAA admits the quoted language is attributed to Handelsman, D.J., Hirschberg, A.L., Bermon, S., "Circulating Testosterone as the Hormonal Basis of Sex Differences in Athletic Performance," *Endocr. Rev.* 2018 Oct; 39(5): 803-829, which document speaks for itself.  Except as expressly admitted, the allegations in

this paragraph purport to summarize scientific opinion and ostensibly constitute premature expert testimony. The NCAA states that it lacks sufficient independent knowledge or information sufficient to admit or deny these expert opinions, and on that basis, denies those allegations.

280.   NCAA admits the quoted language is attributed to Handelsman, D.J., Hirschberg, A.L., Bermon, S., "Circulating Testosterone as the Hormonal Basis of Sex Differences in Athletic Performance," *Endocr. Rev.* 2018 Oct; 39(5): 803-829, which document speaks for itself. Except as expressly admitted, the allegations in this paragraph purport to summarize scientific opinion and ostensibly constitute premature expert testimony. The NCAA states that it lacks sufficient independent knowledge or information sufficient to admit or deny these expert opinions, and on that basis, denies those allegations.

281.   The allegations in this paragraph purport to summarize scientific opinion and ostensibly constitute premature expert testimony. The NCAA states that it lacks sufficient independent knowledge or information sufficient to admit or deny these expert opinions, and on that basis, denies those allegations.

282.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

283.   NCAA admits the chart is attributed to Ross Tucker and derived from: Coleman, D.L., Joyner, M.J., Lopiano, D., "Re-Affirming the Value of the Sports

Exception to Title IX's General Non-Discrimination Rule," *Duke Journal of Genera Law & Policy*, Vol. 27:69-134, p. 89., which document speaks for itself.  Except as expressly admitted, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

284.   NCAA admits the chart is attributed to Ross Tucker and derived from: Coleman, D.L., Joyner, M.J., Lopiano, D., "Re-Affirming the Value of the Sports Exception to Title IX's General Non-Discrimination Rule," Duke Journal of Genera Law & Policy, Vol. 27:69-134, p. 89., which document speaks for itself.  Except as expressly admitted, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

285.   NCAA admits the table is attributed to Reproduced from: Hilton, E.N., Lundberg, T., "Transgender Women in the Female Category of Sport: Perspectives on Testosterone Suppression and Performance Advantage," *Sports Medicine*, (2021) 51:199-214, p. 204, Table 3, which document speaks for itself.  Except as expressly admitted, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

286.   The allegations in this paragraph are legal conclusions that do not require a response.  To the extent a response is required, the allegations in this

paragraph purport to summarize scientific opinion and ostensibly constitute premature expert testimony. The NCAA states that it lacks sufficient independent knowledge or information sufficient to admit or deny these expert opinions, and on that basis, denies those allegations.

287. The allegations in this paragraph purport to summarize scientific opinion and ostensibly constitute premature expert testimony. The NCAA states that it lacks sufficient independent knowledge or information sufficient to admit or deny these expert opinions, and on that basis, denies those allegations.

288. The allegations in this paragraph are legal conclusions that do not require a response. To the extent a response is required, the allegations in this paragraph purport to summarize scientific opinion and ostensibly constitute premature expert testimony. The NCAA states that it lacks sufficient independent knowledge or information sufficient to admit or deny these expert opinions, and on that basis, denies those allegations.

289. The allegations in this paragraph are legal conclusions that do not require a response. To the extent a response is required, the allegations in this paragraph purport to summarize scientific opinion and ostensibly constitute premature expert testimony. The NCAA states that it lacks sufficient independent knowledge or information sufficient to admit or deny these expert opinions, and on that basis, denies those allegations.

**Testosterone Suppression Does Not Bridge the Male-Female Sport Performance Gap**

290.    The allegations in this paragraph are legal conclusions that do not require a response.  To the extent a response is required, NCAA admits that the NCAA's Transgender Student-Athlete Participation Policy that was in effect at the time the Second Amended Complaint was filed provided for sport-specific testosterone thresholds that would apply in certain academic years and seasons.  Except as expressly admitted, the allegations in this paragraph purport to summarize scientific opinion and ostensibly constitute premature expert testimony. The NCAA states that it lacks sufficient independent knowledge or information sufficient to admit or deny these expert opinions, and on that basis, denies those allegations.

291.  NCAA admits that the NCAA's Transgender Student-Athlete Participation Policy that was in effect at the time the Second Amended Complaint was filed provided for sport-specific testosterone thresholds that would apply in certain academic years and seasons.  Except as expressly admitted, the allegations in this paragraph purport to summarize scientific opinion and ostensibly constitute premature expert testimony.  The NCAA states that it lacks sufficient independent knowledge or information sufficient to admit or deny these expert opinions, and on that basis, denies those allegations.

292.  NCAA admits that the NCAA's Transgender Student-Athlete

Participation Policy that was in effect at the time the Second Amended Complaint was filed provided for sport-specific testosterone thresholds that would apply in certain academic years and seasons, required documentation of at least one calendar year of testosterone suppression treatment, and required documentation of testosterone levels at three points in time, for transgender student-athletes to participate in NCAA competition on a women's team. Except as expressly admitted, NCAA denies the allegations in this paragraph.

293.   The allegations in this paragraph purport to summarize scientific opinion and ostensibly constitute premature expert testimony. The NCAA states that it lacks sufficient independent knowledge or information sufficient to admit or deny these expert opinions, and on that basis, denies those allegations.

294.   NCAA admits the quoted language is attributed to Wiik, Anna, et al., "Muscle Strength, Size, and Composition Following 12 Months of Gender-affirming Treatment in Transgender Individuals," *J Clin Endocrinol Metab*, March 2020, 105(3):e805–e813, available at: https://academic.oup.com/jcem. (accessed Mar. 14, 2024), which document speaks for itself. Except as expressly admitted, the allegations in this paragraph purport to summarize scientific opinion and ostensibly constitute premature expert testimony. The NCAA states that it lacks sufficient independent knowledge or information sufficient to admit or deny these expert opinions, and on that basis, denies those allegations.

295.  NCAA admits the quoted language is attributed to Hilton, E.N., Lundberg, T., "Transgender Women in the Female Category of Sport: Perspectives on Testosterone Suppression and Performance Advantage," *Sports Medicine*, (2021) 51:199-214, p. 211, which document speaks for itself.  Except as expressly admitted, the allegations in this paragraph purport to summarize scientific opinion and ostensibly constitute premature expert testimony.  The NCAA states that it lacks sufficient independent knowledge or information sufficient to admit or deny these expert opinions, and on that basis, denies those allegations.

296.  NCAA admits the quoted language is attributed to Hilton, E.N., Lundberg, T., "Transgender Women in the Female Category of Sport: Perspectives on Testosterone Suppression and Performance Advantage," *Sports Medicine*, (2021) 51:199-214, p. 211, which document speaks for itself.  Except as expressly admitted, the allegations in this paragraph purport to summarize scientific opinion and ostensibly constitute premature expert testimony.  The NCAA states that it lacks sufficient independent knowledge or information sufficient to admit or deny these expert opinions, and on that basis, denies those allegations.

297.  The allegations in this paragraph purport to summarize scientific opinion and ostensibly constitute premature expert testimony.  The NCAA states that it lacks sufficient independent knowledge or information sufficient to admit or deny these expert opinions, and on that basis, denies those allegations.

298.   NCAA admits that the article "Should Transwomen be allowed to Compete in Women's Sports?" Brown, Gregory A., Ph.D. and Lundberg, Tommy, Ph.D., available at: https://www.sportpolicycenter.com/news/2023/4/17/should-transwomen-be-allowed-to-compete-in-womens-sports, states in part that "Currently, research on the sports performance related effects of GAHT in transgender women consists of a total of 19 published peer reviewed research reports." Except as expressly admitted, the allegations in this paragraph purport to summarize scientific opinion and ostensibly constitute premature expert testimony. The NCAA states that it lacks sufficient independent knowledge or information sufficient to admit or deny these expert opinions, and on that basis, denies those allegations.

299.   NCAA admits the quoted language is attributed to Should Transwomen be allowed to Compete in Women's Sports?" Brown, Gregory A., Ph.D. and Lundberg, Tommy, Ph.D., available at: https://www.sportpolicycenter.com/news/2023/4/17/should-transwomen-be-allowed-to-compete-in-womens-sports, which document speaks for itself. Except as expressly admitted, the allegations in this paragraph purport to summarize scientific opinion and ostensibly constitute premature expert testimony. The NCAA states that it lacks sufficient independent knowledge or information sufficient to admit or deny these expert opinions, and on that basis, denies those allegations.

300.   NCAA admits the quoted language is attributed to Should Transwomen be allowed to Compete in Women's Sports?" Brown, Gregory A., Ph.D. and Lundberg,          Tommy,          Ph.D.,          available          at: https://www.sportpolicycenter.com/news/2023/4/17/should-transwomen-be-allowed-to-compete-in-womens-sports, which document speaks for itself.  Except as expressly admitted, the allegations in this paragraph purport to summarize scientific opinion and ostensibly constitute premature expert testimony.  The NCAA states that it lacks sufficient independent knowledge or information sufficient to admit or deny these expert opinions, and on that basis, denies those allegations.

301.   NCAA admits that the NCAA's Transgender Student-Athlete Participation Policy that was in effect at the time the Second Amended Complaint was filed provided for sport-specific testosterone thresholds that would apply in certain academic years and seasons.  Except as expressly admitted, the allegations in this paragraph purport to summarize scientific opinion and ostensibly constitute premature expert testimony.  The NCAA states that it lacks sufficient independent knowledge or information sufficient to admit or deny these expert opinions, and on that basis, denies those allegations.

302.   NCAA admits it has not itself conducted and published studies regarding testosterone suppression.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

**The NCAA's Transgender Eligibility Policies Allow Men to Compete Against Women While Retaining Higher Levels of Testosterone Than Women**

303.   The allegations in this paragraph purport to summarize scientific opinion and ostensibly constitute premature expert testimony.  The NCAA states that it lacks sufficient independent knowledge or information sufficient to admit or deny these expert opinions, and on that basis, denies those allegations.

304.   The allegations in this paragraph purport to summarize scientific opinion and ostensibly constitute premature expert testimony.  The NCAA states that it lacks sufficient independent knowledge or information sufficient to admit or deny these expert opinions, and on that basis, denies those allegations.

305.   NCAA admits the quoted language is attributed to Clark RV, Wald JA, Swerdloff RS, *et al.*, "Large divergence in testosterone concentrations between men and women: Frame of reference for elite athletes in sex-specific competition in sports, a narrative review." *Clin Endocrinol* (Oxf). 2019; 90:15–22. https://doi.org/10.1111/cen.13840, which document speaks for itself.   Except as expressly admitted, the allegations in this paragraph purport to summarize scientific opinion and ostensibly constitute premature expert testimony.  The NCAA states that it lacks sufficient independent knowledge or information sufficient to admit or deny these expert opinions, and on that basis, denies those allegations.

306.  NCAA admits that the NCAA's Transgender Student-Athlete Participation Policy that was in effect at the time the Second Amended Complaint

was filed provided for sport-specific testosterone thresholds that would apply in certain academic years and seasons. Except as expressly admitted, NCAA denies the allegations in this paragraph.

307. The allegations in this paragraph purport to summarize scientific opinion and ostensibly constitute premature expert testimony. The NCAA states that it lacks sufficient independent knowledge or information sufficient to admit or deny these expert opinions, and on that basis, denies those allegations.

308. The allegations in this paragraph purport to summarize scientific opinion and ostensibly constitute premature expert testimony. The NCAA states that it lacks sufficient independent knowledge or information sufficient to admit or deny these expert opinions, and on that basis, denies those allegations.

309. The allegations in this paragraph purport to summarize scientific opinion and ostensibly constitute premature expert testimony. The NCAA states that it lacks sufficient independent knowledge or information sufficient to admit or deny these expert opinions, and on that basis, denies those allegations.

310. The allegations in this paragraph purport to summarize scientific opinion and ostensibly constitute premature expert testimony. The NCAA states that it lacks sufficient independent knowledge or information sufficient to admit or deny these expert opinions, and on that basis, denies those allegations.

311. The allegations in this paragraph are legal conclusions that do not

require a response.   To the extent a response is required, NCAA denies the allegations in this paragraph.

312.   The allegations in this paragraph are legal conclusions that do not require a response.  To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

313.   The allegations in this paragraph are legal conclusions that do not require a response.   To the extent a response is required, NCAA denies the allegations in this paragraph.

314.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

### The 2015 IOC Consensus Statement, Still Relied on by the NCAA, Was Withdrawn by the IOC in 2021

315.  NCAA admits that the quoted language is attributed to an announcement regarding the Transgender Student-Athlete Participation Policy that was in effect at the time the Second Amended Complaint was filed.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

316.   NCAA admits the quoted language is attributed to an announcement regarding the NCAA's Transgender Student-Athlete Participation Policy that was in effect at the time the Second Amended Complaint was filed.  Except as expressly

admitted, NCAA denies the allegations in this paragraph.

317.  NCAA admits that the NCAA's Transgender Student-Athlete Participation Policy that was in effect at the time the Second Amended Complaint was filed provided for sport-specific testosterone thresholds that would apply in certain academic years and seasons.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

318.  NCAA denies the allegations in this paragraph.

319.  NCAA denies the allegations in this paragraph.

320.  NCAA admits that Appendix E contains a document titled IOC Consensus Meeting on Sex Reassignment and Hyperandrogenism.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

321.  NCAA admits that the first page of the document at Appendix E appears to list participants.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

322.  NCAA admits that the document in Appendix E lists "Transgender guidelines."  Except as expressly admitted, NCAA denies the allegations in this paragraph.

323.  NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

324.  NCAA admits the quoted language is attributed to

https://stillmed.olympics.com/media/Documents/Beyond-the-Games/Human-Rights/IOC-Framework-Fairness-Inclusion-Non-discrimination-2021.pdf, which document speaks for itself. NCAA denies that the full context of the quoted language supports the allegations of the Second Amended Complaint. Except as expressly admitted, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

325. NCAA denies the allegations in this paragraph.

326. The allegations in this paragraph are legal conclusions that do not require a response. To the extent a response is required, NCAA denies the allegations in this paragraph.

327. NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

328. NCAA denies the allegations in this paragraph.

**The NCAA's Transgender Policies Are Out-of-Step with Current Olympic Movement Policies**

329. NCAA admits that the NCAA's Transgender Student-Athlete Participation Policy that was in effect at the time the Second Amended Complaint was filed provided for sport-specific testosterone thresholds and that those thresholds were previously available on the NCAA's website. Except as expressly

admitted, NCAA denies the allegations in this paragraph.

330.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

331.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

332.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

## Swimming

333.   NCAA admits that under Phase Two of the Transgender Student-Athlete Participation Policy that was in effect at the time the Second Amended Complaint was filed, it used USA Swimming as its policy benchmark for the approved testosterone threshold for Women's Swimming & Diving.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

334.  NCAA admits the quoted language is attributed to the webpage https://www.usaswimming.org/docs/default-source/governance/governance-lsc-website/rules_policies/usa-swimming-policy-19.pdf, which document speaks for itself.  NCAA denies that the full context of the quoted language supports the allegations of the Second Amended Complaint.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

335.   NCAA admits that the partial quotes appear within the Eligibility

Review Procedures and Form that related to the NCAA's Transgender Student-Athlete Participation Policy that was in effect at the time the Second Amended Complaint was filed.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

336.   NCAA denies the allegations in this paragraph.

337.  NCAA admits that the NCAA's Transgender Student-Athlete Participation Policy that was in effect at the time the Second Amended Complaint was filed did not require testosterone levels to be continuously below the 5 nmol/L threshold for one year.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

338.  NCAA admits the quoted language is attributed to https://www.usaswimming.org/docs/default-source/governance/governance-lsc-website/rules_policies/usa-swimming-policy-19.pdf (USA Swimming Athlete Inclusion, Competitive Equity, and Eligibility Policy), which document speaks for itself.  NCAA denies that the full context of the quoted language supports the allegations of the Second Amended Complaint.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

339.  NCAA admits that the Transgender Student-Athlete Participation Policy that was in effect at the time the Second Amended Complaint was filed did not include a requirement that "[a]s a condition of eligibility, the athlete must satisfy

the Elite Athlete/Event Fairness Panel that . . . [f]rom a medical perspective, the prior physical development of the athlete as a Male, as mitigated by any medical intervention, does not give the athlete a competitive advantage over the athlete's cisgender Female competitors."  Except as expressly admitted, NCAA denies the allegations in this paragraph.

340.   NCAA denies the allegations in this paragraph.

## Diving

341.   NCAA admits that under Phase Two of the Transgender Student-Athlete Participation Policy that was in effect at the time the Second Amended Complaint was filed, it used USA Swimming as its policy benchmark for the approved testosterone threshold for Women's Swimming & Diving.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

342.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

343.   NCAA denies the allegations in this paragraph.

344.   NCAA admits that USA Diving did not have a transgender eligibility policy during the time that Phase Two of the NCAA's Transgender Student-Athlete Participation Policy was in effect.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

345.   NCAA lacks knowledge or information sufficient to form a belief as to

the allegations in this paragraph, and on that basis, denies those allegations.

346.    NCAA construes this allegation as relating to the Transgender Student-Athlete Participation Policy that was in effect at the time the Second Amended Complaint was filed.  NCAA denies the allegations in this paragraph.

**Water Polo**

347.    NCAA construes this allegation as relating to the Transgender Student-Athlete Participation Policy that was in effect at the time the Second Amended Complaint was filed.  NCAA denies the allegations in this paragraph.

348.    NCAA admits that under Phase Two of the Transgender Student-Athlete Participation Policy that was in effect at the time the Second Amended Complaint was filed, it used FINA as its policy benchmark for the approved testosterone threshold for Women's Water Polo and used a <2.5 nmol/L approved testosterone threshold.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

349.    NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

350.    NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

351.    NCAA construes this allegation as relating to the Transgender Student-Athlete Participation Policy that was in effect at the time the Second Amended

Complaint was filed.  NCAA denies the allegations in this paragraph.

## Cross-country and Track and Field

352.  NCAA admits that there is NCAA intercollegiate competition in women's cross country, women's indoor track and field, and women's outdoor track and field.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

353.  NCAA construes this allegation as relating to the Transgender Student-Athlete Participation Policy that was in effect at the time the Second Amended Complaint was filed.  NCAA denies the allegations in this paragraph.

354.  NCAA admits that under Phase Two of the Transgender Student-Athlete Participation Policy that was in effect at the time the Second Amended Complaint was filed, it used USA Track & Field as its policy benchmark for the approved testosterone threshold for Women's Cross Country, Women's Indoor Track and Field, and Women's Outdoor Track and Field.  Except as expressly admitted, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

355.  NCAA admits that under Phase Two of the Transgender Student-Athlete Participation Policy that was in effect at the time the Second Amended Complaint was filed, it used USA Track & Field as its policy benchmark for the approved testosterone threshold for Women's Cross Country, Women's Indoor

Track and Field, and Women's Outdoor Track and Field. Except as expressly admitted, NCAA denies the allegations in this paragraph.

356. NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

357. NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations

358. NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

359. NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

360. NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

361. NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

362. NCAA construes this allegation as relating to the Transgender Student-Athlete Participation Policy that was in effect at the time the Second Amended Complaint was filed. NCAA denies the allegations in this paragraph.

### Rowing

363. NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

364.   NCAA admits that under Phase Two of the Transgender Student-Athlete Participation Policy that was in effect at the time the Second Amended Complaint was filed, it used US Rowing as its policy benchmark for the approved testosterone threshold for Women's Rowing and used a <5 nmol/L approved testosterone threshold.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

365.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

366.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and notes that the webpage hyperlinked in the Second Amended Complaint is no longer available, and on that basis, denies those allegations.

367.   NCAA denies the allegations in this paragraph.

368.   NCAA admits that under Phase Two of the Transgender Student-Athlete Participation Policy that was in effect at the time the Second Amended Complaint was filed, it did not require testosterone suppression for "at least the previous 24 months" for NCAA competition in Women's Rowing.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

369.   NCAA construes this allegation as relating to the Transgender Student-Athlete Participation Policy that was in effect at the time the Second Amended

Complaint was filed.  NCAA denies the allegations in this paragraph.

## Triathlon

370.    NCAA admits that under Phase Two of the Transgender Student-Athlete Participation Policy that was in effect at the time the Second Amended Complaint was filed, it used World Triathlon as its policy benchmark for the approved testosterone threshold for Triathlon and used a <2.5 nmol/L approved testosterone threshold.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

371.    NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and notes that the webpage hyperlinked in the Second Amended Complaint is no longer available, and on that basis, denies those allegations.

372.    NCAA denies the allegations in this paragraph.

373.    The allegations in this paragraph are legal conclusions that do not require a response.    To the extent a response is required, NCAA denies the allegations in this paragraph.

## The NCAA's Transgender Eligibility Policies Expose Women to Higher Safety Risks in Collision, Contact and Limited-Contact Sports

374.    The allegations in this paragraph purport to summarize scientific opinion and ostensibly constitute premature expert testimony.  The NCAA states that

it lacks sufficient independent knowledge or information sufficient to admit or deny these expert opinions, and on that basis, denies those allegations.

375.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

376.   NCAA admits that basketball, beach volleyball, diving, fencing, ice hockey, lacrosse, soccer, volleyball, water polo, and wrestling are sports sponsored by certain NCAA member schools.  Except as expressly admitted, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

377.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

378.   NCAA admits that fencing, ice hockey, and wrestling are sports sponsored by certain NCAA member schools.  Except as expressly admitted, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

379.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

380.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

381.   NCAA admits that softball, skiing, and tennis are sports sponsored by

certain NCAA member schools. Except as expressly admitted, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

382. NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

383. NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

384. NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

385. The allegations in this paragraph purport to summarize scientific opinion and ostensibly constitute premature expert testimony. The NCAA states that it lacks sufficient independent knowledge or information sufficient to admit or deny these expert opinions, and on that basis, denies those allegations.

386. The allegations in this paragraph are legal conclusions that do not require a response. To the extent a response is required, NCAA denies the allegations in this paragraph.

387. The allegations in this paragraph are legal conclusions that do not require a response. To the extent a response is required, NCAA denies the allegations in this paragraph.

**Concussions**

388.   The allegations in this paragraph purport to summarize scientific opinion and ostensibly constitute premature expert testimony.  The NCAA states that it lacks sufficient independent knowledge or information sufficient to admit or deny these expert opinions, and on that basis, denies those allegations.

389.   NCAA admits the quoted language is attributed to Brown, K.A., Patel, D.R., "Participation in sports in relation to adolescent growth and development," *Transl Pediatr* 2017;6(3):150-159, p. 156, *available at* https://tp.amegroups.com/article/view/14626/14780, which document speaks for itself.  Except as expressly admitted, the allegations in this paragraph purport to summarize scientific opinion and ostensibly constitute premature expert testimony. The NCAA states that it lacks sufficient independent knowledge or information sufficient to admit or deny these expert opinions, and on that basis, denies those allegations.

390.   NCAA admits the quoted language is attributed to What Parents Should Know About Youth Athletics and Mental Health," Skyland Trail.org, *available at* https://www.skylandtrail.org/what-parents-should-know-about-youth-athletics-and-mental-health/, which document speaks for itself.  Except as expressly admitted, the allegations in this paragraph purport to summarize scientific opinion and ostensibly constitute premature expert testimony.  The NCAA states that it lacks

sufficient independent knowledge or information sufficient to admit or deny these expert opinions, and on that basis, denies those allegations.

391.    NCAA admits the quoted language is attributed to Sanderson, K. Why Sports Concussions Are Worse for Women, *Nature* (Aug. 3, 2021), https://www.nature.com/articles/d41586-021-02089-2, which document speaks for itself.  Except as expressly admitted, the allegations in this paragraph purport to summarize scientific opinion and ostensibly constitute premature expert testimony. The NCAA states that it lacks sufficient independent knowledge or information sufficient to admit or deny these expert opinions, and on that basis, denies those allegations.

392.    The allegations in this paragraph purport to summarize scientific opinion and ostensibly constitute premature expert testimony.  The NCAA states that it lacks sufficient independent knowledge or information sufficient to admit or deny these expert opinions, and on that basis, denies those allegations.

393.    The allegations in this paragraph are legal conclusions that do not require a response.   To the extent a response is required, NCAA denies the allegations in this paragraph.

**No NCAA Monitoring of Male Testosterone Suppression**

394.    NCAA construes this allegation as relating to the Transgender Student-Athlete Participation Policy that was in effect at the time the Second Amended

Complaint was filed.  NCAA denies the allegations in this paragraph.

395.   NCAA admits that it has a drug testing program that can include testing year-round and during NCAA championships.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

396.   NCAA construes this allegation as relating to the Transgender Student-Athlete Participation Policy that was in effect at the time the Second Amended Complaint was filed.  NCAA denies the allegations in this paragraph.

397.   NCAA construes this allegation as relating to the Transgender Student-Athlete Participation Policy that was in effect at the time the Second Amended Complaint was filed.  NCAA denies the allegations in this paragraph.

398.   NCAA construes this allegation as relating to the Transgender Student-Athlete Participation Policy that was in effect at the time the Second Amended Complaint was filed.  NCAA admits that it did not conduct its own blood testing as part of that Transgender Student-Athlete Participation Policy.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

399.   The allegations in this paragraph are legal conclusions that do not require a response.   To the extent a response is required, NCAA denies the allegations in this paragraph.

### No Assessment of Physical, Emotional or Psychological Harm of NCAA Transgender Eligibility Policies on Women Student-Athletes

400.    NCAA denies the allegations in this paragraph.

401.    NCAA admits that it has provided funding for concussion research. NCAA admits that women's football is not an NCAA competition sport.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

402.    NCAA denies the allegations in this paragraph.

### NCAA LGBTQ-Inclusive Codes of Conduct

403.    NCAA denies the allegations in this paragraph.

404.    NCAA admits the quoted language is attributed to a document titled "Five ways to have an LGBTQ-athletics department," which document speaks for itself.  NCAA denies that the full context of the quoted language supports the allegations of the Second Amended Complaint.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

405.    NCAA admits that it provides resources to athletic departments, including the webpage "Five ways to have an LGBTQ-inclusive athletics department."  Except as expressly admitted, NCAA denies the allegations in this paragraph.

406.    NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

407.    NCAA denies the allegations in this paragraph.

**Summary of Defects in NCAA's Transgender Eligibility Policies**

408.   NCAA denies the allegations in this paragraph.

409.   NCAA denies the allegations in this paragraph.

410.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

411.   NCAA denies the allegations in this paragraph.

412.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

413.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

414.   NCAA denies the allegations in this paragraph.

415.   The allegations in this paragraph are legal conclusions that do not require a response.   To the extent a response is required, NCAA denies the allegations in this paragraph.

416.   The allegations in this paragraph are legal conclusions that do not require a response.   To the extent a response is required, NCAA denies the allegations in this paragraph.

417.   The allegations in this paragraph are legal conclusions that do not require a response.   To the extent a response is required, NCAA denies the allegations in this paragraph.

418.   NCAA denies the allegations in this paragraph.

## 2022 NCAA WOMEN'S SWIMMING AND DIVING CHAMPIONSHIPS
### Discussions Between NCAA and Georgia Tech to Host 2022 NCAA Division I Women's Swimming and Diving Championships

419.   NCAA admits that Georgia Tech entered into an agreement to serve as the host of the 2022 NCAA Division I Women's Swimming and Diving Championships at the McAuley Aquatic Center on Georgia Tech's campus.  Except as expressly admitted, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

420.   NCAA denies the allegations in this paragraph.

421.   NCAA denies the allegations in this paragraph.

422.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

423.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

424.   NCAA denies the allegations in this paragraph.

425.   The allegations in this paragraph are legal conclusions that do not require a response.  To the extent a response is required, NCAA denies the allegations in this paragraph.

426.   NCAA denies the allegations in this paragraph.

427.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

428.   NCAA admits that pursuant to its general bid specifications, all championships should appoint a Tournament Manager, whose specific responsibilities may include direction and supervision of competition venue arrangements, development of participant information, security, lodging, transportation, marketing, financial administration, securing a diverse staff and adherence to policies outlined in the NCAA tournament manual.   Except as expressly admitted, NCAA denies the allegations in this paragraph.

429.   NCAA admits that a function of the tournament manager is to ensure the policies of the sport committee and NCAA are implemented and followed in the administration of the tournament, subject to city, state or federal laws and regulations.   Except as expressly admitted, NCAA denies the allegations in this paragraph.

430.   NCAA admits that Georgia Tech and GTAA appointed a Facility Manager whose responsibilities could include assisting the NCAA with direction and supervision of competition venue arrangements.   Except as expressly admitted, NCAA denies the allegations in this paragraph.

431.   Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is

required.  On that basis, NCAA denies the allegations in this paragraph.

432.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

433.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

434.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

435.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

436.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

437.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

438.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136),

the allegations in this paragraph relate to a dismissed party and no response is required. On that basis, NCAA denies the allegations in this paragraph.

439. Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required. On that basis, NCAA denies the allegations in this paragraph.

## Public Awareness of Lia Thomas' Participation in 2022 National Championships

440. NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

441. Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required. On that basis, NCAA denies the allegations in this paragraph.

442. Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required. On that basis, NCAA denies the allegations in this paragraph.

443. NCAA admits that on March 2, 2022, NCAA stated a total of 322 participants (281 swimmers and 41 divers) would compete in the 2022 NCAA Division I Women's Swimming and Diving Championships and announced the list of swimmers who qualified. Except as expressly admitted, NCAA denies the allegations in this paragraph.

444.   NCAA admits that the selected divers to compete in the 2022 NCAA Division I Women's Swimming and Diving Championships were announced March 10, 2022.   Except as expressly admitted, NCAA denies the allegations in this paragraph.

445.   NCAA admits that the 2022 NCAA Division I Women's Swimming and Diving Championships included All Americans and Olympic competitors. Except as expressly admitted, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

446.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

447.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

448.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

449.   NCAA lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis, denies those allegations.

### Locker Room Availability for Female Swimmers and Divers at the McAuley Aquatic Center on the Georgia Tech Campus

450.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

451.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

452.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

453.   NCAA denies the allegations in this paragraph.

454.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

455.   NCAA denies the allegations in this paragraph.

456.   NCAA denies the allegations in this paragraph.

457.   NCAA denies the allegations in this paragraph.

458.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

459.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

460.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

461.   NCAA lacks knowledge or information sufficient to form a belief as to

the allegations in this paragraph, and on that basis, denies those allegations.

462.    NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

463.    NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

464.    NCAA admits that all locker rooms were made available to women swimmers and divers during the 2022 Division I Women's Swimming and Diving Championships.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

465.    NCAA denies the allegations in this paragraph.

466.    NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

467.    NCAA lacks knowledge or information sufficient to form a belief as to the allegation regarding what Plaintiffs were advised, and on that basis, denies those allegations.  NCAA denies the remaining allegations in this paragraph.

468.    NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

469.    NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

470.    NCAA lacks knowledge or information sufficient to form a belief as to

the allegations in this paragraph, and on that basis, denies those allegations.

471.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

472.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

473.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

474.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

475.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

476.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

477.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

478.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

479.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

480.   NCAA lacks knowledge or information sufficient to form a belief as to

the allegations in this paragraph, and on that basis, denies those allegations.

481.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

482.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

483.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

484.   NCAA lacks knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff Alons recognized that "any male official or other man could walk into" the locker room, and on that basis, denies that allegation. NCAA denies the remaining allegations in this paragraph.

485.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

486.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

487.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

488.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

489.   NCAA lacks knowledge or information sufficient to form a belief as to

the allegations in this paragraph, and on that basis, denies those allegations.

490.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

491.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

492.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

493.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

494.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

495.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

496.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

497.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

498.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

499.   NCAA lacks knowledge or information sufficient to form a belief as to

the allegations in this paragraph, and on that basis, denies those allegations.

500.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

501.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

502.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

503.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

504.   NCAA admits that Plaintiff Gaines was scheduled to swim in multiple events during the 2022 NCAA Division I Women's Swimming and Diving Championships. Except as expressly admitted, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

505.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

506.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

507.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

508. NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

509. NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

510. NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

511. NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

512. NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

513. NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

514. NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

515. NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

516. NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

517. NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

518.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

## Competition at the 2022 NCAA Championships

519.   NCAA admits that the McAuley Aquatic Center pools were open for training and warmups for the 2022 NCAA Division I Women's Swimming and Diving Championships for part of the day on Wednesday, March 16, 2022.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

520.   NCAA admits that the 200 Medley Relay and 800 Freestyle Relay for the 2022 NCAA Division I Women's Swimming and Diving Championships were held on March 16, 2022.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

521.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

522.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

523.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

524.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

525.   NCAA lacks knowledge or information sufficient to form a belief as to

the allegations in this paragraph, and on that basis, denies those allegations.

526.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

527.   NCAA denies the allegations in this paragraph.

528.   NCAA denies the allegations in this paragraph.

529.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

530.   NCAA admits that the 2022 NCAA DI Women's Swimming and Diving Championships started with the prelims in the morning followed by Finals in the evening for individual races.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

531.   NCAA admits that the "A" final, or championship final, is the heat for the top 8 competitors who qualified from the preliminary round and the "B" final, also known as the consolation final, is the heat for the swimmers who placed 9th through 16th in the preliminary rounds.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

532.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

533.   NCAA admits that, in the 2022 NCAA DI Women's Swimming and Diving Championships, teams are awarded points for the top 16 places, with the

point value decreasing for each descending place. Except as expressly admitted, NCAA denies the allegations in this paragraph.

534.   NCAA admits that, in the 2022 NCAA DI Women's Swimming and Diving Championships, teams are awarded points for the top 16 places. Except as expressly admitted, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

535.   NCAA admits that, in the 2022 NCAA DI Women's Swimming and Diving Championships, participants in the "A" final (places 1–8) earn First-Team All-American honors, and those in the "B" final (places 9–16) are named Second-Team All-Americans. The titles are awarded by the College Swimming & Diving Coaches Association of America (CSCAA) based on performance at the national championships. Except as expressly admitted, NCAA denies the allegations in this paragraph.

536.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

537.   NCAA admits that the top five individual finishers in a race were recognized at the 2022 NCAA DI Women's Swimming and Diving Championships. Except as expressly admitted, NCAA denies the allegations in this paragraph.

538.   NCAA admits that if Lia Thomas had not participated in the A Finals

in which she competed, another student-athlete would have participated.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

539.   NCAA admits that if Lia Thomas had not participated in the A Finals in which she competed, another student-athlete would have participated.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

540.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

541.   NCAA denies the allegations in this paragraph.

542.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

## WOMEN'S 500-YARD FREESTYLE EVENT

543.   NCAA admits that Plaintiff Gyorgy and Lia Thomas competed in the 2022 NCAA Division I Women's Swimming and Diving Championships Women's 500-yard Freestyle prelims on March 17, 2022.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

544.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

545. NCAA admits that Reka Gyorgy has competed in NCAA Championships.   Except as expressly admitted, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on

that basis, denies those allegations.

546.    NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

547.    NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

548.    NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

549.    NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

550.    NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

551.    NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

552.    NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

553.    NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

554.    NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

555.    NCAA lacks knowledge or information sufficient to form a belief as to

the allegations in this paragraph, and on that basis, denies those allegations.

556.    NCAA admits that Reka Gyorgy wrote a letter to the NCAA, which document speaks for itself.    Except as expressly admitted, NCAA denies the allegations in this paragraph.

557.    NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

558.    NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

559.    NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

560.    NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

561.    NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

562.    NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

563.    NCAA admits that Lia Thomas won the 500-Yard Freestyle with a time of 4:33.24, Emma Weyant (Viriginia) finished second with a time of 4:34.99, Erica Sullivan (Texas) finished third with a time of 4:35.92, and Brooke Forde (Stanford) finished fourth with a time of 4:36.18.    Except as expressly admitted, NCAA denies

the allegations in this paragraph.

564.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

565.   NCAA admits that Lia Thomas won the 500-Yard Freestyle with a time of 4:33.24, and Emma Weyant (Viriginia) finished second with a time of 4:34.99. Except as expressly admitted, NCAA denies the allegations in this paragraph.

566.   NCAA admits that Tylor Mathieu of the University of Florida finished ninth in the 500-Yard Freestyle.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

567.   NCAA admits that as the first place finisher in the 500-Yard Freestyle Championship Final, Lia Thomas received 20 points.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

## WOMEN'S 200-YARD FREESTYLE EVENT

568.   NCAA admits that on Friday, March 18, 2022, the Women's 200-yard Freestyle included seven prelims beginning at 10:47 a.m., the Consolation Final began at 6:35 p.m., and the Championship Final began at 6:40 p.m.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

569.   NCAA admits that on March 18, 2022, Riley Gaines competed in Heat 6 of the prelims of the Women's 200-yard Freestyle which began at 10:59 a.m. and Lia Thomas competed in Heat 7 of the prelims of the Women's 200-yard Freestyle

which began at 11:02 a.m.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

570.  NCAA admits that Riley Gaines and Lia Thomas qualified for the Women's 200-yard Freestyle Championship Final.  Except as expressly admitted, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

571.  NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

572.  NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

573.  NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

574.  NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

575.  NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

576.  NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

577.  NCAA admits that Riley Gaines and Lia Thomas each finished the Women's 200-yard Freestyle Championship Final in a time of 1:43.40, tying for fifth

place.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

578.   NCAA admits that Plaintiff Gaines and Lia Thomas were awarded 13.50 points for the Women's 200-yard Freestyle Championship Final for their respective teams.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

579.   NCAA admits that if only one swimmer finished in fifth place in the Women's 200-yard Freestyle Championship Final, she would have received 14 points. Except as expressly admitted, NCAA denies the allegations in this paragraph.

580.   NCAA admits that University of Kentucky finished the 2022 NCAA Division I Women's Swimming and Diving Championships in twelfth place with 115.5 points and Indiana University finished the 2022 NCAA Division I Women's Swimming and Diving Championships in eleventh place with 116 points.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

581.  NCAA denies the allegation that it decided Riley would not be permitted to hold the trophy on the podium.  NCAA lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph, and on that basis, denies those allegations.

582.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

583.   NCAA lacks knowledge or information sufficient to form a belief as to

the allegations in this paragraph, and on that basis, denies those allegations.

584.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

585.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

586.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

587.   NCAA denies the allegations in this paragraph.

588.   NCAA admits that Reilly Tiltman from the University of Virginia finished the Women's 200-yard Freestyle prelims with a time of 1:43.59.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

589.   NCAA admits that Ekaterina Nikonova from the University of Florida finished the Women's 200-yard Freestyle prelims with the seventeenth best time. Except as expressly admitted, NCAA denies the allegations in this paragraph.

## WOMEN'S 100-YARD FREESTYLE EVENT

590.   NCAA admits that the 2022 NCAA Division I Women's Swimming and Diving Championships finished on Saturday, March 19, 2022.   Except as expressly admitted, NCAA denies the allegations in this paragraph.

591.   NCAA admits that Kylee Alons, Grace Counties, and Lia Thomas competed in the 2022 NCAA Division I Women's Swimming and Diving

Championships 100-yard Freestyle.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

592.   NCAA admits that Lia Thomas finished the 2022 NCAA Division I Women's Swimming and Diving Championships 100-yard Freestyle prelims with the fourth fastest time of 47.37. NCAA admits that Lia Thomas and Grace Countie qualified for the 100-yard Freestyle Championship Final. NCAA admits that Kylee Alons finished the 2022 NCAA Division I Women's Swimming and Diving Championships 100-yard Freestyle prelims with the fourteenth fastest time of 48.02 and qualified for the 100-yard Freestyle Consolation Final.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

593.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

594.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

595.   NCAA admits that Grace Countie finished the 2022 NCAA Division I Women's Swimming and Diving Championships 100-yard Freestyle Championship Final in seventh place with a time of 47.36.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

596.   NCAA admits that Lia Thomas finished the 2022 NCAA Division I Women's Swimming and Diving Championships 100-yard Freestyle Championship

Final in eighth place with a time of 48.18.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

597.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

598.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

599.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

600.   NCAA admits that Plaintiff Alons finished fourth in the 2022 NCAA Division I Women's Swimming and Diving Championships 100-yard Freestyle Consolation Final with a time of 47.68.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

601.   NCAA admits that for their finishes in the 2022 NCAA Division I Women's Swimming and Diving Championships 100-yard Freestyle, Grace Countie was awarded 12 points for UNC, Lia Thomas was awarded 11 points for UPenn, and Kylee Alons was awarded 5 points for NC State.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

602.   NCAA admits that Isabel Ivey from California finished the 2022 NCAA Division I Women's Swimming and Diving Championships 100-yard Freestyle prelims with the ninth fastest time of 47.61.  Except as expressly admitted,

NCAA denies the allegations in this paragraph.

603.   NCAA admits that Chloe Stepanek from Texas A&M finished the 2022 NCAA Division I Women's Swimming and Diving Championships 100-yard Freestyle prelims with the seventeenth fastest time of 48.21.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

604.   NCAA admits that in the 2022 NCAA Division I Women's Swimming and Diving Championships, Lia Thomas earned 44.5 points for Penn and that Penn finished in 20th place with 44.5 points. NCAA admits that Minnesota finished 21st, Miami (Florida) finished 22nd, Virginia Tech finished 23rd, Duke finished 24th, Missouri finished 25th, Arizona State finished 26th, Rutgers finished 27th, Arkansas finished 28th, Yale finished 29th, Purdue finished 30th, South Carolina finished 31st, LSU finished 32nd, Notre Dame finished 33rd, Wyoming finished 34th, UCLA finished 34th, Florida Int'l finished 36th, San Diego State finished 37th, Harvard finished 37th, and Texas A&M finished 39th.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

605.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

606.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

**Comparing Thomas' NCAA Competition Times Before and After Transition**

**Demonstrates Thomas' Retained Male Advantage and the Failure of the NCAA's Transgender Eligibility Policies to Ensure Equal Opportunities for Women**

607.  NCAA admits that on April 5, 2022, Swimming World Magazine published an article discussing Lia Thomas.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

608.  NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

609.  NCAA admits the quoted language is attributed to *A Look At the Numbers and Times: No Denying the Advantages of Lia Thomas*, Swimming World Magazine, April 5, 2022, by John Lohn, Editor-in- Chief, which document speaks for itself.  NCAA denies that the full context of the quoted language supports the allegations of the Second Amended Complaint.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

610.  NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

**THE NCAA'S TRANSGENDER ELIGIBILITY POLICIES CONTINUE TO IMPACT WOMEN, RESULTING IN LOST AND UNEQUAL OPPORTUNITIES FOR FEMALE STUDENT-ATHLETES**
**Roanoke College Swimmers**

611.  NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

612.    NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

613.    NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

614.    NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

615.    NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

616.    NCAA denies the allegations in this paragraph.

617.    NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

618.    The allegations in this paragraph are legal conclusions that do not require a response.    To the extent a response is required, NCAA denies the allegations in this paragraph.

619.    NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

620.    NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

621.    NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

622.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

623.   The allegations in this paragraph are legal conclusions that do not require a response.  To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

624.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

625.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

626.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

627.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

628.   NCAA admits the quoted language is attributed to a statement issued by the Roanoke College Board of Trustees, which speaks for itself and is available on the website at the link provided in footnote 18.  Except as expressly admitted NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

629.   The allegations in this paragraph are legal conclusions that do not

require a response.  To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

630.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

631.   NCAA admits that that the quoted language is from the Declaration of Lily Mullins, Dkt. 58-7, which document speaks for itself.  Except as expressly admitted, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

632.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

## All-Atlantic Regional Track and Field Championships

633.   NCAA admits that Sadie Schreiner was rostered by Rochester Institute of Technology (RIT) as a member of the women's track and field team during the 2023-2024 season.  NCAA admits that Schreiner placed first in the Women's 200 Meter dash at the All-Atlantic Region Track and Field Conference Indoor Track & Field Championships on March 2, 2024, and set a meet record.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

634.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

635.   NCAA admits that Sadie Schreiner competed at the 2024 NCAA Division III Outdoor Track & Field Championships and finished third in the Women's 200 Meter Dash and eighth in the Women's 400 Meter dash.  NCAA further admits that Sadie Schriner was honored as an USTFCCCA All-American athlete in 2024.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

636.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

637.   The allegations in this paragraph are legal conclusions that do not require a response.   To the extent a response is required, NCAA denies the allegations in this paragraph.

638.   The allegations in this paragraph are legal conclusions that do not require a response.  To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

**Volleyball**

639.   The NCAA admits that the 2024 and 2025 NCAA Women's Volleyball Rules and Interpretations set the height of the net at 2.24 meters (7 feet, 4 1/8 inches), and that under the 2023-2025 NCAA Men's Volleyball Rules of the Game issued by USA Volleyball, the height of the net is set at 2.43 meters (7 feet, 11 5/8 inches).

Except as expressly admitted, NCAA denies the allegations in this paragraph.

640.   Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.   To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

641.   Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.   To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

642.   Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.   To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

643.   Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.   To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on

that basis, denies those allegations.

644.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

645.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

646.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

647.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on

that basis, denies those allegations.

648.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

649.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

650.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

651.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on

that basis, denies those allegations.

652.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.   To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

653.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.   To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

654.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.   To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

655.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.   To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on

that basis, denies those allegations.

656.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

657.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

658.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

659.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on

that basis, denies those allegations.

660.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

661.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

662.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

663.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on

that basis, denies those allegations.

664.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

665.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

666.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

667.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on

that basis, denies those allegations.

668.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

669.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

670.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

671.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on

that basis, denies those allegations.

672.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

673.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

674.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

675.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on

that basis, denies those allegations.

676.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

677.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

678.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

679.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on

that basis, denies those allegations.

680.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

681.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

682.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

683.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on

that basis, denies those allegations.

684.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

685.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

686.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

687.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on

that basis, denies those allegations.

688.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

689.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

690.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

691.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on

that basis, denies those allegations.

692.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

693.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

694.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

695.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on

that basis, denies those allegations.

696.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

697.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

698.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

699.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.    To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on

that basis, denies those allegations.

700.   NCAA admits that Nanea Merryman was rostered by Cedarville University as a member of the women's volleyball team during the 2023-2024 season.   Except as expressly admitted, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

701.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

702.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

703.   NCAA denies the allegations in this paragraph.

**Track and Field, Soccer, Tennis, Swimming**

704.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

705.   NCAA admits that CeCe Telfer competed at the 2019 NCAA Division II Outdoor Track & Field Championships and placed first in the Women's 400 Meter Hurdles finals. Except as expressly admitted, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

706.   NCAA admits that Brooklyn Ross was rostered by Lewis University as

a member of the women's tennis team during the 2023-2024 season. Except as expressly admitted, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

707.   NCAA admits that Athene Del Rosario was rostered by University of California, Santa Cruz as a member of the women's soccer team. Except as expressly admitted, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

708.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

709.   NCAA admits that Blaire Fleming was rostered by San Jose State University as a member of the women's volleyball team during the 2022-2023 and 2023-2024 seasons. Except as expressly admitted, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

710.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

711.   NCAA denies the allegations in this paragraph.

712.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

713.   NCAA admits that the Transgender Student-Athlete Participation Policy that was in effect at the time the Second Amended Complaint was filed did not include a notice requirement to student-athletes.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

714.   NCAA admits that the Transgender Student-Athlete Participation Policy that was in effect at the time the Second Amended Complaint was filed did not include a notice requirement to student-athletes and that the NCAA maintains the privacy of student-athlete medical information in its possession.  Except as expressly admitted, NCAA denies the allegations in this paragraph.

715.   NCAA admits that biological men have competed in NCAA sports involving contact and limited contact.  Except as expressly admitted, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

716.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

717.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

718.   NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

719.   The allegations in this paragraph are legal conclusions that do not

require a response. To the extent a response is required, NCAA denies the allegations in this paragraph.

720. The allegations in this paragraph are legal conclusions that do not require a response. To the extent a response is required, NCAA denies the allegations in this paragraph.

721. The allegations in this paragraph are legal conclusions that do not require a response. To the extent a response is required, NCAA denies the allegations in this paragraph.

722. NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

723. NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.

724. The allegations in this paragraph are legal conclusions that do not require a response. To the extent a response is required, NCAA denies the allegations in this paragraph.

725. The allegations in this paragraph are legal conclusions that do not require a response. To the extent a response is required, NCAA admits that the Plaintiffs who have not been dismissed seek injunctive relief but denies that they are entitled to any such relief.

## CLASS ACTION ALLEGATIONS

**On behalf of Plaintiffs Swimmer A, Riley Gaines, Reka Gyorgy, Kylee Alons, Grace Countie, Kaitlynn Wheeler, Nanea Merryman, Ellis Fox, Brooke Slusser, The Roanoke College Swimmers, Track Athlete A, and others similarly situated**

726.    The allegations in this paragraph are legal conclusions that do not require a response.    To the extent a response is required, NCAA denies the allegations in this paragraph.

727.    The allegations in this paragraph are legal conclusions that do not require a response.    To the extent a response is required, NCAA denies the allegations in this paragraph.

728.    The allegations in this paragraph are legal conclusions that do not require a response.    To the extent a response is required, NCAA denies the allegations in this paragraph.

729.    The allegations in this paragraph are legal conclusions that do not require a response.  To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to what classes Plaintiffs anticipate moving to have certified, and on that basis, denies those allegations.  NCAA denies the remaining allegations in this paragraph.

730.    The allegations in this paragraph are legal conclusions that do not require a response.    To the extent a response is required, NCAA denies the allegations in this paragraph.

731.   The allegations in this paragraph are legal conclusions that do not require a response.  To the extent a response is required, NCAA denies allegations in this paragraph.

732.   The allegations in this paragraph are legal conclusions that do not require a response.  To the extent a response is required, NCAA denies allegations in this paragraph.

733.   The allegations in this paragraph are legal conclusions that do not require a response.   To the extent a response is required, NCAA denies the allegations in this paragraph, including all subparagraphs.

734.   The allegations in this paragraph are legal conclusions that do not require a response.   To the extent a response is required, NCAA denies the allegations in this paragraph.

735.   The allegations in this paragraph are legal conclusions that do not require a response.   To the extent a response is required, NCAA denies the allegations in this paragraph, including all subparagraphs.

736.   The allegations in this paragraph are legal conclusions that do not require a response.   To the extent a response is required, NCAA denies the allegations in this paragraph, including all subparagraphs.

737.   The allegations in this paragraph are legal conclusions that do not require a response.   To the extent a response is required, NCAA denies the

allegations in this paragraph.

**Propriety of Maintenance of Class Action Under Fed. R. Civ. P. 23(b)(1)**

738.   The allegations in this paragraph are legal conclusions that do not require a response.   To the extent a response is required, NCAA denies the allegations in this paragraph.

**Propriety of Maintenance of Class Action Under Fed. R. Civ. P. 23(b)(2)**

739.   The allegations in this paragraph are legal conclusions that do not require a response.   To the extent a response is required, NCAA denies the allegations in this paragraph.

740.   The allegations in this paragraph are legal conclusions that do not require a response.   To the extent a response is required, NCAA denies the allegations in this paragraph.

741.   The allegations in this paragraph are legal conclusions that do not require a response.   To the extent a response is required, NCAA denies the allegations in this paragraph.

742.   The allegations in this paragraph are legal conclusions that do not require a response.   To the extent a response is required, NCAA denies the allegations in this paragraph.

**Propriety of Maintenance of Class Action Under Fed. R. Civ. P. 23(b)(3)**

743.   The allegations in this paragraph are legal conclusions that do not

require a response.    To the extent a response is required, NCAA denies the allegations in this paragraph.

744.   The allegations in this paragraph are legal conclusions that do not require a response.    To the extent a response is required, NCAA denies the allegations in this paragraph.

745.   The allegations in this paragraph are legal conclusions that do not require a response.    To the extent a response is required, NCAA denies the allegations in this paragraph.

746.   The allegations in this paragraph are legal conclusions that do not require a response.    To the extent a response is required, NCAA denies the allegations in this paragraph.

747.   The allegations in this paragraph are legal conclusions that do not require a response.    To the extent a response is required, NCAA denies the allegations in this paragraph.

## COUNT I
### Title IX Violations in Relation to the 2022 NCAA Division I Women's Swimming and Diving Championships

### Against the NCAA, GTAA, and the Board of Regents

748.   NCAA restates its answers to the foregoing paragraphs as if set forth fully herein.

749.   NCAA admits that Count I is alleged by the six Plaintiffs who

participated in the 2022 Division I Women's Swimming and Diving Championships. Except as expressly admitted, NCAA denies the allegations in this paragraph.

750.   NCAA denies the allegations in this paragraph.

751.   The allegations in this paragraph are legal conclusions that do not require a response.  To the extent a response is required, NCAA responds that the language of the statute speaks for itself.  NCAA further states that it is not covered by Title IX.

752.   The allegations in this paragraph are legal conclusions that do not require a response.  To the extent a response is required, NCAA responds that the language of the statute speaks for itself.  NCAA further states that it is not covered by Title IX.

753.   The allegations in this paragraph are legal conclusions that do not require a response.  To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.  NCAA further states that it is not covered by Title IX.

754.   The allegations in this paragraph are legal conclusions that do not require a response.  To the extent a response is required, NCAA responds that the language of the regulations speaks for itself.  NCAA further states that it is not covered by Title IX.

755.   The allegations in this paragraph are legal conclusions that do not require a response.  To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.  NCAA further states that it is not covered by Title IX.

756.   The allegations in this paragraph are legal conclusions that do not require a response.  To the extent a response is required, NCAA responds that the language of the regulations speaks for itself.  NCAA further states that it is not covered by Title IX.

757.   The allegations in this paragraph are legal conclusions that do not require a response.  To the extent a response is required, NCAA denies the allegations in this paragraph.  NCAA further states that it is not covered by Title IX.

758.   The allegations in this paragraph are legal conclusions that do not require a response.  To the extent a response is required, NCAA responds that the language of the regulations speaks for itself.  NCAA further states that it is not covered by Title IX.

759.   The allegations in this paragraph are legal conclusions that do not require a response.  To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.  NCAA further states that it is not covered by

Title IX.

760.    The allegations in this paragraph are legal conclusions that do not require a response.  To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.  NCAA further states that it is not covered by Title IX.

761.    The allegations in this paragraph are legal conclusions that do not require a response.  To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.  NCAA further states that it is not covered by Title IX.

762.    The allegations in this paragraph are legal conclusions that do not require a response.  To the extent a response is required, NCAA responds that the language of the statute and regulations speaks for itself.  NCAA further states that it is not covered by Title IX.

763.    The allegations in this paragraph are legal conclusions that do not require a response.  To the extent a response is required, NCAA denies the allegations in this paragraph.  NCAA further states that it is not covered by Title IX.

764.    The allegations in this paragraph are legal conclusions that do not require a response.  To the extent a response is required, NCAA denies the

allegations in this paragraph. NCAA further states that it is not covered by Title IX.

765. A woman's loss of records, awards and/or placement in an athletic competition as a result of competing against a transgender individual constitutes a concrete, particularized and redressable injury under Title IX.

766. The allegations in this paragraph are legal conclusions that do not require a response. To the extent a response is required, NCAA denies the allegations in this paragraph. NCAA further states that it is not covered by Title IX.

767. The allegations in this paragraph are legal conclusions that do not require a response. To the extent a response is required, NCAA responds that the language of the statute and regulations speaks for itself. NCAA further states that it is not covered by Title IX.

768. The allegations in this paragraph are legal conclusions that do not require a response. To the extent a response is required, NCAA denies the allegations in this paragraph. NCAA further states that it is not covered by Title IX.

769. Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required. On that basis, NCAA denies the allegations in this paragraph.

770. Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required. On that basis, NCAA denies the allegations in this paragraph.

771.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

772.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

773.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed party and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

774.    The allegations in this paragraph are legal conclusions that do not require a response.    To the extent a response is required, NCAA denies the allegations in this paragraph.  NCAA further states that it is not covered by Title IX.

775.    The allegations in this paragraph are legal conclusions that do not require a response.    To the extent a response is required, NCAA denies the allegations in this paragraph.  NCAA further states that it is not covered by Title IX.

776.    The allegations in this paragraph are legal conclusions that do not require a response.    To the extent a response is required, NCAA denies the allegations in this paragraph.  NCAA further states that it is not covered by Title IX.

## COUNT II

## Title IX Violations in Relation to the 2022 NCAA Division I Women's Swimming and Diving Championships

### Against the NCAA and GTAA pursuant to 42 U.S.C. § 1983

777.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

778.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

779.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

780.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

781.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

782.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is

required.  On that basis, NCAA denies the allegations in this paragraph.

783.   Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

784.   Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

785.   Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

786.   Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

787.   Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

788.   Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

789.   Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136),

the allegations in this paragraph relate to a dismissed count and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

790.   Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

791.   Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

792.   Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

## COUNT III
### Fourteenth Amendment Equal Protection Violations in Relation to the 2022 NCAA Division I Women's Swimming and Diving Championships

**Against the NCAA, GTAA, John Does 1-25, President Cabrera in his individual capacity and the individual members of the Board of Regents and John Does 26-50 in their individual capacities**

793.   Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

794.   Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is

required.  On that basis, NCAA denies the allegations in this paragraph.

795.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

796.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

797.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

798.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

799.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

800.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

801.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136),

the allegations in this paragraph relate to a dismissed count and no response is required. On that basis, NCAA denies the allegations in this paragraph.

802. Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required. On that basis, NCAA denies the allegations in this paragraph.

803. Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required. On that basis, NCAA denies the allegations in this paragraph.

804. Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required. On that basis, NCAA denies the allegations in this paragraph.

805. Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required. On that basis, NCAA denies the allegations in this paragraph.

806. Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required. On that basis, NCAA denies the allegations in this paragraph.

807. Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required. On that basis, NCAA denies the allegations in this paragraph.

808.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

809.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

810.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

## COUNT IV

### Fourteenth Amendment Bodily Privacy Violations in Relation to the 2022 NCAA Division I Women's Swimming and Diving Championships

**Against the NCAA, GTAA, John Does 1-25, President Cabrera in his individual capacity, and the individual members of the Board of Regents and John Does 26-50 in their individual capacities**

811.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

812.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

813.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136),

the allegations in this paragraph relate to a dismissed count and no response is required. On that basis, NCAA denies the allegations in this paragraph.

814. Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required. On that basis, NCAA denies the allegations in this paragraph.

815. Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required. On that basis, NCAA denies the allegations in this paragraph.

816. Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required. On that basis, NCAA denies the allegations in this paragraph.

817. Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required. On that basis, NCAA denies the allegations in this paragraph.

818. Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required. On that basis, NCAA denies the allegations in this paragraph.

819. Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required. On that basis, NCAA denies the allegations in this paragraph.

820.   Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

821.   Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

822.   Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

823.   Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

824.   Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

825.   Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

826.   Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is

required.  On that basis, NCAA denies the allegations in this paragraph.

827.   Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

## COUNT V
## Title IX Violations in Relation to the Current NCAA Transgender Eligibility Policies

### Against the NCAA

828.   NCAA restates its answers to the foregoing paragraphs as if set forth fully herein.

829.   NCAA admits that Plaintiffs with remaining eligibility alleged this Count V.  NCAA denies that any Plaintiff is entitled to relief under Count V and states that the Court dismissed the Plaintiffs without current eligibility.  Except as expressly admitted, NCAA denies the allegations in this paragraph.  NCAA further states that it is not covered by Title IX.

830.   NCAA denies the allegations in this paragraph.

831.   The allegations in this paragraph are legal conclusions that do not require a response.  To the extent a response is required, NCAA responds that the language of the statute speaks for itself.  NCAA further states that it is not covered by Title IX.

832.   The allegations in this paragraph are legal conclusions that do not

require a response.  To the extent a response is required, NCAA responds that the language of the statute speaks for itself.  NCAA further states that it is not covered by Title IX.

833.   The allegations in this paragraph are legal conclusions that do not require a response.  To the extent a response is required, NCAA responds that the language of the regulations speaks for itself.  NCAA further states that it is not covered by Title IX.

834.   The allegations in this paragraph are legal conclusions that do not require a response.  To the extent a response is required, NCAA responds that the language of the regulations speaks for itself.  NCAA further states that it is not covered by Title IX.

835.   The allegations in this paragraph are legal conclusions that do not require a response.  To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.  NCAA further states that it is not covered by Title IX.

836.   The allegations in this paragraph are legal conclusions that do not require a response.  To the extent a response is required, NCAA lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis, denies those allegations.  NCAA further states that it is not covered by

Title IX.

837.   The allegations in this paragraph are legal conclusions that do not require a response.   To the extent a response is required, NCAA denies the allegations in this paragraph.  NCAA further states that it is not covered by Title IX.

838.   The allegations in this paragraph are legal conclusions that do not require a response.  To the extent a response is required, NCAA responds that the language of the regulations speaks for itself.  NCAA further states that it is not covered by Title IX.

839.   The allegations in this paragraph are legal conclusions that do not require a response.  To the extent a response is required, NCAA responds that the language of the statute and regulations speaks for itself.  NCAA further states that it is not covered by Title IX.

840.   The allegations in this paragraph are legal conclusions that do not require a response.  To the extent a response is required, NCAA responds that the language of the statute and regulations speaks for itself.   NCAA further states that it is not covered by Title IX.

841.   The allegations in this paragraph are legal conclusions that do not require a response.  To the extent a response is required, NCAA responds that the language of the statute and regulations speaks for itself.  NCAA further states that it is not covered by Title IX.

842. The allegations in this paragraph are legal conclusions that do not require a response. To the extent a response is required, NCAA responds that the language of the statute and regulations speaks for itself. NCAA further states that it is not covered by Title IX.

843. The allegations in this paragraph are legal conclusions that do not require a response. To the extent a response is required, NCAA denies the allegations in this paragraph. NCAA further states that it is not covered by Title IX.

844. The allegations in this paragraph are legal conclusions that do not require a response. To the extent a response is required, NCAA denies the allegations in this paragraph. NCAA further states that it is not covered by Title IX.

845. The allegations in this paragraph are legal conclusions that do not require a response. To the extent a response is required, NCAA denies the allegations in this paragraph. NCAA further states that it is not covered by Title IX.

846. The allegations in this paragraph are legal conclusions that do not require a response. To the extent a response is required, NCAA denies the allegations in this paragraph. NCAA further states that it is not covered by Title IX.

## COUNT VI
### Title IX and Equal Protection Violations in Relation to the Current NCAA Transgender Eligibility Policies

**Against GTAA and the Board of Regents under Title IX for Prospective Injunctive Relief Only**

**Against GTAA and Against President Cabrera and John Does 26-50 in their**

**official capacities under 42 U.S.C. § 1983 for Prospective Injunctive Relief Only**

847.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

848.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

849.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

850.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

851.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

852.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136), the allegations in this paragraph relate to a dismissed count and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

853.    Pursuant to the Order partially dismissing Plaintiffs' claims (Dkt. 136),

the allegations in this paragraph relate to a dismissed count and no response is required.  On that basis, NCAA denies the allegations in this paragraph.

## PRAYER FOR RELIEF

In response to Plaintiff's Prayer for Relief, NCAA denies that Plaintiffs or the putative class are entitled to any of the relief requested, including all subparts.

## AFFIRMATIVE DEFENSES

By way of further response, and without admitting or acknowledging that NCAA bears the burden of proof as to any of them, NCAA submits the following defenses.

To avoid waiver, NCAA further reserves its right to add to or withdraw or rely on any and all further defenses that become available or appear during any subsequent proceedings in this action and specifically reserves its right to amend this Answer for purposes of asserting additional defenses, and specifically anticipates making such amendments in response to any future amendments to the Second Amended Complaint.  NCAA further reserves the right to withdraw defenses that it determines are not applicable during the course of discovery and other proceedings in this action.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed, in whole or in part, to state a claim upon which relief can be granted against NCAA.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of some or all putative class members are barred, in whole or in part, on the ground that they lack standing to sue.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of some or all putative class members are barred, in whole or in part, by the applicable statute or statutes of limitations or repose.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of some or all putative class members are barred because any alleged injury suffered did not result or was not proximately caused by any act or omission or any wrongful conduct on the part of NCAA.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to pursue this action as a class action under Federal Rule of Civil Procedure 23 and the purported class allegations are insufficient as a matter of law. NCAA specifically reserves the right to challenge the sufficiency of Plaintiffs' purported class allegations, and the proposed class treatment of this action, at the appropriate stage of the action.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of some or all putative class members are barred, in whole or in part, by the absence of any legally cognizable damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of some or all putative class members may be barred, in whole or in part, by the doctrines of payment, compromise and/or settlement.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of some or all of the putative class members are moot.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of some or all of the putative class members may be barred, in whole or in part, because NCAA acted in good faith, with rational basis, and without any unlawful or wrongful intent whatsoever with respect to all of its decisions concerning Plaintiffs.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of some or all of the putative class members may be barred, in whole or in part, by the doctrines of accord and satisfaction, estoppel, laches, release, acquiescence, ratification, unclean hands, and/or waiver.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of some or all of the putative class members are barred, in whole or in part, because NCAA is not subject to liability

under Title IX because it is not a direct or indirect recipient of federal financial assistance.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of some or all of the putative class members are barred, in whole or in part, because NCAA is not subject to liability under Title IX because NCAA members have not ceded controlling authority to the NCAA.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of some or all of the putative class members are barred, in whole or in part, because NCAA had reasonable grounds to believe that its actions were not in violation of any law, rule, regulation, or guidelines as they existed at all times relevant to the allegations in the Second Amended Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of some or all of the putative class members are barred, in whole or in part, because Plaintiffs' alleged damages, if any, were the result of causes other than the acts or omissions of NCAA, including the intervening or superseding acts of third parties beyond the NCAA's control.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of some or all of the putative class members are barred, in whole or in part, because no act or omission on NCAA's part caused Plaintiffs' alleged, but denied, damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of some or all of the putative class members are barred, in whole or in part, because if any action was taken (which is specifically denied) by NCAA in violation of applicable law, such acts were not intentional or in bad faith.

## SEVENTHEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of some or all putative class members are barred or otherwise limited to the extent that Plaintiffs have failed to mitigate, minimize, or avoid the damages and losses alleged, if any.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of some or all putative class members are limited because NCAA acted in good faith, at all times, in its dealings with Plaintiffs and did not engage in willful, wanton, malicious, or reckless conduct so as to justify an award of punitive damages.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of some or all putative class members are barred, in whole or in part, due to Plaintiffs' failure to exhaust administrative remedies.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of some or all putative class members are barred or limited because Plaintiffs' requests for relief, including their requests for punitive damages and damages for pain and suffering, mental and emotional distress, suffering and anxiety, expenses, costs and other damages, are not available under Title IX.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' and/or some or all putative class members' request for punitive damages seeks relief that is not constitutionally permissible.

## PRAYER FOR RELIEF

WHEREFORE having fully answered Plaintiffs' allegations, NCAA specifically denies that Plaintiffs are entitled to any of the relief requested and hereby prays as follows:

a) That class certification be denied;

b) A judgment be entered in NCAA's favor and against Plaintiffs on all counts of the Second Amended Complaint, dismissing all claims of the Second Amended Complaint with prejudice;

c) That Plaintiffs be denied all relief sought in the Second Amended Complaint; and

d) That NCAA be awarded such other and further relief to which it is entitled by law, together with such other relief as the Court deems just and equitable under the circumstances, including reimbursement of all costs and attorneys' fees incurred in defending this matter.

## **<u>JURY DEMAND</u>**

NCAA hereby demands a jury trial for all claims found to be triable.

ALSTON & BIRD LLP

*/s/ Cari K. Dawson*
Cari K. Dawson
Georgia Bar No. 213490
cari.dawson@alston.com
Christopher C. Marquardt
Georgia Bar No. 471150
chris.marquardt@alston.com
John E. Stephenson
Georgia Bar No. 679825
john.stephenson@alston.com

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309

Phone: (404) 881-7000
Fax: (404) 881-7777

*Counsel for Defendant National Collegiate
Athletic Association*