# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RILEY GAINES, *et al.* )<br>)<br>  Plaintiffs, )<br>)<br>v.   )<br>)<br>NATIONAL COLLEGIATE )<br>ATHLETIC ASSOCIATION, *et al.* )<br>)<br>  Defendants. ) | Case No. 1:24-cv-01109-TRJ |

## PLAINTIFFS' MOTION TO CLARIFY ACCEPTABLE IN-PERSON DISCOVERY CONFERENCES FOR PURPOSES OF THIS CASE

Plaintiffs, by and through the undersigned counsel, seek clarification from the Court regarding In-Person Discovery Conferences for the purposes of this case:

1. The undersigned counsel filed this case on March 14, 2024, and the case was originally assigned to the Honorable Mark H. Cohen, U.S. District Judge.

2. This case was reassigned to the Honorable Tiffany R. Johnnson, U.S. District Judge on January 6, 2025.

3. On September 25, 2025, Judge Johnson entered her order requiring the NCAA to file an answer to Plaintiffs Title IX claims by October 9, 2025, and providing the parties "90 days, through and including **January 7, 2026** to conduct limited discovery on the sole issue of whether the NCAA is a federal funding recipient through its partnership with the Department of Defense." ECF 136 at 28.

4.	The Plaintiffs have propounded written discovery to the NCAA and non-parties and are awaiting responses to the same. The Plaintiffs have also noticed depositions between now and January 7, 2026, on the issue on which the Court has authorized discovery.

5.	Lead counsel for the Plaintiffs William Bock, Kevin Koons and Justin Olson of the law firm Kroger, Gardis & Regas, LLP (KGR) is located in Indianapolis, Indiana. Plaintiffs' local counsel, Bryan Tyson, Clark Hill PLC, is located at 3630 Peachtree Rd NE, Suite 700, Atlanta, GA 30326.

6.	The NCAA's counsel, Alston & Byrd LLP is located at One Atlantic Center, 1201 West Peachtree Street, Atlanta, GA 30309.

7.	Pursuant to the *Guidelines to Parties and Counsel in Civil Cases Proceeding Before the Honorable Tiffany R. Johnson* (the "*Guidelines*") Section I(vii) Discovery Disputes: "In the event a discovery dispute arises, the parties are required to meet and confer **in-person** in an effort to resolve the dispute. Counsel and/or *pro se* parties are required to confer in good faith before bringing a discovery dispute to the Court. *See* FED. R. CIV. P. 26(c) and 37(a)(1); Local Rule 37.1A. **The duty to confer is NOT satisfied by sending a written communication or conducting a telephone conference, UNLESS repeated attempts to confer in-person are unsuccessful due to the conduct of the opposing party.**"

8. The parties have to date conferred via videoconference on several matters related to the discovery being undertaken and have, for instance, reached agreement on the service of written discovery and notices between the parties via email.

9. While there is not currently a discovery dispute which has sufficiently crystallized to bring to the Court's attention, counsel for both parties recognize the possibility of such a dispute or disputes occurring.

10. Therefore, counsel for Plaintiffs wish to seek clarification regarding an acceptable process under the Court's *Guidelines* for in-person conferral by counsel in advance of bringing any discovery dispute to the attention of the Court.

11. Given Plaintiffs' lead counsel is in Indianapolis, Indiana, and the NCAA's counsel is in Atlanta, it would be logistically difficult and costly for the parties to confer about discovery matters by requiring counsel to be physically present in Indianapolis or Atlanta.

12. Counsel for the NCAA has offered their perspective that a means of compliance with the Court's requirement of "in-person" conferences would be for Plaintiffs' local counsel, Bryan Tyson, to attend discovery conferences in person with the NCAA's counsel in Atlanta while having Plaintiffs' lead counsel participate in such discovery conferences via video conference.

13. However, such a process would create additional burden and expense for Plaintiffs because due to the nature of the issue on which limited discovery is permitted and given the narrow window for such discovery Mr. Tyson has not been participating in the drafting of discovery requests or the preparation for depositions and is not actively involved in the issues related to such limited discovery. Therefore, Mr. Tyson's required physical participation in such conferences would create additional expense for Plaintiffs and would likely create scheduling issues and potential for delay, particularly as the limited 90-day discovery period includes the Thanksgiving, winter holiday, and New Year's holiday periods.

14. Therefore, Plaintiffs are hopeful that an acceptable means of complying with the Court's "in-person" conferral requirement includes solely video conferencing.

15. Lead counsel for Plaintiffs and Defendants have a more than 19-month track record of working together in good faith to address and resolve case related matters via video conferencing, which began under Judge Cohen who does not have a guideline regarding in-person meetings.

16. The *Guidelines to Parties and Counsel in Civil Cases Proceeding Before the Honorable Tiffany R. Johnson* Section I(vii) Discovery Disputes states that the "duty to confer is NOT satisfied by written communication or telephone conference" but makes no mention of video conferencing.

17.     Video conferencing, unlike telephone conferences, permit the parties to see facial expressions and meet in a professional manner.

18.     Due to the short time frame for discovery on the federal financial assistance issue in this case, the parties' prior track record of successful and collegial meeting between counsel conducted via video conferencing, and in furtherance of efficiency and reducing expenses, Plaintiffs suggest that in this case video conferencing can appropriately be the preferred means of meet and confer meetings of counsel between the parties.

19.     The parties have conferred, and the NCAA does not consent to this motion. The NCAA disagrees with the Plaintiffs' view that if physical meetings are required it is logical for half of those meetings to occur in Indianapolis where Plaintiffs' counsel and the NCAA's headquarters are both located, rather than for all meetings to occur in Atlanta.

20.     Plaintiffs believe that video conferencing complies with the letter and spirit of the Court's "in-person" meeting requirement but consider it prudent to confirm this interpretation of the Court's Guidelines before acting upon it.

WHEREFORE, Plaintiffs, by and through the undersigned counsel, request that this honorable Court grant this Motion to Clarify Acceptable In-Person Discovery Conferences for Purposes of this Case to include permitting the parties to

address the requirement of counsel to meet and confer regarding in-person discovery disputes through use of video conferencing.

Dated: November 11, 2025              Respectfully submitted,

/s/ William Bock III
William Bock III, Atty. No. 14777-49[1]
Kevin D. Koons, Atty. No. 27915-49[2]
Justin R. Olson, Atty. No. 31450-49[3]
Kroger Gardis & Regas, LLP
111 Monument Circle, Suite 900
Indianapolis, IN 46204
Tel: (317) 692-9000
Fax: (317) 264-6832
E-mail:   wbock@kgrlaw.com
Email:   kkoons@kgrlaw.com
E-mail:     jolson@kgrlaw.com

/s/ Bryan P. Tyson
Bryan P. Tyson, Ga. Bar No. 515411
Clark Hill
800 Battery Ave SE., Suite 100
Atlanta, GA 30339
Tel: (678) 370-4377
Fax: (678) 370-4358
Email: btyson@clarkhill.com

ATTORNEYS FOR PLAINTIFFS

---

[1] *Pro hac vice*
[2] *Pro hac vice*
[3] *Pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2025, I electronically filed *Plaintiffs' Motion to Clarify Acceptable In-Person Discovery Conferences for Purposes of this Case* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Christopher C. Marquardt
Cari K. Dawson
John E. Stephenson
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309
chris.marquardt@alston.com
cari.dawson@alston.com
john.stephenson@alston.com

Scott D. Schneider
SCHNEIDER EDUCATION AND EMPLOYMENT LAW PLLC
4301 W. William Cannon Drive
Suite B-150, PMB 105
Austin, TX 78749
scott@eduemplaw.com

Josh B. Belinfante
Vincent R. Russo
Edward A. Bedard
Anna E. Edmondson
Javier I. Pico Prats
ROBBINS ALLOY BELINFANTE LITTLEFIELD, LLC
500 14th Street NW
Atlanta, GA 30318
jbelinfante@robbinsfirm.com
vrusso@robbinsfirm.com
ebedard@robbinsfirm.com
aedmondson@robbinsfirm.com
jpicoprats@robbinsfirm.com

/s/ William Bock III
William Bock III, Atty. No. 14777-49[4]
Kroger Gardis & Regas, LLP
111 Monument Circle, Suite 900
Indianapolis, IN 46204
Tel: (317) 692-9000
Fax: (317) 264-6832
E-mail: wbock@kgrlaw.com

/s/ Bryan P. Tyson
Bryan P. Tyson, Ga. Bar No. 515411
Clark Hill
800 Battery Ave SE., Suite 100
Atlanta, GA 30339
Tel: (678) 370-4377
Fax: (678) 370-4358
Email: btyson@clarkhill.com

---

[4] Pro Hac Vice.

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, counsel certifies that the foregoing was prepared in Times New Roman, 14-point font, in compliance with Local Rule 5.1C.

*/s/ William Bock III*
William Bock III

*ATTORNEYS FOR PLAINTIFFS*