IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RILEY GAINES, *et al.*, | |
| Plaintiffs, | |
| v. | CIVIL ACTION NO. 1:24-cv-01109-TRJ |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, *et al.*, | |
| Defendants. | |

## STIPULATED PROTECTIVE ORDER FOR LIMITED DISCOVERY PERIOD

### I. INTRODUCTION

Presently before the Court is the parties' Motion for Entry of Stipulated Protective Order. For good cause shown, the Court **GRANTS** the parties' Motion. Accordingly, the Court hereby enters the following Order to govern discovery and the exchanges of documents, electronic data, things, information, testimony, and/or other evidence that the parties may consider to be protected material:[1]

### II. SCOPE OF PROTECTED MATERIAL

In the course of limited discovery in this Action (*Riley Gaines, et al. v. NCAA*, Case No. 1:24-cv-01109-TRJ, pending in U.S. District Court for the Northern District

---

[1] This Order is in addition to and does not supersede the Court's Protective Order regarding Pseudonym Plaintiffs (Doc. 84), as modified by the order terminating the Pseudonym Plaintiff Protective Order as to Track Athlete A (Caroline Hill) (Doc. 129). In the interest of efficiency during this Court-ordered 90-day limited discovery period, the parties have reached agreement on this Stipulated Protective Order for the purpose of this limited discovery period. The parties may seek additional protective orders if needed to address any future discovery outside of this limited discovery period, which may raise other types of material for which protection is needed.

of Georgia), the parties may be required to produce information that constitutes, in whole or in part, Protected Material, such as trade secrets, non-public strategic, commercial or financial information, or other information the disclosure of which may cause harm to the producing party or a non-party. The parties anticipate production of the following categories of Protected Material:

A.   "CONFIDENTIAL" Information:

1.   information protected from disclosure by statute;

2.   information that reveals trade secrets;

3.   research, technical, commercial or financial information that the party has maintained as confidential, including but not limited to, information covered by an NIH-issued Certificate of Confidentiality ("CoC") pertaining to identifiable, sensitive information of research participants, the social security number, driver's license number, email address, home address, or telephone number of any person;

4.   medical information or health information protected from disclosure by applicable federal and/or state law(s), including but not limited to the Health Insurance Portability and Accountability Act ("HIPAA") of 1996, 45 C.F.R. § 164.501 ("protected health information"); 45 C.F.R., § 160.103 ("individually identifiable health information"), privacy/ consumer health data laws;

5.      personnel or employment records of a person;

6.      information the disclosure of which would breach a legal or contractual obligation;

7.      documents, testimony or information that contains education records as defined by Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, and any regulations passed pursuant to that Act by the Department of Education or any other federal agency ("FERPA Records") of any student who has not consented to the disclosure of such records; or

8.      other non-public, extremely sensitive confidential information, disclosure of which to another party or non-party the Designating Party believes in good faith that if disclosed would create a substantial risk of serious financial, reputational, or other harm, or a serious violation of a privacy interest that could not be avoided by less restrictive means.

## III.   DESIGNATION OF PROTECTED MATERIAL

A.      <u>Scope</u>: This Order governs the production and handling of any Protected Materials in this action. Any party who produces information in this Action may designate it as "CONFIDENTIAL" consistent with the terms of this Order. "Protected Material" means any information that is designated as "CONFIDENTIAL". "Designating Party" means the party or non-party who so designates the Protected Material; "Receiving Party" means the party or non-party to whom such information

3

was produced or disclosed. Any party may move to modify or seek other relief from any of the terms of this Order if it has first tried in writing and in good faith to resolve its needs or disputes with the other party(ies) pursuant to the terms of this Order, and Fed. R. Civ. P. 26 and 37.

      B.    <u>Non-Parties Subject to Discovery/Trial Subpoena</u>: A non-party subject to a discovery or trial subpoena issued by a party in this case shall have the right to designate information subject to discovery as "CONFIDENTIAL" as provided by this Order. If such non-party elects to make such designations and places the appropriate legends as provided by this Order, any information so designated shall be subject to the same restrictions and challenge procedures as information designated by a party to this action. Nothing in this provision should be construed as prohibiting a non-party from seeking additional protections. Further, if a party's information is disclosed by a non-party, then the party shall have thirty (30) days after disclosure by the non-party to designate such information as "CONFIDENTIAL" in accordance with this Order. Protected Materials shall not be disclosed to any non-parties except: (i) as permitted under Section V(C); or (ii) as agreed to by the Designating Party in writing or ordered by the Court.

      C.    <u>Timing and Provisional Protection</u>: Designations may be made at any time. To avoid potential waiver of protection hereunder, the Designating Party should designate information at the time of production or disclosure, including on the record during the taking of any testimony. Deposition testimony will be deemed provisionally protected for a period of thirty (30) days after the transcript is released

to the parties by the court reporter, although the parties may agree at any time to different timelines of provisional protection of information as "CONFIDENTIAL" as part of one or more specific depositions. To retain any designations beyond the provisional period, a Designating Party must designate specific pages and lines of deposition testimony before the provisional period has expired. Such designations must be made in writing so that all counsel and court reporters may append the designation to all copies of the transcripts.

        D.    <u>Manner of Designation</u>: Information must be designated in writing in a reasonable manner or method that notifies the Receiving Party of the designation level and identifies with specificity the information to which the designation applies. Whenever possible, the Designating Party should stamp, affix, or embed a legend of "CONFIDENTIAL" on each designated page of the document or electronic image that contains CONFIDENTIAL Information.

## IV.    CHALLENGES TO DESIGNATED INFORMATION

        In the event that a Receiving Party disagrees at any time with any designation(s) made by the Designating Party, the Receiving Party must first try to resolve such challenge in good faith on an informal basis with the Designating Party pursuant to Fed. R. Civ. P. 37. The Receiving Party must provide written notice of the challenge and the grounds therefor to the Designating Party, who must respond in writing to the challenge within 7 days. At all times, the Designating Party carries the burden of establishing the propriety of the designation and protection level. Unless and until the challenge is resolved by the parties or ruled upon by the Court,

the Protected Material will remain protected under this Order and shall remain "CONFIDENTIAL" as designated. The failure of any Receiving Party to challenge a designation does not constitute a concession that the designation is proper or an admission that the designated information is otherwise competent, relevant, or material.

## V.    LIMITED ACCESS/USE OF PROTECTED INFORMATION

A.    <u>Use</u>: Protected Material may be used solely by the Receiving Party for prosecuting, defending, appealing, or attempting to settle this Action and for no other purpose.[2]  No Protected Material may be disclosed to any person except in accordance with the terms of this Order. All persons in possession of Protected Material agree to exercise reasonable care with regard to the custody, use, or storage of such information to ensure that its confidentiality is maintained. This obligation includes, but is not limited to, the Receiving Party providing to the Designating Party prompt notice of the receipt of any subpoena that seeks production or disclosure of any Protected Material and consulting with the Designating Party before responding to the subpoena. Any use or disclosure of Protected Material in violation of the terms of this Order may subject the disclosing person or party to sanctions.

B.    <u>Restricted Use</u>: Apart from prosecuting, defending, or attempting to settle this Action, a Receiving Party may not use Protected Material that is disclosed

---

[2] By entering into this Protective Order, Plaintiffs do not intend to waive any right to seek relief from this Protective Order for purposes of seeking the production of any document produced in this Action in any related actions, including but not limited to *Estabrook, et al. v. The Ivy League Council of Presidents, et al.*, Civ. Action No. 1:25-cv-10281-WGY.

or produced by another party or by a non-party in connection with this Action for any other purpose, including, without limitation, for any business, governmental, commercial, administrative, or judicial proceedings. However, the foregoing shall not apply to Protected Material that is or becomes part of the public record, provided such prior disclosure or public availability is not the result of wrongful or improper conduct, or in violation of a duty not to disclose.

      C.    <u>Access to "Confidential" Information</u>: The parties and all persons subject to this Order agree that information designated as "CONFIDENTIAL" may only be accessed or reviewed by the following:

1.     The Court, its personnel, and court reporters;

2.     Court reporters, transcriptionists, and videographers retained by a party that have signed the acknowledgement to be bound to these terms that is attached hereto as Exhibit A;

3.     Outside Counsel for the parties in this action, and their employees and agents, who are informed of the duties hereunder;

4.     In-House Counsel for the parties in this Action, and their employees who assist in-house counsel, to whom disclosure is reasonably necessary for this Action, who are informed of the duties hereunder and sign the acknowledgement to be bound to these terms that is attached hereto as Exhibit A;

5.     Employees of the Receiving Party to whom disclosure is reasonably necessary for this Action, and, if the Receiving Party

is an individual, the Receiving Party so long as each such employee or party has signed the acknowledgment to be bound to these terms that is attached hereto as Exhibit A;

6. Experts or consultants of the parties or their counsel for purposes of this action, as well as mock jurors, so long as each such expert, consultant, and mock juror has signed the acknowledgment to be bound to these terms that is attached hereto as Exhibit A;

7. Mediators that the parties engage in this action or that the court appoints, including supporting personnel, so long as such mediator or supporting staff has signed the acknowledgment to be bound to these terms that is attached hereto as Exhibit A;

8. Witnesses in the action to whom disclosure is reasonably necessary, so long as such witnesses sign the acknowledgment to be bound to these terms that is attached hereto as Exhibit A;

9. Other persons with the Designating Party's consent or by Court order; and

10. Entities who provide insurance coverage to Parties to this case, so long as any personnel employed by the insurance entity who is to be granted access to the information has signed the acknowledgment to be bound to these terms that is attached hereto as Exhibit A.

D.    <u>Review of Witness Acknowledgments:</u> At any time and for any purpose, including to monitor compliance with the terms hereof, any Designating Party may demand to review all copies of Exhibit A in any Receiving Party's possession. The Receiving Party must, within three (3) business days of the demand, provide all such copies to the Designating Party making the demand. Notwithstanding the foregoing, if the Receiving Party has retained an expert or consultant whose identity has not yet been disclosed to the Designating Party, the Receiving Party may generically identify how many acknowledgments that it has in its possession attributable to non-disclosed experts or consultants, whose acknowledgements must later be provided contemporaneously with any reports issued by one or more of said experts or consultants. If a Receiving Party is not required to disclose the identity of any consulting experts, it may not be compelled to produce any acknowledgments from those experts to the Designating Party. However, if the Designating Party provides to the Court evidence of breach of this Order via unauthorized leak of designated information, the Court may require an *in camera* production of all acknowledgments held by a Receiving Party in order to determine breach and consider enforcement of this Order.

E.    <u>Non-Waiver Effect of Designations</u>: Neither the taking of, nor the failure to take, any action to enforce the provisions of this Order, nor the failure to object to any designation, will constitute a waiver of any party's claim or defense in this Action or any other action or proceeding, including but not limited to a claim or defense that

any designated information is or is not confidential, is or is not entitled to particular protection, or embodies or does not embody information protectable by law.

      F.    <u>In-Court Use of Designated Information</u>: Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

      G.    Nothing in this Order shall be construed as a waiver by a party of any objections that may be raised as to the admissibility at trial of any evidentiary materials.

## VI. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

      A.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons sign the acknowledgment to be bound to these terms that is attached hereto as Exhibit A.

## VII. CLAW-BACK REQUESTS

      A.    <u>Failure to Make Designation</u>: In the event that a party inadvertently produces a document without a confidentiality designation as permitted by this Order, the Producing Party shall, within five (5) business days of the discovery of the disclosure, notify the other party in writing and provide a replacement production of

the document. The party receiving such notice and substitute production shall within five (5) business days certify destruction of the improperly designated document, including all copies thereof, or, if it was practicably unable to mark or destroy any information because disclosures occurred while the Receiving Party was under no duty of confidentiality under the terms of this Order regarding that information, the Receiving Party must reasonably provide as much information as practicable to aid the Designating Party in protecting the information, consistently with the Receiving Party's attorney-client, work-product, and/or trial-preparation privileges.

B. <u>Inadvertent Production of Privileged Information</u>: The inadvertent or mistaken disclosure of privileged materials in this Action is not a waiver of the attorney-client privilege, work product doctrine or any other asserted privilege in any other federal or state proceeding, pursuant to Federal Rule of Evidence 502(d). In the event of inadvertent disclosure of privileged material, the Producing Party shall, within five (5) business days of the discovery of the inadvertent disclosure, notify the other party in writing.

## VIII. DURATION/CONTINUED RESTRICTIONS

A. <u>Handling of Designated Information Upon Conclusion of Action</u>: Upon conclusion of this Action, including all appeals, the Designating Party(ies) is/are responsible for ensuring that any party or person to whom the party shared or disclosed Protected Material in this Action returns or destroys all of its copies, regardless of the medium in which it was stored. Within sixty (60) days after the later of dismissal of this Action or expiration of all deadlines for appeal, the Receiving

Party(ies) must certify to each Designating Party that all Protected Material hereunder has been destroyed by all parties and witnesses for whom that party is responsible. No witness or party may retain Protected Material that it received from any other party or non-party under this Order; only counsel of record are the authorized agents who may retain one copy for their respective legal files, in such a manner as to ensure the designated information is not accessed, used, or disclosed inconsistently with the obligations under this Order. This provision does not apply to the Court or Court staff.

B.    <u>Continued Restrictions Under this Order</u>: The restrictions on disclosure and use of Protected Material survive the conclusion of this Action. The confidentiality obligations as to FERPA Records shall remain in effect until the subject individual(s) provides written consent to disclosure of these records.

IX.    FILING PROTECTED MATERIAL

A.    Any documents (including briefs), tangible things, or information designated as "CONFIDENTIAL" that are submitted to the Court in support of, or in opposition to, a motion or introduced at a hearing or during trial may retain their protected confidential status only by compliance with the Court's Procedures for Electronic Filing Under Seal in Civil Cases.

B.    If a party believes it is necessary to file documents containing or describing all or a portion of the content of any Protected Material designated under any of confidentiality designations defined herein, the party seeking to file the documents shall first consult with the Designating Party to determine if some

12

measure less restrictive than filing the document under seal may serve to provide adequate protection. Documents filed under seal shall be clearly marked with the words "FILED UNDER SEAL" in addition to the appropriate designation defined above and shall be disclosed and used solely in accordance with the terms and conditions of this Order.

C.    When a party anticipates that it may be necessary to use Protected Materials designated under either of the confidentiality designations defined herein at trial or in any hearing before the Court, such party shall notify the other party as soon as reasonably possible so the parties can cooperate to request appropriate confidentiality safeguards from the Court.

## IX.    MODIFICATION

This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

SO ORDERED, this 3rd day of December, 2025.

_____
TIFFANY R. JOHNSON
United States District Judge

13

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RILEY GAINES, *et al.*,

     Plaintiffs,

        v.

NATIONAL COLLEGIATE ATHLETIC
ASSOCIATION, *et al.*,

     Defendants.

CIVIL ACTION NO.
1:24-cv-01109-TRJ

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____ [print or type full name] declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order issued by the United States District Court for the Northern District of Georgia on _____ [date] in the case of *Riley Gaines, et. al. v. National Collegiate Athletic Assn., et. al.,* 1:24-cv-01109-TRJ. I agree to comply with, and to be bound by, all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I also understand that the failure to comply with this Order can result in civil liability, sanctions, an adverse inference or other penalties being imposed upon me.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of Georgia for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

[signature]